**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>CABOT OIL & GAS CORPORATION, et al.,<br><br>       Defendants. | Civil Action 4:21-cv-02045<br><br>Chief District Judge Lee H. Rosenthal<br><br><u>CLASS ACTION</u> |
| IN RE CABOT OIL & GAS CORPORATION DERIVATIVE LITIGATION | Civil Action 4:21-cv-02046<br><br>Chief District Judge Lee H. Rosenthal |

## <u>SECURITIES ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' AMENDED REQUEST REGARDING TREATMENT OF CONFIDENTIAL DOCUMENTS AT HEARING</u>

Securities action Lead Plaintiff Delaware County Employees Retirement System and additional plaintiff Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan (collectively, "Plaintiffs"), respectfully submit this Opposition to Defendants' Amended Request Regarding Treatment of Confidential Documents at Hearing.

On November 29, 2021, the Court will hear oral argument on motions to dismiss filed by the defendants in the two separate, but related, above-captioned actions involving Cabot Oil & Gas Corporation ("Cabot")—Plaintiffs' securities class action, *Delaware County Employees Retirement System v. Cabot Oil & Gas Corp., et al.*, No. 4:21-cv-02045 (S.D. Tex.) (the "Securities Action")—and a subsequently-filed (and consolidated) shareholder derivative action, *In re Cabot*

1

*Oil & Gas Corp. Derivative Litigation*, No. 4:21-cv-02046 (S.D. Tex.) (the "Derivative Action").

Late last week, Defendants[1] filed a summary request in the Derivative Action seeking to seal the courtroom (and exclude the Securities Action Plaintiffs) for any part of the argument where documents produced by Cabot to the Derivative Action plaintiffs are discussed.  Defendants' request lacks merit and should be denied.

The burden on a party to show cause for the sealing of a hearing is heavy, and the presumption of public access to court proceedings is strong.  *United States v. Holy Land Found. for Relief & Dev.,* 624 F.3d 685, 690 (5th Cir. 2010).  The burden is even heavier when, as here, dispositive motions are at issue.  In such instances, the movant must make a compelling showing of particularized need for the relief requested.  Defendants have not met this heavy burden.

Their three-paragraph request barely engages with the relevant considerations, and the sparse justifications for sealing they do provide are specious.  Defendants, in fact, do not claim that they will actually be harmed or prejudiced in any way should books and records documents be discussed in the presence of Plaintiffs or the public more generally.  Nor do Defendants cite any authority where courts have sealed courtrooms in similar circumstances.  Accordingly, the important reasons courts have stated for safeguarding public access to judicial proceedings control, not Defendants' threadbare and purely strategic attempt to selectively exclude Plaintiffs' counsel from the hearing.

Defendants' request is also deficient because they failed to meet and confer or otherwise raise the requested relief with Plaintiffs prior to filing the request, even though the request specifically argues that Plaintiffs should be excluded from the relevant portions of the hearing.

---

[1] The motion was only filed on the Derivative action docket.  Defendants' counsel is the same in the Securities Action and the Derivative Action.  While the motion does not define "Defendants," references herein to "Defendants" are to the Defendants that filed the motion.

For the reasons set forth below, the hearing should not be sealed.

## I.     NATURE AND STAGE OF THE PROCEEDINGS

On April 12, 2021, Plaintiffs filed the Consolidated Complaint for Violations of the Federal Securities Laws.  Securities Action, ECF No. 47.

On June 11, 2021, defendants Cabot Oil, Dan O. Dinges, Scott C. Schroeder, and Phil L. Stalnaker moved to dismiss the Securities Action.  *Id*., ECF No. 63.  On August 10, 2021, Plaintiffs filed their opposition to defendants' motion to dismiss.  *Id*., ECF No. 90.  Defendants filed their reply brief on September 6, 2021.  *Id*., ECF No. 93.

Multiple shareholder derivative actions were filed and then eventually consolidated in this Court under the Derivative Action.  The motion to dismiss the Derivative Action is also fully briefed.  The Court has deemed that the Securities Action and the Derivative Action are related cases because both actions concern similar facts.

A video hearing is scheduled before this Court for November 29, 2021 to cover the motions to dismiss in both the Securities Action and Derivative Actions.  According to the notice from the Court, both motions to dismiss hearings are scheduled to commence at 10:00 a.m.  On November 19, 2021, Defendants filed their Request Regarding Treatment of Confidential Documents at Hearing on the Derivative Action docket.  Derivative Action, ECF No. 73.  On November 22, 2021, the motion was amended on the Derivative Docket to reflect Plaintiffs' intention to file this Opposition.  *Id*., ECF No. 74 (the "Motion").  Plaintiffs oppose Defendant's instant Motion.

## II.    ARGUMENT

### A.     Strong Presumption Favors Open Access To Federal Court Proceedings

The Fifth Circuit has recognized that there is "a strong presumption in favor of a common law right of public access to court proceedings." *Bianco v. Globus Med., Inc.*, 2014 WL 3422000, at *1 (E.D. Tex. July 14, 2014) ("[S]ealing judicial records, including the transcript of a trial or

portions of the trial transcript, is contrary to the principle that judicial proceedings in this country are to be conducted in public."); *see also Holy Land Found. for Relief & Dev.*, 624 F.3d at 690.[2] A party seeking to seal judicial records "bears a heavy burden of showing that a sealing order is necessary to protect important countervailing values." *Bianco*, 2014 WL 3422000 at *1. This rule is especially strong when requests for dispositive relief are at stake. *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 2017 WL 434207, at *2 (E.D. Tex. Feb. 1, 2017) ("Where the materials relate to dispositive issues in the case, the interest in disclosure is at its greatest…It is in that setting that the burden on the party seeking to bar disclosure is the heaviest, and moving party is accordingly required to make a compelling showing of particularized need to prevent disclosure."). The decision whether to allow public access is within the sound discretion of the trial court, which determines such requests by "weighing the interests advanced by the parties in light of the public interest and the duty of the courts." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978); *see also Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987) ("The district court's discretion to seal the record of judicial proceedings is to be exercised charily.").

     **B.**    **Defendants Have Not Met Their Burden To Make A Compelling Showing Of A Need To Seal The Hearing On Their Case Dispositive Motions**

Defendants fail to bear this heavy burden. Defendants make two conclusory claims in support of their request, neither of which overcome the presumption against sealing judicial records and restricting public access to the courts.

*First*, Defendants incorrectly claim that "[l]imiting attendance for portions of the hearing where confidential documents are discussed would be consistent with the Private Securities

---

[2] Unless otherwise noted, internal quotation marks and citations are omitted and emphasis is added.

Litigation Reform Act discovery stay." Mot. at 1.  The primary purpose of the Private Securities Litigation Reform Act of 1995 (the "PSLRA")'s discovery stay is for protecting defendants from the burdens of discovery during the pendency of a motion to dismiss. *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003) ("The rationale underlying the stay was to prevent costly extensive discovery and disruption of normal business activities until a court could determine whether a filed suit had merit, by ruling on the defendant's motion to dismiss.").  The PSLRA is not meant to shield relevant information that has already been collected and produced from being discussed publicly during a court hearing on a dispositive motion.  *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) ("The defendant's desire to prevent the use of this trial record in other proceedings is simply not an adequate justification for its sealing."); *see also In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763, at *5 (S.D. Ohio June 14, 2021) (The PSLRA discovery stay was "not designed to keep secret from counsel in securities cases documents that have already become available for review by means other than discovery in the securities case.").  Limiting Plaintiffs' attendance at the hearing in the manner Defendants request is therefore inconsistent with the PSLRA's discovery stay.

Indeed, numerous courts have found the PSLRA discovery stay to be obviated after third parties or government investigators have received documents that the stay would otherwise implicate.  For example, when securities plaintiffs do not receive documents that other parties or government investigators have received, courts have found undue prejudice to the securities plaintiffs, and lifted the stay, because "plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape." *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009); *see also In re Metro. Sec. Litig.*, 2005 WL 940898, at *3 (E.D. Wash. Mar. 31, 2005)

("Plaintiffs may well be unfairly disadvantaged if they do not have access to documents the governmental agencies and other civil claimants possess."); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (finding that plaintiffs were prejudiced by not having "access to documents that currently form the core of [the derivative] proceedings").[3]

*Second*, Defendants claim that the request "would give effect to the derivative parties' confidentiality agreements." Mot. at 2. But as discussed above, material discussed during hearings—particularly dispositive motion hearings—is presumptively available to the public, and confidentiality agreements cannot overcome this presumption. *See BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019) ("It is the *public* that has the right of access, so private litigants should not be able to contract that right away. . . . That is why it is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access.") (emphasis in original). "Most litigants have no incentive to protect the public's right of access." *Id.* at 211. Therefore, when one party wants confidentiality, "the other may be able to extract a concession by agreeing to a sealing request." *Id.* at 211-12. This is evident in shareholder derivative actions where plaintiffs would face prolonged litigation to gain access to a company's books and records if they refused to sign a confidentiality agreement. Thus, the mere existence of confidentiality agreements does not come close to the compelling showing of particularized need necessary to overcome the presumption.

Defendants' proposed remedy of shutting out Plaintiffs during portions of the hearing is moreover both extreme and entirely unwarranted. *See BP Expl. & Prod.*, 920 F.3d at 211 ("Sealing

---

[3] This is especially true where, as here, a securities case plaintiff "would essentially be the only major interested party in the criminal and civil proceedings against [the company] without access to documents that currently form the core of those proceedings." *FirstEnergy*, 2021 WL 2414763, at *6 (alteration in original).

6

a record undermines that interest, but shutting the courthouse door poses an even greater threat to public confidence in the justice system."). For example, sealing the transcript of the hearing or requiring Plaintiffs to enter into a confidentiality agreement, neither of which Defendants have requested, would equally address Defendants' concern.

Defendants have failed to meet the heavy burden required for sealing the courtroom and do not assert any particularized harm or prejudice they would suffer by Plaintiffs' and the public's full participation in the hearing. Plaintiffs, conversely, will be prejudiced if their attendance is limited while other civil litigants in the related cases are able to fully participate. The Derivative Action and the Securities Action are related, and the entire hearing on both matters is pertinent to Plaintiffs' Securities Action.[4] Defendants have simply not shown, as is their burden, that a sealing order is necessary, especially during a dispositive motion hearing.

In support of their Motion, Defendants also cite to a handful of cases, none of which support excluding Plaintiffs, or the public, from the hearing. The only case Defendants provide for the proposition that the PSLRA discovery stay is consistent with the requested remedy is an inapposite Ninth Circuit decision. In *SG Cowen Securities Corp. v. United States District Court for the Northern District of California*, 189 F.3d 909 (9th Cir. 1999), the plaintiffs were attempting to lift the discovery stay to issue interrogatories on the defendants and subpoena documents in order to uncover facts to supplement their complaint and thus satisfy the PSLRA pleading requirements. The situation here is not factually analogous and the Ninth Circuit's reasoning does not guide or bind the Court's determination about whether to seal the upcoming hearing.

---

[4]   All parties in the Securities Action and the Derivative Action, and also the Court, will be burdened by the logistical difficulties and issues with presenting argument while accommodating the Motion's request to limit attendance to litigants and counsel in the Derivative Action during portions of the hearing in which sealed books and records are discussed.

Defendants then reference three cases to support their contention that limiting attendance would give effect to the confidentiality agreements.  These cases do little more than provide support for the unremarkable—and irrelevant—proposition that a court, in its discretion, can seal certain documents that are subject to confidentiality agreements.  No one disputes this Court's power to manage its cases and courtroom, and these cases do not provide the necessary support for Defendants' requested remedy here.

Finally, Defendants reference a United States District Court for the Northern District of California opinion that addresses certain safeguards related to the receipt of books and records. *Klein v. Ellison*, No. 20-cv-04439-JSC (N.D. Cal.).  But that case, unlike here, involved a plaintiff asserting both derivative and federal securities law claims that attempted to circumvent the PSLRA discovery stay by seeking shareholder books and records to support amending their complaint for securities law claims.  The facts of that case are thus inapposite to the Securities Action.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

Dated: November 23, 2021                              Respectfully submitted,

                                                                    **KENDALL LAW GROUP, PLLC**

                                                                    *s/ Joe Kendall*
                                                                    Joe Kendall, Attorney-in-Charge
                                                                    Texas Bar No. 11260700
                                                                    Southern District Bar No. 30973
                                                                    3811 Turtle Creek Blvd., Suite 1450
                                                                    Dallas, TX 75219
                                                                    Telephone: 214-744-3000
                                                                    Facsimile: 214-744-3015
                                                                    jkendall@kendalllawgroup.com

                                                                    *Local Counsel for Securities Action Plaintiffs*

                                                                    **ROBBINS GELLER RUDMAN
                                                                    & DOWD LLP**
                                                                    Darryl J. Alvarado

8

Kevin A. Lavelle
Francisco J. Mejia
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com
klavelle@rgrdlaw.com
fmejia@rgrdlaw.com

*Lead Counsel for Securities Action Lead*
*Plaintiff and the Securities Action Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Andrew L. Zivitz
Joshua E. D'Ancona
Alex B. Heller
Helen J. Bass
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056
azivitz@ktmc.com
jdancona@ktmc.com
aheller@ktmc.com
hbass@ktmc.com

*Additional Counsel for the Securities Action*
*Class and Counsel for Securities Action*
*Additional Plaintiff Iron Workers District*
*Council (Philadelphia and Vicinity)*
*Retirement and Pension Plan*

## CERTIFICATE OF SERVICE

I certify that on November 23, 2021, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: November 23, 2021          *s/ Joe Kendall*

Joe Kendall