**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE CABOT OIL & GAS CORPORATION DERIVATIVE LITIGATION | Case No: 4:21-cv-02046 |

**DEFENDANTS' REPLY IN SUPPORT OF AMENDED REQUEST REGARDING
TREATMENT OF CONFIDENTIAL DOCUMENTS AT HEARING**

The securities class action plaintiffs are not parties to the derivative action. They have neither sought nor received permission to intervene in the derivative case.[1] The fact that the motion to dismiss hearings in both cases are set for the same time does not make the securities class action plaintiffs parties to the derivative action. Further, having filed a federal securities complaint, the class action plaintiffs have subjected themselves to the Private Securities Litigation Reform Act's statutory stay of discovery.[2] They have no colorable interest in accessing the sealed documents, which were produced in response to a statutory books and records demand that the class action plaintiffs have forfeited the right to pursue.[3] Courts have endorsed the practice of sealing

---

[1] *See* FED. R. CIV. P. 24 (requiring timely "motion" as condition to intervene). No motion to intervene has been filed.

[2] *See* 15 U.S.C. § 78u-4(3)(B).

[3] *See In re Pattern Energy Grp. Inc. Secs. Litig.*, 2021 WL 312752, at *2 (D. Del. Jan. 28, 2021) ("By choosing [to file a securities class action before making a Section 220 books and records demand], [Plaintiffs] subjected themselves to the PSLRA discovery stay, as well as the Delaware Chancery Court's rule that plaintiffs in federal securities actions are generally barred from making books and records requests under 8 Del. C. § 220") (citing *Beiser v. PMC-Sierra, Inc.*, 2009 WL 483321, at *3 (Del. Ch. Feb. 26, 2009) (listing safeguards required for Section 220 productions, including that the requesting party is "not currently involved in the federal [securities] action"); *In re Facebook, Inc. S'holder Deriv. Privacy Litig.*, 411 F. Supp. 3d 649, 655 (N.D. Cal. 2019) (rejecting attempt by federal securities plaintiffs to lift PSLRA stay to obtain documents produced in response to books and records demands; because none of the *Beiser* safeguards are present,

- 1 -

documents used in a derivative case for the purpose of preventing securities class action plaintiffs from obtaining them.[4]  The Fifth Circuit has likewise characterized "the use of discovery in state court suits to avoid the discovery stay imposed in federal securities class actions" as an "abuse."[5] Limiting access to books and records documents used in a derivative action is an appropriate way to harmonize the interests of prospective derivative plaintiffs who make valid Section 220 demands with the interests of defendants in preventing the "abuse" of allowing class action plaintiffs to evade the PSLRA stay.  Otherwise, the bar on federal securities plaintiffs making books and records demands after filing suit would be rendered illusory, as plaintiffs could simply obtain the same documents from the Section 220 requestors once a derivative complaint is publicly filed.

The Court should thus reject the class action plaintiffs' arguments and should limit hearing attendance for portions of the hearing in this matter where sealed documents are discussed – a limited remedy that does not deprive the class action plaintiffs of any legitimate rights and is well within the Court's discretion.  Defendants further object to the introduction or discussion of the sealed exhibits during the hearing if attendance is not limited to the derivative parties and counsel.

---

"Plaintiffs fail to persuade the Court that any request for a books and records inspection under Delaware law would not be simply an effort to bypass the PSLRA discovery stay"); *Klein v. Ellison*, 2021 WL 5104384, at *2 (N.D. Cal. June 25, 2021) (Westlaw version of case previously cited in and attached to Defendants' motion) (holding that plaintiffs who have already filed a federal securities action lack a proper purpose for making a books and records demand).

[4] *See In re Gilead Sciences*, 2004 WL 3712008, at *3 (N.D. Cal. Nov. 22, 2004) ("The Court strongly recommends, as State Plaintiffs suggest, that [the confidentiality agreement for document production in the derivative case] contain a provision requiring the parties to file any publicly available documents under seal").

[5] *See Newby v. Enron Corp.*, 338 F.3d 467, 472 (5th Cir. 2003) ("One of those abuses was the use of discovery in state court suits to avoid the discovery stay imposed in federal securities class actions").

## ARGUMENT AND AUTHORITIES

The class action plaintiffs misframe the applicable standards.  As a preliminary matter, the class action plaintiffs have not filed a timely "motion" to intervene in the derivative action, as required by Fed. R. Civ. P. 24, and have failed to show why they should be permitted to raise objections in the derivative case.[6]  Intervention is not warranted in any event, either by right or permissively.[7]  As noted in footnote 3, the class action plaintiffs have no right to obtain Section 220 documents.  Allowing them access to sealed documents discussed during the hearing would deprive Cabot of its rights under the confidentiality agreements signed with the derivative plaintiffs, as well as Cabot's right to avoid the "abuse" inherent in using a state court document production vehicle (the Delaware books and records statute) to circumvent the PSLRA discovery stay, which Congress enacted to ensure "that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the

---

[6] The class action plaintiffs' assertion that Defendants were required to confer with non-parties under Local Rule 7.1 is similarly without merit.  Regardless, Defendants served counsel for the class action plaintiffs by email with a copy of their original motion.  After counsel for the class action plaintiffs responded that they would oppose the motion, Defendants' counsel replied that they disagreed with the class action plaintiffs' view of the merits.  Defendants thereafter amended their motion to update the certificate of conference in light of this correspondence.  Plaintiffs' proposal to seal the hearing transcript or enter their own confidentiality agreement is inadequate, as it would not mitigate the harm identified in *Klein* and *Beiser* of allowing the class action plaintiffs access to the documents.

[7] The class action plaintiffs do not and cannot assert they may intervene as a matter of right under Fed. R. Civ. P. 24(a)(1)(2), as they have no statutory right to intervene and cannot show that adjudication of the derivative claims will prejudice their rights.  Permissive intervention is "wholly discretionary" and may be denied if it would prejudice the rights of the existing parties or if denial is otherwise warranted. *See Estate of Baker v. Castro*, 2020 WL 2235179, at *4-5 (S.D. Tex. May 7, 2020) (denying request for permissive intervention to challenge sealing order).

defendants after the action has been filed."[8]  Conversely, denying access to the sealed documents

does not prejudice the class action plaintiffs.[9]  The Court should not allow them to intervene.

The class action plaintiffs also misframe the standards governing access to court records.

The Fifth Circuit has repeatedly declined to characterize the right of public access to court

proceedings as "strong" or insurmountable.[10]  In addition, the Fifth Circuit has declined to create

a "burden of proof" in assessing whether access should be restricted.[11]  As previously noted,

enforcing confidentiality agreements serves the public interest and weighs in favor of limiting

access[12]  Maintaining such records in confidence also supports the public interest enshrined both

---

[8] *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 912 (9th Cir. 1999). While the class action plaintiffs minimize this holding as out-of-circuit authority, it is consistent with what the PSLRA actually says, which is that federal class action plaintiffs are not entitled to discovery unless and until they survive a motion to dismiss, regardless of whether the claim is completely frivolous or whether it falls an inch short of the PSLRA's difficult standards, and regardless of whether the discovery burden is onerous or light.  *See also Davis v. Duncan Energy Partners L.P.*, 801 F. Supp. 2d 589, 595 (S.D. Tex. 2011) (allowing plaintiffs to take expedited discovery before surviving motion to dismiss would "eviscerate" the PSLRA's pleading standard).

[9] *See Band v. Ginn Companies, LLC*, 2011 WL 807396, at *2 (M.D. Fla. Mar. 2, 2011) (holding that "the delay inherent in the statutorily imposed discovery stay" cannot constitute undue prejudice for purposes of lifting PSLRA stay); *Davis*, 801 F. Supp. 2d at 595 (undue prejudice "cannot consist of disadvantage that is inherent in the stay itself") (internal citations and quotation marks omitted).

[10] *See Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) ("This circuit has not assigned a particular weight to the presumption" of public access); *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) ("[T]his court has repeatedly refused to so characterize the public access presumption as 'strong' or require a strong showing of proof").

[11] *See Bradley*, 954 F.3d at 225; *Vantage Health*, 913 F.3d at 450.

[12] *See generally Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (affirming motion to seal settlement award that was the subject of a non-disclosure agreement); *Decapolis Grp., LLC v. Mangesh Energy, Ltd.*, No. 3:13-cv-1547-M, 2014 WL 702000, at *2 (N.D. Tex. Feb. 24, 2014) (finding that "any public interest in [a sealed document was] . . . counterbalanced by the interest in confidentiality expressed in the parties' agreement."); *Reveal Energy Servs. Inc. v. Dawson*, No. 4:17-CV-459, 2017 WL 5068459, at *3 (S.D. Tex. Aug. 21, 2017) (noting in the context of protecting confidential information that "[e]nforcing contractual obligations is in the public interest").

in the PSLRA itself as well as by the federal and Delaware authorities making clear that defendants should be permitted to produce documents to a Section 220 requestor without fear that the documents will simply migrate to the class action plaintiffs.[13]   The class action plaintiffs' purportedly contrary authorities do not support circumventing the PSLRA stay in this case.[14]

Defendants thus request that the Court grant their proposed order to limit attendance for portions of the hearing when confidential documents are discussed, as well as all further relief to which Defendants are justly entitled.

---

[13] *See supra* footnote 3; *see also Beiser*, 2009 WL 483321, at *3 (listing appropriate safeguards as including prevention of access by federal class action plaintiffs and their counsel to the Section 220 materials).

[14] While Plaintiffs cite *U.S. v. Holy Land Foundation for Relief and Development*, the case does not hold that requests to limit access to court records are subject to a "heavy burden" and makes clear that courts "may deny access to records if the records become a vehicle for improper purposes." 624 F.3d 685, 689 (5th Cir. 2010). In *Bianco v. Globus Medical, Inc.*, the parties made "only a barebones explanation for why they believe sealing is necessary." 2014 WL 3422000 at *2 (E.D. Tex. July 14, 2014). In *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*, the court cites out-of-circuit authorities regarding the burden of proof, while noting that the parties again provided only a conclusory explanation for why sealing was warranted. 2017 WL 434207, at *2 (E.D. Tex. Feb. 1, 2017). *BP Exploration & Production, Incorporated v. Claimant ID 100246928* involved a prior sealing order that governed Deepwater Horizon cases, and noted that lawyers could present oral argument without referencing the confidential documents. 920 F.3d at 211 (5th Cir. 2019). The class action plaintiffs improvidently cite *Wilson v. American Motors Corporation* – a case from 1985 – as somehow instructive on what the PSLRA meant when it was enacted a decade later. *See* 759 F.2d 1568, 1571 (11th Cir. 1985). In *In re FirstEnergy Corp. Securities Litigation*, the court relied on Sixth Circuit precedents involving extreme cases with "billions of dollars" in investor losses and where documents "had already been produced to federal authorities." 2021 WL 2414763, at *4. No similar losses are asserted here, and the Section 220 documents were not "already produced" before the class action was filed. Similarly, in *In re Bank of America Corp. Sec., Deriv., & ERISA Litig.*, the documents had "already been collected," and the stay would cause the securities case to "lag substantially behind" the other actions. 2009 WL 4796169, at *1 (S.D.N.Y. Nov. 16, 2009); *see also In re Metropolitan Secs. Litig.*, 2005 WL 940898, at *3 (E.D. Wash. Mar. 31, 2005 (noting similar concerns); *In re WorldCom, Inc. Secs. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002) (noting similar "unique circumstances"). Here, both the class and derivative matters are at the same stage.

Dated: November 23, 2021

Respectfully submitted,

/s/ Peter A. Stokes
Gerard G. Pecht
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
gerard.pecht@nortonrosefulbright.com

Peter A. Stokes
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598
peter.stokes@nortonrosefulbright.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I filed this document on November 23, 2021 through the Court's ECF system, which automatically transmits the filing to all counsel of record for all parties in this litigation.

/s/ Peter A. Stokes