United States District Court
Southern District of Texas

**ENTERED**

November 26, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM on behalf of itself individually, and ALL OTHERS SIMILARLY SITUATED, and IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) RETIREMENT AND PENSION PLAN, | § § § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-21-2045 |
| CABOT OIL & GAS CORPORATION, et.al, | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| IN RE CABOT OIL & GAS CORPORATION DERIVATIVE LITIGATION | § § § § § | CIVIL ACTION NO. H-21-2046 |

**ORDER**

An oral hearing is scheduled on November 29, 2021, to hear arguments on pending motions in these related cases. The defendants in *In Re Cabot Oil & Gas Corp. Derivative Litig.* have moved to treat as confidential any discussion about certain Cabot Oil documents during the hearing because these documents have not been produced to the class plaintiffs in *Delaware Cty. Emps. Retirement Sys. v. Cabot Oil & Gas Corp*. and are subject to a confidentiality agreement between the parties in the derivative case. (Docket Entry Nos. 73, 74, 21-2046). The putative class plaintiffs in the securities case have responded, and the defendants in the derivative case have replied. (Docket Entry Nos. 76, 78, 21-2046; Docket Entry Nos. 99, 101, 21-2045).

There are countervailing interests here.  The strong presumption in favor of public access to court records reflects the public interest in open courts.  *See United States v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 689–90 (5th Cir. 2010) (a court's decision to seal the record of a judicial proceeding "must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public" (internal citation and quotation marks omitted)); *see also BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211–12 (5th Cir. 2019) ("Sealing a record undermines [the] interest [of public confidence in the courts] but shutting the courthouse door poses an even greater threat to public confidence in the justice system.").  Parties who have entered into confidentiality agreements have an interest in protecting their expectation of confidentiality.  *See Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (affirming the trial court's decision to seal a settlement award that was the subject of a nondisclosure agreement).  At the same time, the Fifth Circuit has cautioned against generously sealing records that the parties have determined to be confidential.  *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416–21 (5th Cir. 2021) ("[J]udges, not litigants must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." (citations and internal quotation marks omitted)).

The derivative suit defendants have pointed out, however, that both the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4(b)(3)(B), and Delaware law, 8 DEL. C. § 220, weigh against allowing the class plaintiffs to hear arguments on Cabot documents.  Plaintiffs who forego their right to make a books and records request, as permitted under Delaware law, 8 DEL. C. § 220, are generally not permitted to make those requests after filing a federal securities lawsuit.  Allowing the putative class plaintiffs to hear the arguments on Cabot documents effectively circumvents the requirement for making a books and records request before they filed this federal

litigation.  *See In re Pattern Energy Grp. Inc. Secs. Litig.*, C.A. No. 20-275-MN-JLH, 2021 WL 312752, at *2 (D. Del. Jan. 28, 2021) ("By choosing [to file a securities class action before making a Section 220 books and records demand], [Plaintiffs] subjected themselves to the PSLRA discovery stay, as well as the Delaware Chancery Court's rule that plaintiffs in federal securities actions are generally barred from making books and records requests under 8 Del. C. § 220") (citing *Beiser v. PMC-Sierra, Inc.*, C.A. No. 3893-VCL, 2009 WL 483321, at *3 (Del. Ch. Feb. 26, 2009)).

To balance the interests and yet allow the parties the present the court with the most useful arguments and authorities, the court enters the following order.  The hearing scheduled for November 29, 2021, will remain open to the public.  Counsel in *In Re Cabot Oil & Gas Corp. Derivative Litig.* will limit their arguments to the allegations described in the complaints and will not address the confidential documents directly.  To the extent the confidential documents are not adequately addressed in the briefs already submitted, counsel in *In Re Cabot Oil & Gas Corp. Derivative Litig.* may file sealed supplemental briefs, no more than five pages, by **December 6, 2021**.

The defendants' motion for confidential treatment of discussion about books and records, (Docket Entry Nos. 73, 74), is moot.

SIGNED on November 26, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge