UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:21-cv-02045 CLASS ACTION |
| Plaintiff, | § § § | |
| vs. | § § | |
| CABOT OIL & GAS CORPORATION, et al., | § § § | |
| Defendants. | § § § § | |

**MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY**

4882-7731-2518.v1

## I.    INTRODUCTION

Lead Plaintiff Delaware County Employees Retirement System and additional plaintiff Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan (collectively, "Plaintiffs") respectfully move this Court for an order partially lifting the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the limited purpose of allowing Plaintiffs to obtain documents produced to multiple sets of plaintiffs in the related consolidated shareholder derivative action, *In re Cabot Oil & Gas Corp. Derivative Litigation*, No. 4:21-cv-02046 (S.D. Tex.) (the "Derivative Action"), pursuant to an 8 Del. Ch. §220 books and records demand ("Demand Documents").

Numerous courts have recognized that specific requests for already-produced discovery may be appropriate to lift the PSLRA discovery stay where securities plaintiffs would be unduly prejudiced in comparison to plaintiffs in parallel proceedings. Defendants[1] have produced the Demand Documents to the Derivative Action plaintiffs, and the Pennsylvania Attorney General's office almost certainly came to possess many of the same documents as a result of its ongoing criminal case against Cabot arising from the same conduct alleged in this action. Plaintiffs thus remain the only major party of interest without access to core documents and information exchanged in at least one other proceeding, forcing Plaintiffs to pursue its litigation strategy on behalf of absent putative class members at an informational disadvantage vis-à-vis the parties in related matters. Critically, it is clear from the November 29, 2021 hearing on dispositive motions in this action and the Derivative Action that the Demand Documents are directly relevant to this action and to arguments raised in Defendants' motion to dismiss Plaintiffs' complaint, yet Plaintiffs do not have access to them. Numerous courts recognize that under these circumstances, securities plaintiffs are

---

[1]    Defendants are Cabot Oil & Gas Corporation ("Cabot" or the "Company"), Dan O. Dinges, Scott C. Schroeder, and Phil L. Stalnaker (collectively, "Defendants").

- 1 -

unduly prejudiced such that the discovery stay should be partially lifted to allow production of documents to the securities plaintiffs – documents that have already been identified, collected, and produced in related litigation.  Plaintiffs' motion should therefore be granted.[2]

## II.     NATURE AND STAGE OF PROCEEDINGS

Plaintiffs filed the Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint") on April 12, 2021.  ECF No. 47.  The Complaint alleges that throughout the Class Period, Defendants engaged in a fraudulent scheme to materially mislead investors regarding Cabot's purported compliance with environmental laws and regulations.  ¶122.[3]  In reality, Cabot repeatedly violated both environmental laws and its remediation obligations under a Consent Order and Agreement with the Company's chief regulator, the Pennsylvania Department of Environmental Protection, in spite of a parade of Department notices advising Cabot's management of new and continuing violations for failing to prevent methane migration into groundwater from Cabot's wells.  ¶¶100-107.  Plaintiffs allege that Defendants knew of or recklessly disregarded Cabot's serious regulatory troubles in Pennsylvania when making the alleged public misrepresentations, including by pointing to committees of the Cabot Board of Directors charged with regularly reviewing significant regulatory matters between directors and management.

The Complaint further alleges that the truth was revealed through two partial corrective disclosures, culminating in the Pennsylvania Attorney General charging Cabot with 15 criminal counts, including nine felonies, for knowingly failing to remediate faulty wells.  ¶¶173-176.  Following its investigation, the indicting grand jury found the Company demonstrated a "long-term indifference" to the damage it caused to Pennsylvania's water, noting that even though "some of

---

[2]   Pursuant to L.R. 7.D., Plaintiffs met and conferred with Defendants on December 3, 2021, but Defendants did not consent to production of the Demand Documents.

[3]   Citations to "¶__" and "¶¶__" are to the Complaint, ECF No. 47.  Citations and quotations are omitted unless otherwise indicated.

4882-7731-2518.v1

these gas wells have been in place for more than a decade, . . . Cabot has only recently taken steps to remediate them." ¶176.  The indicting grand jury received sufficient evidence to establish that Cabot did "knowingly discharge, permit to flow or continue to discharge or permit to flow, methane into groundwater" and did "knowingly fail to comply with orders of the [Pennsylvania Department of Environmental Protections]." ¶¶90, 92.  The Company's stock price dropped on this news, despite Cabot's self-identified peer company index, the Dow Jones U.S. Exploration & Production Index, having increased in price that same day.  ¶¶174 n.4, 177.

On September 21, 2021, plaintiffs in the parallel Derivative Action filed a Verified Consolidated Second Amended Shareholder Derivative Complaint ("Derivative Complaint").  No. 4:21-cv-02046, ECF No. 37.  The Derivative Complaint is premised on substantially the same facts as alleged here and states that its allegations are based, in part, upon a "review and analysis" of filings in this action and that the two cases involve "similar facts and circumstances."  *Id.* at 1. Indeed, like the Complaint, the Derivative Complaint contains allegations: (1) involving the same alleged misstatements (Derivative Complaint, ¶¶60-61, 66, 69, 74, 78-79, 81-83, 87, 92-96, 99-100); (2) that the Company and Board was kept apprised of issues regarding Cabot's non-compliance with environmental laws and regulations (Derivative Complaint, ¶¶37-38); and (3) that the alleged truth was revealed by way of the same disclosures (Derivative Complaint, ¶¶103-104, 115-116).  All of the Defendants in this action are also named as defendants in the Derivative Complaint.  But the Derivative Complaint further relied on redacted allegations based on the Demand Documents that Plaintiffs here do not possess.  *See generally*, Derivative Complaint.  Pursuant to a private agreement between the derivative plaintiffs and Cabot, all filings on the Derivative Docket that reference information from the Demand Documents have been filed under seal.

On November 29, 2021, the Court held a hearing on Defendants' motions to dismiss both the Complaint in this action and the Derivative Complaint.  Arguments and colloquies during the

- 3 -

hearing confirmed that the Demand Documents are directly relevant to this Action and to arguments raised in Defendants' motion to dismiss the Complaint. For example, in Defendants' motion, Defendants argued, among other things, that Plaintiffs had not alleged with sufficient particularity that the Defendants "were personally aware of facts contradicting their disclosures" for purposes of pleading scienter. ECF No. 64 at 23. But, based on the Demand Documents, counsel in the Derivative Action asserted at the hearing that "the majority of the board knew of red flags of misconduct but consciously disregarded them in bad faith" and that the board, which included Dinges as Chairman, "was presented with red flags alerting it to a lack of compliance." Ex. A, MTD Tr. 64:9-25.

On at least nine occasions the board was told between "approximately 2010 and 2018 that methane was migrating out of its wells" and "that the position of the regulator was that it wasn't in compliance." *Id.* at 66:13-15. "Critically," counsel in the Derivative Action continued, "defendants do not really dispute the red flags here. They – they say the board was diligently monitoring the problems, but monitoring the problems is another way of saying, And the board knew what was going on." *Id.* at 66:16-20. Counsel in the Derivative Action explained, "there is no question of what the board knew because of the 220 documents." *Id.* at 65:15-17. Despite this, and Defendants' commitment to address the problems in consent orders entered into with the Pennsylvania Department of Environmental Protection, Cabot failed to identify "anything that the board actually did to stop the migration of methane from these wells into the aquifer and to prevent new wells from causing the same problems." *Id.* at 70:9-13; 71:5-25.

When given the opportunity, Defendants' counsel did not deny these allegations, but instead attempted to re-frame them, stating "in response to alleged violations, they undertook a plan with management that didn't get the job done." *Id.* at 75:9-10. Yet, as counsel in the Derivative Action pointed out, "[t]esting is not remediation." *Id.* at 70:16. This information, taken from the Demand

- 4 -

Documents, further corroborates Plaintiffs' own allegations, and the findings of the Pennsylvania Attorney General, grand jury and the Pennsylvania Department of Environmental Protection that Cabot knowingly failed to remediate faulty wells, despite Defendants' public assurances otherwise in consent orders, and exhibited a "long-term indifference" to the problems it caused, which amounted to felonies, not mere "technical violations." ¶¶4-8, 58-59, 88, 90, 92, 173-176. Plaintiffs, however, still do not have access to these critical documents.

### III.     STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

1.     Whether the Court should grant Plaintiffs' motion to partially lift the discovery stay imposed by the PSLRA to allow Plaintiffs to obtain the Demand Documents already produced by Cabot to the derivative plaintiffs.

### IV.     ARGUMENT

The PSLRA imposes a stay of all discovery during the pendency of a motion to dismiss. 15 U.S.C.A. §78u-4(b)(3)(B). However, the stay may be lifted "upon the motion of any party showing that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *Id*. "Thus a party asking a court to lift the PSLRA's stay must show that (1) the discovery sought is particularized and (2) necessary to (a) preserve evidence or (b) prevent undue prejudice to that party." *New York State Tchrs.' Ret. Sys. v. Gen. Motors Co.*, No. 14-11191, 2015 WL 1565462, at *3 (E.D. Mich. Apr. 8, 2015).

#### A.     The Discovery Sought Is Particularized and Imposes No Burden

Plaintiffs' request for the Demand Documents is indisputably particularized. Numerous courts have held that requests limited to productions previously provided to other parties plainly satisfies the particularity requirement. *See, e.g.*, *Waldman v. Wachovia Corp.*, No. 08 Civ. 2913(SAS), 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) ("It is undisputed that the discovery plaintiffs request is sufficiently particularized, as it is limited to a set of documents already provided

- 5 -

4882-7731-2518.v1

to state and federal regulators."); *In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (request "sufficiently particularized" where "limited to the closed universe of materials . . . already produced" to others).  In addition, because Defendants have already produced the Demand Documents to at least two groups of derivative plaintiffs, there is no burden in providing the same documents here.  *See In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, No. MDL-1446, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002) (no burden where defendant "has already found, reviewed, and organized the documents"); *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058(DC), 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) ("the burden of making another copy for plaintiffs here will be slight").  Accordingly, the discovery sought is sufficiently particularized and imposes no incremental burden on any party.

### B.    Plaintiffs and the Putative Class Will Be Unduly Prejudiced Without the Demand Documents

"'District Courts have construed undue prejudice to mean improper or unfair treatment amounting to something less than irreparable harm.'" *In re FirstEnergy Corp. Sec. Litig.*, No. 2:20-cv-03785, 2021 WL 2414763, at *5 (S.D. Ohio June 14, 2021).  Courts have found that securities plaintiffs suffer undue prejudice where, as here, they lack "access to documents produced in . . . other proceedings" and are "less able to make informed decisions about litigation strategy." *Bank of Am.*, 2009 WL 4796169, at *3; *New York State Tchrs.' Ret. Sys.*, 2015 WL 1565462, at *3-*4; *Singer v. Nicor, Inc.*, No. 02 C 5168, 2003 WL 22013905, at *2 (N.D. Ill. Apr. 23, 2003) (plaintiffs "may well be unfairly disadvantaged if they do not have access to the documents that the governmental and other agencies already have, during the pendency of the motion to dismiss"); *In re Metro. Sec. Litig.*, No. CV-04-25-FVS, 2005 WL 940898, at *3 (E.D. Wash. Mar. 31, 2005) ("Plaintiffs may well be unfairly disadvantaged if they do not have access to documents the governmental agencies and other civil claimants possess.").

- 6 -

Indeed, Defendants have produced the Demand Documents to the derivative plaintiffs, and the Pennsylvania Attorney General's office has conducted its own investigation in connection with the ongoing criminal investigation into Cabot and likely possesses many of the same documents. Plaintiffs are thus the only major party in any of the several proceedings involving the same core events that have not been provided the limited set of documents in question. Absent access to the Demand Documents, Plaintiffs will be forced to pursue their litigation strategy at an unfair informational disadvantage relative to all other parties, including in pursuing any potential settlement and defending against Defendants' pending motion to dismiss, making risk of undue prejudice and inconsistent rulings particularly severe. *See FirstEnergy Corp.*, 2021 WL 2414763, at *6 ("[R]isk of undue prejudice is magnified when a plaintiff 'would essentially be the only major interested party in the criminal and civil proceedings against [the company] without access to documents that currently form the core of those proceedings.'"); *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 916 (E.D. Wis. 2013) ("Simply put, Pension Trust is fighting this lawsuit in a rapidly shifting landscape, at an informational disadvantage when compared to the many other interested parties. Therefore, the Court believes that Pension Trust would face undue prejudice if the Court were not to lift the stay.").

Nor do the policies underlying the PSLRA support maintaining a stay. As the court in *Singer* explained, "[t]he goal of the PSLRA's discovery stay is to prevent the unnecessary imposition of discovery costs in both money and time on defendants in securities fraud cases." 2003 WL 22013905, at *1. No such costs would be imposed by Defendants producing the limited set of Demand Documents in one more litigation. As explained above, Defendants have already produced the Demand Documents to other parties, and producing them in this action would require little more than the click of a button. Accordingly, maintaining the discovery stay here would not protect Defendants from incurring additional discovery costs, but rather would work only to shield the

- 7 -

Demand Documents from Plaintiffs in this parallel action. *See Enron*, 2002 WL 31845114, at *1 ("[T]he PSLRA's discovery stay was designed to prevent fishing expeditions in frivolous securities lawsuits and was not designed to keep secret from counsel in securities cases documents that have already become available for review by means other than discovery in the securities case.") (internal quotations omitted).

Courts in this Circuit and elsewhere have authorized discovery to avoid such a misapplication of the stay. *See id.* at *2 (lifting stay where "it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse"); *Turocy v. El Pollo Loco, No. SA CV 15-1343-DOC (KESx), 2017 WL 2495172, at *2 (C.D. Cal. May 10, 2017)* (ordering production of §220 materials because "[m]aintaining the discovery stay as to materials already provided to other entities and plaintiffs does not further the policies behind the PSLRA"). Accordingly, absent access to the Demand Documents, Plaintiffs would be unduly prejudiced in this litigation.

## V.   CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court partially lift the discovery stay to allow Plaintiffs to obtain the Demand Documents.

DATED:  December 15, 2021                    KENDALL LAW GROUP, PLLC
                                             JOE KENDALL (Texas Bar No. 11260700)


                                             s/ JOE KENDALL
                                             ———————————————
                                             JOE KENDALL

                                             3811 Turtle Creek Boulevard, Suite 1450
                                             Dallas, TX  75219
                                             Telephone:  214/744-3000
                                             214/744-3015 (fax)
                                             jkendall@kendalllawgroup.com

                                             Local Counsel for Lead Plaintiff

4882-7731-2518.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARRYL J. ALVARADO
KEVIN A. LAVELLE
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com
klavelle@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Lead Plaintiff

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ
JOSHUA E. D'ANCONA
ALEX B. HELLER
HELEN J. BASS
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
jdancona@ktmc.com
aheller@ktmc.com
hbass@ktmc.com

Additional Counsel for the Class

- 9 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 15, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ JOE KENDALL
JOE KENDALL

KENDALL LAW GROUP, PLLC
3811 Turtle Creek Boulevard, Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

E-mail:  jkendall@kendalllawgroup.com

4882-7731-2518.v1

# Mailing Information for a Case 4:21-cv-02045 Delaware County Employees Retirement System v. Cabot Oil & Gas Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl James Alvarado**
  dalvarado@rgrdlaw.com

- **Joshua Edward D'Ancona**
  jdancona@ktmc.com,ssidibe@ktmc.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Kevin Lavelle**
  klavelle@rgrdlaw.com

- **Henry W. Longley**
  hlongley@ktmc.com

- **Francisco J Mejia**
  fmejia@rgrdlaw.com,E_File_SD@rgrdlaw.com,kjohnson@rgrdlaw.com

- **Gerard G Pecht**
  gerard.pecht@nortonrosefulbright.com,sumera.khan@nortonrosefulbright.com,tanya.lowe@nortonrosefulbright.com

- **Kelly A Potter**
  kelly.potter@nortonrosefulbright.com

- **Peter Andrew Stokes**
  peter.stokes@nortonrosefulbright.com,julie.wright@nortonrosefulbright.com

- **Andrew L. Zivitz**
  azivitz@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Amy                L. Barrette
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219

Lawrence           F. Stengel
Saxton & Stump LLC
280 Granite Run Drive
Suite 300
Lancaster, PA 17601
```