IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM E. BALDRIDGE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:04-CV-0319-D |
| VS. | § | |
| | § | |
| SANJIV S. SIDHU, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

In this action brought by plaintiffs who opted out of a class action involving claims of securities fraud involving i2 Technologies, Inc. ("i2") and certain i2 executives, plaintiffs move to modify the stay of discovery imposed by 15 U.S.C. § 78u-4(b)(3)(B),[1] a provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA").[2] The court denies the motion.

Plaintiffs ask that the stay be lifted so that they can obtain copies of documents that defendants have produced to the Securities and Exchange Commission ("SEC") in connection with the SEC's enforcement action and investigation of the same facts and circumstances that are at issue here (and which resulted in a $10 million settlement with the SEC), and copies of transcripts of

---

[1] 15 U.S.C. § 78u-4(b)(3)(B):

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

[2] Although the court has by separate order granted plaintiffs leave to file a second amended complaint and has denied defendants' motions to dismiss plaintiffs' complaint and first amended complaint, it is likely (if not certain) that defendants will move to dismiss the latest amended complaint. Accordingly, § 78u-4(b)(3)(B)'s ban on discovery applies. *See, e.g., In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 249 (D. Md. 2004).

witness interviews and depositions related to the SEC investigation. Specifically, plaintiffs seek "1. all documents produced to the SEC concerning the violations of the securities laws alleged in the Complaint; and 2. all transcripts of witness interviews or depositions concerning the violations of the securities laws alleged in the Complaint." Ps. Mot. at 19. They maintain they are requesting information that defendants have already produced to the SEC and have already gathered and organized. In their reply brief, they state that defendants produced the information and documents to representatives of the plaintiff class in the related securities class action (the one from which they opted out and that has since been settled).

Plaintiffs rely on the "undue prejudice" exception in § 78u-4(b)(3)(B), contending they will suffer such prejudice because, in view of the discovery produced in the SEC enforcement action and the related securities fraud class action, they "will be the only interested part[ies] without access to these documents and will be prejudiced by their inability to make informed decisions about their litigation strategy in this rapidly shifting landscape." Ps. Mot. at 16; *see* Ps. Rep. Br. at 7-8. They reason that "the automatic stay should be modified to the extent necessary to place Plaintiffs on a level playing field with the other constituencies[.]" Ps. Mot. at 16.

The language on which plaintiffs rely to demonstrate undue prejudice finds support in—indeed, it is traceable to—district court decisions that have permitted discovery based on such reasoning. *See, e.g., In re LaBranche Sec. Litig.*, 333 F.Supp.2d 178, 183 (S.D.N.Y. 2004) ("If the stay remains in place, Lead Plaintiffs will be the only interested party without access to those documents and will be prejudiced by their inability to make informed decisions about their litigation strategy in this rapidly shifting landscape."); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 252 (D. Md. 2004) (agreeing with, and quoting, decision in *In re WorldCom, Inc. Securities*

- 2 -

*Litigation*, 234 F.Supp.2d 301, 305 (S.D.N.Y. 2002), that "denying access to key documents in the hands of other litigants could cause undue prejudice to the lead securities plaintiff due to 'its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape.'"); *WorldCom*, 234 F.Supp.2d at 305-06 (holding that without access to documents made available to government entities and bankruptcy creditors committee, and that would likely soon be in hands of plaintiffs in related litigation, lead plaintiff "would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape," and "would essentially be the only major interested party in the criminal and civil proceedings against [the defendant] without access to documents" that formed core of those proceedings, and concluding that this was especially troubling where settlement discussions were likely to begin and lead plaintiff would be severely disadvantaged if required to wait to obtain discovery and formulate settlement or litigation strategy until after decision on motion to dismiss). The court declines to accept this reasoning.

For purposes of deciding the present motion,[3] it is sufficient to conclude that plaintiffs' rationale, if accepted, would effectively result in a structural, or at least categorical, exception to the discovery stay that is neither apparent nor discernible from § 78u-4(b)(3)(B). It would be possible to find "undue prejudice" based on the amorphous notion that a plaintiff who sought discovery—even one who had not yet met the PSLRA's heightened pleading standard—is entitled to the same discovery as are other interested parties—including, presumably, those who *had* met the standard— provided the plaintiff would be prejudiced by a perceived inability to make informed decisions about litigation strategy. Neither the plain terms of the statute nor the purpose of the discovery stay lends

---

[3]The court does not intend this order to be an exhaustive analysis of the "undue prejudice" exception in § 78u-4(b)(3)(B). This order is intended to address only the grounds on which plaintiffs rely to lift the discovery stay.

itself to so facile a showing of undue prejudice.

Plaintiffs, as do some district courts, also justify lifting the stay based on the absence of any incremental burden on defendants in producing discovery they have already gathered, organized, and produced. An inordinate focus on the absence of prejudice to the producing party risks substituting an assessment of that party's prejudice *vel non* in producing discovery for a proper analysis of the requesting party's undue prejudice in not obtaining it. Section 78u-4(b)(3)(B), of course, provides for an exception to the stay when the requesting party demonstrates undue prejudice.

Plaintiffs' September 23, 2004 motion to modify the PSLRA's discovery stay is denied.

**SO ORDERED.**

February ___17___, 2005.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE