UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:21-cv-02045 CLASS ACTION |
| Plaintiff, | § § | |
| vs. | § § § | |
| CABOT OIL & GAS CORPORATION, et al., | § § § | |
| Defendants. | § § § § | |

**REPLY IN FURTHER SUPPORT OF MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY**

4855-6359-1176.v1

## I.    INTRODUCTION

Defendants' Response in Opposition to Plaintiffs' Motion for Partial Relief from PSLRA Stay (the "Opposition" or "Opp.") broadly asserts that Plaintiffs' Motion is "contrary to the weight of authority" and "asks the Court to set a destabilizing precedent effectively allowing any Rule 10b-5 plaintiff to obtain Section 220 documents in every case." Opp. at 1.[1] Those hyperbolic claims, however, are baseless. Rather, where, as here, securities plaintiffs are the only interested parties without access to discovery among both government investigators and private civil litigants in parallel actions, courts regularly lift the PSLRA discovery stay to allow access to that discovery to prevent undue prejudice. This is especially true where, as here, those materials are being withheld from the securities plaintiffs in an attempt to shield defendants from liability. Allowing Plaintiffs' requested discovery under these narrow circumstances therefore would not result in a "parade of horribles" – a 10b-5 plaintiff obtaining Section 220 documents in every case – and, as seen below, the weight of authority on these facts falls in Plaintiffs' favor.

## II.    ARGUMENT

### A.    Courts Routinely Lift the PSLRA Discovery Stay Under Similar Circumstances

The plain language of the PSLRA provides that the discovery stay may be lifted upon a showing of undue prejudice, which courts have widely construed as meaning no more than "'improper or unfair treatment and amounting to something less than irreparable harm.'"[2] *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 916 (E.D. Wis. 2013) (collecting cases). Where defendants have provided discovery to numerous other

---

[1]    Unless otherwise defined herein, capitalized terms have the same meaning as defined in Plaintiffs' Motion for Partial Relief from the PSLRA Discovery Stay (the "Motion" or "Mot."). ECF No. 106.

[2]    Citation and quotations are omitted unless otherwise indicated.

4855-6359-1176.v1

litigants in both government investigations and other private civil actions, courts regularly find such circumstances constitute "undue prejudice" to securities plaintiffs and partially lift the PSLRA discovery stay. *See* Mot. at 6-7. "In such a situation, the risk of undue prejudice is magnified when a plaintiff 'would essentially be the only major interested party in the criminal and civil proceedings against [the company] without access to documents that currently form the core of those proceedings.'" *In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763, at *6 (S.D. Ohio June 14, 2021).

Defendants fail to meaningfully distinguish precedent finding undue prejudice. *See* Opp. at 5-8. *See, e.g.*, *New York State Tchrs.' Ret. Sys. v. Gen. Motors Co.*, 2015 WL 1565462, at *3 (E.D. Mich. Apr. 8, 2015) ("Undue prejudice has been found where the plaintiff lacks access to documents already produced to governmental and other agencies and in other lawsuits."); *Pension Tr. Fund for Operating Eng'rs*, 943 F. Supp. 2d at 916 ("Simply put, [the securities plaintiff] is fighting this lawsuit in a rapidly shifting landscape, at an informational disadvantage when compared to the many other interested parties. Therefore, the Court believes that [the securities plaintiff] would face undue prejudice if the Court were not to lift the stay."); *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) ("Without access to documents produced in these other proceedings, plaintiffs in these cases will be unduly prejudiced and will be less able to make informed decisions about litigation strategy."); *Seippel v. Sidley, Austin, Brown & Wood LLP*, 2005 WL 388561, at *2 (S.D.N.Y. Feb. 17, 2005) ("Here, defendants have been subject to governmental investigations and many other private lawsuits. These governmental investigations and lawsuits are ongoing, and the [securities plaintiffs] will be prejudiced if they lack access to documents which have been produced to others.").

- 2 -

4855-6359-1176.v1

Moreover, the undue prejudice is especially acute here, where Defendants are seeking to dismiss Plaintiffs' case on the ground that Defendants were not "'personally aware of facts contradicting their disclosures,'" while at the same time attempting to shield documents available to other litigants showing that "'the majority of the board [of which Defendant Dinges was Chairman] knew of red flags of misconduct but consciously disregarded them in bad faith.'" Mot. at 4 (quoting ECF Nos. 64 at 23; 106-2 at 64:9-25); *see also Vacold LLC v. Cerami*, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001) ("several courts, including at least one in this district, have lifted the discovery stay on grounds of 'undue prejudice' where defendants might be shielded from liability in the absence of the requested discovery").

The Opposition's insistence that the discovery stay may only be lifted under additional "exceptional circumstances" is thus misplaced and ignores that courts permit discovery without requiring, as the Opposition suggests, that the defendant be insolvent or subject to extreme regulatory fines. *See, e.g.*, *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (granting relief from discovery stay because "[w]ithout discovery of documents already made available to government entities, Plaintiffs would be unfairly disadvantaged in pursuing litigation and settlement strategies"); *Singer v. Nicor, Inc.*, 2003 WL 22013905, at *2 (N.D. Ill. Apr. 23, 2003) (lifting the discovery stay and finding "that even if Nicor is not bankrupt, the concerns expressed by the *Enron* and *WorldCom* courts are valid and present in this case"); *Pension Tr. Fund for Operating Eng'rs*, 943 F. Supp. 2d at 916 (finding undue prejudice where company was under federal investigation, facing other lawsuits, and in the midst of being acquired); *In re Bank of Am.*, 2009 WL 4796169, at *2 (rejecting "'exceptional circumstances'" standard "to the extent it implies that something more than 'undue prejudice' is required"). Plaintiffs' Motion is therefore entirely consistent with existing precedent and does not require the

- 3 -

4855-6359-1176.v1

Court to establish a purported new "destabilizing" standard, as the Opposition incorrectly maintains.

The Opposition's litany of inapt cases – decided in "other contexts," as Defendants themselves admit (Opp. at 3-5) – underscores why the PSLRA stay should be lifted here.  The Opposition cites few cases that involve defendants that, like here, have provided discovery to numerous other litigants in both government investigations and private civil actions.  *See, e.g.*, *In re Odyssey Healthcare, Inc.*, 2005 WL 1539229, at *1 (N.D. Tex. June 10, 2005) (discovery provided only to DOJ); *In re Petrobras Sec. Litig.*, 2015 WL 13653969, at *2 (S.D.N.Y. Apr. 13, 2015) (discovery provided only to government); *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 3346611, at *1 (D. Colo. Oct. 14, 2009) (discovery provided only to regulators); *Avila v. LifeLock Inc.*, 2016 WL 7799624, at *1 (D. Ariz. Apr. 22, 2016) (did not involve a criminal investigation or other parallel private actions); *Crago v. Charles Schwab & Co., Inc.*, 2017 WL 8292442, at *2 (N.D. Cal. July 24, 2017) (did not involve a criminal investigation or other parallel private actions); *Willis v. Big Lots, Inc.*, 2014 WL 12656500, at *2 (S.D. Ohio Apr. 16, 2014) (motion denied where defendants did not produce documents to other private litigants and government regulators had concluded investigation with no intent to pursue enforcement action); *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006) (did not involve other private parallel action).

Defendants' cases, in fact, recognize this distinction.  *See, e.g.*, *Lusk v. Life Time Fitness, Inc.*, 2015 WL 2374205, at *3 (D. Minn. May 18, 2015) ("this case does not involve the situation in many of the cases cited above: one plaintiff or group of plaintiffs falling behind a bevy of other plaintiffs and interested parties because he alone lacks information or documents"); *Mangrove Partners Master Fund, LP v. 683 Cap. Partners, LP*, 2020 WL 7335313, at *4 (S.D.N.Y. Dec. 14, 2020) ("courts have lifted the stay where the discovery sought was being produced to other parties

- 4 -

in other actions relating to the same conduct, and Plaintiffs would be unduly prejudiced compared to the parties to those other actions if they were denied the same discovery"). Accordingly, the weight of authority supports lifting the PSLRA discovery stay in limited situations, such as this, where defendants have already provided discovery to both government investigators *and* other private litigants concerning the same underlying conduct as at issue in the securities action.[3]

Such unique circumstances thus do not threaten to swallow the PSLRA stay, and, indeed, Defendants cite just two cases for this proposition.[4] Rather, as Defendants' cases also recognize, lifting the PSLRA stay for the Demand Documents is entirely consistent with the "rationale underlying" the PSLRA stay, which was simply "to prevent costly 'extensive discovery and disruption of normal business activities.'" *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003). Because Defendants do not dispute that the burden in producing the Demand Documents is slight, they should be produced to Plaintiffs.[5]

---

[3] Defendants claim that "Cabot did not produce its Board or SEA minutes or SEA materials packets (which comprise the documents filed under seal in the derivative action) to the Pennsylvania authorities." Opp. at 6. Notably, however, Cabot neither explains what it *did* produce to Pennsylvania authorities nor denies any overlap between the Demand Documents and the documents or information provided to Pennsylvania authorities.

[4] First, *Baldridge v. Sidhu, et al.*, No. 3:04-CV-0319-D (N.D. Tex. Feb. 17, 2005), cited by Defendants (Opp. at 4), is against the clear line of cases that have authorized discovery under circumstances similar to those present here (including cases in this District, *see In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, 2002 WL 31845114, at *1 (S.D. Tex. Aug. 16, 2002)) and provides no explanation regarding why such circumstances do not constitute undue prejudice. Second, *In re Sunrise Senior Living, Inc.*, 584 F. Supp. 2d 14, 18 (D.D.C. 2008) acknowledged that "[c]ourts have found undue prejudice warranting the lifting of a discovery stay when the defendant is a simultaneous target of numerous civil and criminal actions that are not subject to the stay." The court's refusal to lift the stay, however, was based, in part, on facts not present here – the case involved two separate "derivative shareholder suits filed on behalf of the same corporation" where "any judgment secured in either will be awarded to the corporation." *Id*.

[5] Defendants' remaining cases are inapposite and do not support the denial of Plaintiffs' Motion. *See Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483, at *4 (M.D. Fla. Jan. 21, 2015) (denial based upon failure to show that deposition was necessary due to Madoff's age); *Medhekar v. U.S.*

**B.    Plaintiffs' Timely Motion to Partially Lift the Discovery Stay is Not an Improper Attempt to Circumvent the PSLRA**

As the Motion makes clear, seeking limited discovery to address an informational disadvantage relative to other major parties of interest in parallel proceedings is a proper basis for lifting the PSLRA's discovery stay.  *See Turocy v. El Pollo Loco*, 2017 WL 2495172, at *2 (C.D. Cal. May 10, 2017) ("The Court finds that Plaintiffs have shown they would be unduly disadvantaged in pursuing litigation and settlement without discovery of the [§220 documents] already made available to the derivative plaintiffs."); *New York State Tchrs.' Ret. Sys.*, 2015 WL 1565462, at *6 (authorizing discovery to allow access to documents provided to other private litigants in related litigation); *In re FirstEnergy*, 2021 WL 2414763, at *6 (partially lifting stay to allow access to documents produced in related criminal and civil actions).  The Motion is in no way an attempt to circumvent the PSLRA; Plaintiffs here have not asserted individual securities fraud claims in state court as a "'loophole'" for obtaining discovery, as in *Newby*, 338 F.3d at 472.

Nor is this an instance where Plaintiffs decided to "forego their right to make a books and records request." ECF No. 102 at 2-3.  Plaintiffs are not parties to the Derivative Action and could not have availed themselves of a books and records demand prior to filing this securities class action.  Lead Plaintiff Delaware County was no longer a Cabot shareholder following revelation of the alleged fraud, and therefore could not have requested Cabot's books and records.  *See* 8 Del. Ch. §220(b) (requiring that the person requesting the records be a "stockholder").  Delaware County indeed sold its entire position in Cabot stock on July 26, 2019 and did not purchase any new Cabot shares before the filing of the initial Complaint.  *See* ECF No. 6-4.[6]

---

*Dist. Ct. for the N. Dist. of California*, 99 F.3d 325, 328 (9th Cir. 1996) (holding that discovery stay applied to Rule 26 initial disclosures).

[6]    Additional plaintiff Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan's involvement in this case did not commence until after the filing of Lead Plaintiff

- 6 -

Defendants' reliance on *Pattern Energy* is therefore unavailing.  Opp. at 2.  In that case, and unlike here, the plaintiffs could have – but failed to – file a books and records request to investigate its claims prior to filing its securities action in federal court.  *In re Pattern Energy Grp. Inc. Sec. Litig.*, 2021 WL 312752, at \*1, \*3 (D. Del. Jan. 28, 2021).  Defendants' citations to *In re Facebook, Inc. S'holder Derivative Priv. Litig.* and *Klein v. Ellison* are similarly inapposite.  Opp. at 2-3.  The *Facebook* case concerned, unlike here, a plaintiff attempting to "circumvent" the PSLRA stay "simply by dressing up a securities action as a derivative one." 411 F. Supp. 3d 649, 653 (N.D. Cal. 2019).  And *Ellison* involved a plaintiff asserting a books and records demand to support federal securities claims.  2021 WL 5104384 (N.D. Cal. June 25, 2021).  Plaintiffs here, by contrast, have not asserted derivative claims or books and records requests in an attempt to obtain discovery outside of the PSLRA's stay.

Instead, Plaintiffs did not delay, as Defendants suggest, but rather timely moved for the PSLRA stay to be partially lifted after learning at the November 29, 2021 motion to dismiss hearing that the Demand Documents contained evidence that Defendants knew of and consciously disregarded red flags regarding Cabot's lack of compliance.  Mot. at 5.  The true purpose of Defendants' Opposition, then, is to conceal evidence unhelpful to Cabot from Plaintiffs.  But the PSLRA was "'not designed to keep secret from counsel in securities cases documents that have already become available for review by means other than discovery in the securities case.'" *In re Enron*, 2002 WL 31845114, at \*1.

## III.   CONCLUSION

For reasons set forth herein and in the Motion, Plaintiffs respectfully request that the Court issue an order partially lifting the discovery stay for the production of the Demand Documents.

---

Delaware County's initial complaint in October 2020 and the PSLRA's discovery stay was already in effect.

- 7 -

DATED:  January 4, 2022                          Respectfully submitted,

                                    s/ JOE KENDALL
                                      JOE KENDALL

                                    KENDALL LAW GROUP, PLLC
                                    JOE KENDALL (Texas Bar No. 11260700)
                                    3811 Turtle Creek Blvd., Suite 1450
                                    Dallas, TX  75219
                                    Telephone:  214/744-3000
                                    214/744-3015 (fax)
                                    jkendall@kendalllawgroup.com

                                    Local Counsel for Lead Plaintiff

                                    ROBBINS GELLER RUDMAN
                                      & DOWD LLP
                                    DARRYL J. ALVARADO
                                    KEVIN A. LAVELLE
                                    FRANCISCO J. MEJIA
                                    655 West Broadway, Suite 1900
                                    San Diego, CA  92101-8498
                                    Telephone:  619/231-1058
                                    619/231-7423 (fax)
                                    dalvarado@rgrdlaw.com
                                    klavelle@rgrdlaw.com
                                    fmejia@rgrdlaw.com

                                    Lead Counsel for Lead Plaintiff

                                    KESSLER TOPAZ MELTZER
                                      & CHECK, LLP
                                    ANDREW L. ZIVITZ
                                    JOSHUA E. D'ANCONA
                                    ALEX B. HELLER
                                    HELEN J. BASS
                                    280 King of Prussia Road
                                    Radnor, PA  19087
                                    Telephone:  610/667-7706
                                    610/667-7056 (fax)
                                    azivitz@ktmc.com
                                    jdancona@ktmc.com
                                    hlongley@ktmc.com

                                    Additional Counsel for the Class

- 8 -

4855-6359-1176.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 4, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ JOE KENDALL
JOE KENDALL

KENDALL LAW GROUP, PLLC
3811 Turtle Creek Boulevard, Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

E-mail:  jkendall@kendalllawgroup.com

- 1 -

4855-6359-1176.v1

Case 4:21-cv-02045    Document 108CF Livied 01/04/22 in TXSPern- Page 11 of 12

# Mailing Information for a Case 4:21-cv-02045 Delaware County Employees Retirement System v. Cabot Oil & Gas Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl James Alvarado**
  dalvarado@rgrdlaw.com

- **Joshua Edward D'Ancona**
  jdancona@ktmc.com,ssidibe@ktmc.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Kevin Lavelle**
  klavelle@rgrdlaw.com

- **Henry W. Longley**
  hlongley@ktmc.com

- **Francisco J Mejia**
  fmejia@rgrdlaw.com,E_File_SD@rgrdlaw.com,kjohnson@rgrdlaw.com

- **Gerard G Pecht**
  gerard.pecht@nortonrosefulbright.com,sumera.khan@nortonrosefulbright.com,tanya.lowe@nortonrosefulbright.com

- **Kelly A Potter**
  kelly.potter@nortonrosefulbright.com

- **Peter Andrew Stokes**
  peter.stokes@nortonrosefulbright.com,julie.wright@nortonrosefulbright.com

- **Andrew L. Zivitz**
  azivitz@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Amy                L. Barrette
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219

Lawrence           F. Stengel
Saxton & Stump LLC
280 Granite Run Drive
Suite 300
Lancaster, PA 17601
```

Case 4:21-cv-02045   Document 108   Filed 01/04/22 in TXSD   Page 12 of 12

CM/ECF LIVE - U.S. District Court:Texas Southern-