United States District Court
Southern District of Texas

**ENTERED**
June 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:21-cv-02045 |
| | § | Chief District Judge Lee H. Rosenthal |
| Plaintiff, | § § | CLASS ACTION |
| vs. | § § | |
| CABOT OIL & GAS CORPORATION, et al., | § § § | |
| Defendants. | § § § § | |

**JOINT STIPULATION AND ORDER PERMITTING PLAINTIFFS TO FILE SUR-REPLY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

4871-8058-5249.v1

The Parties[1] hereby jointly submit for the Court's approval this Joint Stipulation permitting Plaintiffs to file a sur-reply, filed concurrently herewith as Exhibit A, in support of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Complaint (ECF 113) (the "Opposition").  In support hereof, the Parties state the following:

WHEREAS, on April 12, 2021, Plaintiffs filed the Consolidated Complaint for Violation of the Federal Securities Laws (ECF 47);

WHEREAS, on January 12, 2022, following full briefing, this Court granted Defendants' motion to dismiss (ECF 63), but gave Plaintiffs leave to file an amended pleading (ECF 109);

WHEREAS, on February 11, 2022, Plaintiffs filed the First Amended Consolidated Complaint for Violation of the Federal Securities Laws (ECF 110) (the "Amended Complaint");

WHEREAS, pursuant to the governing schedule and Local Rules, on March 10, 2022, Defendants filed a motion to dismiss the Amended Complaint (ECF 111);

WHEREAS, on April 13, 2022, pursuant to the governing schedule and Local Rules, Plaintiffs filed the Opposition;

WHEREAS, under this Court's Local Rule 7.4.E, Defendants' reply in support of their motion to dismiss was due no later than April, 20, 2022 absent an extension of time (LR7.4.E.);

WHEREAS, on May 10, 2022, Defendants filed a reply in support of the motion to dismiss. (ECF 114); and

WHEREAS, rather than burden the Court with briefing a motion to strike Defendants' reply as untimely under Local Rule 7.4.E, the Parties agreed that, subject to Court permission, Plaintiffs

---

[1]    The Parties are Lead Plaintiff Delaware County Employees Retirement System, together with additional plaintiff Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan ("Plaintiffs"), and Defendants Cabot Oil & Gas Corporation, Dan O. Dinges, Scott C. Schroeder, and Phil L. Stalnaker ("Defendants").

- 1 -

may file a five-page sur-reply to conclude the briefing on Defendants' motion to dismiss. Defendants do not object to the filing of the proposed sur-reply.

NOW, THEREFORE, subject to this Court's approval, the Parties hereby stipulate and agree to permit Plaintiffs to file a sur-reply, filed concurrently herewith as Exhibit A, in support of the Opposition.

DATED:  May 24, 2022

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (S.D. Texas Bar No. 30973, Texas Bar No. 11260700, Attorney in Charge)

*s/ JOE KENDALL*
JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARRYL J. ALVARADO
KEVIN A. LAVELLE
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com
klavelle@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Lead Plaintiff

4871-8058-5249.v1

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ
JOSHUA E. D'ANCONA
ALEX B. HELLER
HELEN J. BASS
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
jdancona@ktmc.com
aheller@ktmc.comp
hbass@ktmc.com

Additional Counsel for the Class

DATED:  May 24, 2022

NORTON ROSE FULBRIGHT US LLP
PETER A. STOKES

    s/ Peter A. Stokes
PETER A. STOKES (by permission)

98 San Jacinto Boulevard, Suite 1100
Austin, TX  78701-4255
Telephone: 512/474-5201
512/536-4598 (fax)
peter.stokes@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
GERARD G. PECHT
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  713/651-5151
713/651-5246 (fax)
gerard.pecht@nortonrosefulbright.com

Counsel for Defendants

- 3 -

4871-8058-5249.v1

- 4 -

\*     \*     \*

**O R D E R**

IT IS SO ORDERED.

DATED     May 31, 2022

THE HONORABLE LEE H. ROSENTHAL
CHIEF UNITED STATES DISTRICT JUDGE

4871-8058-5249.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 24, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Joe Kendall*

JOE KENDALL

KENDALL LAW GROUP, PLLC
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)

E-mail: jkendall@kendalllawgroup.com

- 1 -

4871-8058-5249.v1

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:21-cv-02045 |
| | | Chief District Judge Lee H. Rosenthal |
| Plaintiff, | § § | CLASS ACTION |
| vs. | § § | |
| CABOT OIL & GAS CORPORATION, et al., | § § § | |
| Defendants. | § § § § | |
| | § | |

**PLAINTIFFS' SUR-REPLY IN SUPPORT OF OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT**

4872-8892-0608.v1

Plaintiffs respectfully submit this sur-reply in support of their opposition to Defendants' motion to dismiss.  ECF 113 (the "Opp.").  Defendants' motion to dismiss should be denied.

*The Sustained Misstatements*.  Defendants do not seriously argue that the Court should reconsider the falsity of the previously sustained misstatements.  Nor is there a valid basis to do so. *See* Opp. 9-10.  Defendants falsely represented that they "performed appropriate remediation efforts" when the wells at issue remained ***unremediated*** for years after the violations occurred.  *Id*. at 10-11. With respect to the "2017" remediation statement concerning the Howell and Jeffers wells, the Pennsylvania Department's June 2018 Letter to Cabot specifically cited those wells for their longstanding ***continuing*** violations, and indeed, Cabot admitted at the time of the July 26, 2019 misstatement that a sufficient remediation plan for those wells had not even been ***submitted*** by that date.  *Id*. at 11.  Thus, Defendants' claim in their reply (ECF 114 ("DR")) that there are no allegations that the wells remained unremediated at the time of the misstatement is wrong.  DR 9. And having selectively put their purported remediation efforts at issue, Defendants also misleadingly failed to disclose Cabot's widespread continuing failure to remediate known violations.  Opp. 10-11.

*Substantial Compliance Statements*.  Defendants erect a strawman, arguing that they never said Cabot was "fully" compliant with applicable law.  DR 1.  But this case is not about promises of "full" compliance; rather, it is about Defendants' materially misleading statements that they "substantially comply" with applicable law.  As Defendants point out, "substantially" means "essentially" – and throughout the Class Period, Cabot was unquestionably ***not*** "essentially" compliant with the laws governing its business-critical Pennsylvania operations.  *Id.*

In particular, at least 65 wells and well sites failed to comply with Pennsylvania law, which impacted approximately ***17%*** of Cabot's total well pads and were responsible for a total of approximately ***13%*** of Cabot's total Class Period gas production and up to ***19%*** of Cabot's annual Class Period production, generating approximately ***$1 billion*** in revenue (or around ***11.6%*** of

- 1 -

4872-8892-0608.v1

Cabot's total revenue from 2016-2020).  Opp. 12-13.  Moreover, Cabot received **333 citations** from the Pennsylvania Department from October 2016 to March 2020, a figure that is likely understated. *Id.*; ECF 110 (the "Complaint"), ¶¶155, 159.  These violations occurred in Susquehanna County, Pennsylvania – the location of Cabot's "'**cornerstone asset**'" – where Cabot conducted nearly **all** its operations.  Opp. 3.  Finally, these violations formed the basis for **felony criminal charges** that Defendants "**knowingly**" violated Pennsylvania law for years on end.  Opp. 4-6.  Defendants' violations and their impact on Cabot were thus widespread and material, rendering Defendants' "substantial compliance" statements materially misleading.  *See, e.g., Meyer v. Jinkosolar Holdings Co., Ltd.*, 761 F.3d 245, 251 (2d Cir. 2014) (compliance statements omitting material noncompliance actionable); *cf. In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 245 F. Supp. 3d 870, 899 (S.D. Tex. 2017) ("substantial compliance" statements not misleading where violation impacted merely "**eight one-thousandths of one percent**" of pipeline network).[1]

Defendants ignore the sheer number of violations and the felony charges, and do not dispute that the extent of the alleged violations is material under SEC guidelines governing quantitative and qualitative materiality.  *See* Opp. 14 (citing *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 719 (2d Cir. 2011) (noting "presumptive 5% threshold of materiality").  Instead, Defendants quibble with Plaintiffs' allegations concerning the number and extent of violations.  DR 3-5.  These figures, however, are based on well production data gleaned from the Pennsylvania Department's website cross-referenced with those Cabot wells with repeat and (largely non-public) continuing violations identified in the Complaint then compared to Cabot's total gas production.  *See* Complaint, ¶¶150-51.  And Defendants' quibbles are, in any event, inappropriate at this stage.  Opp. 13; *Shenwick v.*

---

[1]  Defendants' authority – *Jacobowitz v. Range Resources Corp.*, 2022 WL 976003, at *3 (N.D. Tex. Mar. 31, 2022) – is inapposite. DR 2 n.4.  There, the court dismissed "substantial compliance" statements where (1) the alleged violations concerned "purported misclassification" of "**less than 1%**" of the company's wells; (2) there was no allegation that the misclassification affected a large percentage of the company's gas production or revenue; and (3) there was no criminal indictment.

*Twitter, Inc.*, 282 F. Supp. 3d 1115, 1141 (N.D. Cal. 2017) (rejecting defendants' "various problems with Plaintiff's calculations" as "resolution of those issues should occur through discovery, not at the motion to dismiss phase"); *see also Schuh v. HCA Holdings, Inc.*, 947 F. Supp. 2d 882, 890-91 (M.D. Tenn. 2013) (holding factual allegations sufficient even where charts in complaint did not explain how certain calculations were made).[2]

Next, Defendants claim that because some of the 65 violative wells included in the Complaint's calculations related to violations that occurred before the Class Period, those wells are irrelevant. DR 3-4. But those wells are appropriately included in the analysis because the violations either continued during the Class Period or because they are part of Cabot's longstanding pattern and practice of failing to address known violations. And even considering only those wells and well sites with unresolved violations during the Class Period, those wells still accounted for ***7.4%*** of Cabot's annual gas production during the Class Period – an amount Defendants to not dispute is material under SEC guidelines. *See* Opp. 14 (noting 5% threshold).[3]

Finally, Defendants' suggestion that the statements were non-actionable opinions fails. DR 1-2 n.4). Statements that a company "substantially" complies with law may be actionable where, as here, the defendants knew its primary regulator "was taking the opposite view." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 188-89 (2015). And

---

[2]   *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285-86 (5th Cir. 2006) is inapplicable; it concerned the propriety of considering opinions in an expert report attached to a complaint. DR 4. Here, Plaintiffs have alleged ***facts*** about Defendants' violations, not offered expert opinions, and those factual allegations must be accepted as true at this stage. Opp. 13. Indeed, even the court in *Blackwell* considered the "'factual portions'" of the expert declaration and only declined to consider an "expert's opinion" regarding alleged accounting violations. 440 F.3d at 285-86.

[3]   Recognizing that 7.4% is obviously material, Defendants argue the Court should ignore that figure because it was not specifically pled in the Complaint. DR 4. But the figure is appropriately based on and consistent with the data pled in the Complaint. *See Sanat v. Sanghani, MD, LLC v. United Healthcare Servs., Inc.*, 2018 WL 1188855, at *2 (W.D. La. Feb. 8, 2018), *rep. and recommendation* adopted, 2018 WL 1187995 (W.D. La. Mar. 6, 2018) (noting court "'may consider new, consistent factual allegations contained in plaintiffs' opposition brief'").

- 3 -

Defendants' issuance of boilerplate cautionary language about the ***possibility*** of violations (DR 2) while concealing ***material, ongoing*** violations does nothing to undercut the falsity of their statements. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 246-48 (5th Cir. 2009) (warnings did not sufficiently "caution about clearly present danger that was materializing"); *Jinkosolar*, 761 F.3d at 251 ("A generic warning of a risk will not suffice when undisclosed facts on the ground would substantially affect a reasonable investor's calculations of probability.").

***Defendants Acted with Scienter***. Defendants claim that the scienter allegations the Court found wanting "stand[] wholly unremedied" (DR 8), ignoring that Plaintiffs need not plead "smoking gun" evidence and that the Complaint now pleads several additional scienter allegations. These include detailed accounts from former employees and specific documents and their "author, contents, and character, and when and by whom [they were] received" (Jan. 12, 2022 Opinion (ECF 109) at 26) – such as the June 2018 Letter, Notices of Violation, Quarterly Update Reports, Board materials, and ongoing issue logs – showing Defendants' knowledge of Cabot's violations and the status of remediation efforts, or lack thereof. Opp. 16-23. Importantly, Defendants do not dispute that Stalnaker's knowledge (and thus, scienter) is imputed to Cabot. Opp. 19. Taken together with the totality of the allegations, including Defendants' own statements indicating their knowledge of these issues, Plaintiffs have adequately pled a strong inference of scienter. Opp. 21-23.[4]

***Stalnaker Made Misstatements***. Plaintiffs do not allege, as Defendants assert, that Stalnaker merely "suggest[ed]" what should be communicated in Company SEC filings. DR 9. Rather, as the senior Cabot executive responsible for the Pennsylvania region, who spoke for the Company and

---

[4]  Defendants' citations to *Edgar v. Anadarko Petroleum Corp.*, 2019 WL 1167786 (S.D. Tex. Mar. 13, 2019) and *City of Austin Police Ret. Sys. v. ITT Educ. Servs., Inc.*, 388 F. Supp. 2d 932 (S.D. Ind. 2005) regarding what companies "***could have***" believed concerning their legal compliance are inapt. DR 7 n.26, 10 n.37. Unlike those cases, the Defendants here were specifically informed by their regulator that Cabot was ***not*** in compliance with the law. *See Omnicare*, 575 U.S. at 188-89 (2015).

- 4 -

prepared Cabot's SEC filings concerning that region, Stalnaker necessarily controlled and was responsible for approving (and therefore effectively making) the statements at issue, all of which concern the Company's Pennsylvania operations.  *See* Opp. 15.

*Scheme Liability Applies*.  Even if Stalnaker was not a "maker" of the alleged misstatements, Defendants do not meaningfully contest that he – along with the other Defendants – remains liable as a participant in the alleged fraudulent scheme under Rule 10b-5(a) and (c).  Opp. 16.

*Loss Causation is Adequately Pled*.  Defendants mischaracterize Plaintiffs' loss causation allegations concerning the first stock drop.  DR 10.  Plaintiffs allege that the disappointing gas production guidance *was* a fraud-related cause of the decline, as the reduction in gas production guidance was plausibly caused by Cabot's inability to sufficiently expand operations in Pennsylvania due to continuing violations.  Opp. 25.  Resolution of this fact intensive inquiry is appropriate for a later stage of litigation, not a motion to dismiss.  *See* Opp. 24-25.  Similarly, Defendants' argument that the second stock drop was caused by normal stock market and natural gas price fluctuations  – not the revelation of facts earlier concealed by the fraud – is another factual dispute subject to expert analysis not appropriate for resolution on a Rule 8 pleading.  In any case, that argument is rebutted by Plaintiffs' allegations that industry-related market forces did *not* cause the decline, as the price of Cabot's peer company index actually *increased* when the Attorney General charges were announced, while Cabot's stock declined.  Opp. 24-25.[5]

DATED:  May 24, 2022                    KENDALL LAW GROUP, PLLC
                                        JOE KENDALL (Texas Bar No. 11260700),
                                        S.D. Texas Bar No. 30973, Attorney-in-Charge

                                        *s/ JOE KENDALL*
                                        JOE KENDALL

---

[5]   *Wilamowsky v. Take-Two Interactive Software, Inc.,* 818 F. Supp. 2d 744, 756-57 (S.D.N.Y. 2011) is inapposite.  DR 10.  That case involved an "implausible" theory of loss causation for short sellers, not applicable here, where each misstatement *further* inflated the stock price, despite the fact that the stock price repeatedly *declined* following alleged misstatements.  *Id.*

- 5 -

4872-8892-0608.v1

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARRYL J. ALVARADO
KEVIN A. LAVELLE
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com
klavelle@rgrdlaw.com
fmejia@rgrdlaw.com

Lead Counsel for Lead Plaintiff

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ
JOSHUA E. D'ANCONA
ALEX B. HELLER
HELEN J. BASS
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
jdancona@ktmc.com
aheller@ktmc.com
hbass@ktmc.com

Additional Counsel for the Class

- 6 -