**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CABOT OIL & GAS CORPORATION, *et al.*, <br><br> Defendants. | Case No: 4:21-CV-02045 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S "FIRST AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS"**

Defendants Cabot Oil & Gas Corporation ("Cabot"), Dan O. Dinges ("Dinges"), and Scott C. Schroeder ("Schroeder") (collectively, "Defendants") answer Plaintiffs' "First Amended Consolidated Complaint for Violations of the Federal Securities Laws" (ECF #110) (the "Complaint") as set forth below. Unless otherwise defined herein, capitalized terms have the meanings assigned to such terms in the Complaint. Each numbered paragraph below is directed at the corresponding numbered paragraph in the Complaint. A statement that Defendants admit or deny the allegations in "this paragraph" means that Defendants admit or deny the allegations in the corresponding numbered paragraph of the Complaint, including the allegations in any subparts or bullet points contained within or below that paragraph. All allegations not expressly admitted herein, including those contained in the headings and in non-numbered paragraphs, are denied. Defendants also deny the allegations set forth in the introductory paragraph of the Complaint.

## RESPONSES TO "NATURE OF THE ACTION" ALLEGATIONS

1. Defendants admit that this paragraph purports to quote SEC filings by Cabot that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

2. Defendants deny the allegations in this paragraph.

3. Defendants admit that this paragraph purports to summarize and/or quote from a Pennsylvania grand jury report that speaks for itself. Defendants deny that the allegations in the report have merit and otherwise deny the allegations in this paragraph.

4. Defendants admit that Cabot received notices of violation ("NOVs") from the Pennsylvania Department of Environmental Protection ("PaDEP") during various time periods. Defendants also admit that this paragraph purports to summarize and/or quote from Cabot's SEC filings, which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

5. Defendants deny the allegations in this paragraph.

6. Defendants deny the allegations in this paragraph.

7.      Defendants deny the allegations in this paragraph.

8.      Defendants admit that the last sentence of this paragraph purports to summarize and/or quote from a press release that speaks for itself. Defendants otherwise deny the allegations in this paragraph and deny that the allegations in the press release have merit.

9.      Defendants deny the allegations in this paragraph.

10.     Defendants deny the allegations in this paragraph.

11.     Defendants admit that Cabot received a letter from PaDEP on or about June 11, 2018, which speaks for itself. Defendants otherwise deny the allegations in this paragraph.

12.     Defendants deny the allegations in this paragraph.

13.     Defendants deny the allegations in this paragraph.

14.     Defendants admit the Complaint purports to state claims under the cited federal securities laws and regulation, but deny that the claims have any merit.

15.     Defendants admit the Court has subject matter jurisdiction over this dispute.

16.     Defendants admit venue is proper in this District.

17.     Defendants admit that this case involves interstate commerce, but otherwise deny the allegations in this paragraph.

18.     Defendants deny the allegations in this paragraph.

19.     Defendants deny the allegations in this paragraph.

20.     Defendants admit the allegations in the first and third sentences of this paragraph. Defendants deny the allegations in the second and fourth sentences of this paragraph.

21.     Defendants admit the allegations in this paragraph, except with respect to the phrase "under his name." Cabot's Annual Reports speak for themselves. To the extent any further response is required, Defendants deny that the Annual Reports were issued under Dinges' name.

- 3 -

22.     Defendants admit the allegations in this paragraph, except with respect to the phrase "under his name." Cabot's Annual Reports speak for themselves. To the extent any further response is required, Defendants deny that the Annual Reports were issued under Schroeder's name.

23.     Stalnaker is no longer a defendant in this action. Accordingly, no response is required. To the extent any further response is required, Defendants admit the allegations in the first two sentences of this paragraph, but deny the remaining allegations in this paragraph.

24.     Defendants admit that, from time to time in the course of their job duties, Dinges, Schroeder, and Stalnaker received information that could be viewed as confidential or proprietary in nature, as is commonplace with executives of public companies. Defendants otherwise deny the allegations in this paragraph.

25.     Defendants deny the allegations in this paragraph.

26.     This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that they were subject to the federal securities laws, which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

27.     This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

28.     This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

29.     Defendants admit the allegations in this paragraph, except that Defendants deny the allegation that Cabot committed "environmental crimes."

30. Defendants admit that this paragraph purports to quote public filings by Cabot that speak for themselves. Defendants deny the allegations in this paragraph to the extent inconsistent with Cabot's public filings.

31. Defendants admit that this paragraph purports to quote public filings by Cabot that speak for themselves. Defendants deny the allegations in this paragraph to the extent inconsistent with Cabot's public filings.

32. This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that Cabot's operations in Pennsylvania are subject to various environmental laws and regulations. Defendants also admit that this paragraph purports to quote public filings by Cabot that speak for themselves. Defendants deny the allegations in this paragraph to the extent inconsistent with Cabot's public filings.

33. This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

34. This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that Pennsylvania's environmental statutes include the Clean Streams Law, which speaks for itself, but otherwise deny the allegations in this paragraph.

35. This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that this paragraph purports to summarize and/or quote from the Clean Streams Law, which speaks for itself, but otherwise deny the allegations in this paragraph.

36. This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that this paragraph purports to summarize

and/or quote from the Clean Streams Law, which speaks for itself, but otherwise deny the allegations in this paragraph.

37.     This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that this paragraph purports to summarize and/or quote from the Clean Streams Law, which speaks for itself, but otherwise deny the allegations in this paragraph.

38.     This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that this paragraph purports to summarize and/or quote from the Clean Streams Law, which speaks for itself, but otherwise deny the allegations in this paragraph.

39.     This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that this paragraph purports to summarize and/or quote from the Clean Streams Law, which speaks for itself, but otherwise deny the allegations in this paragraph.

40.     This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants admit that this paragraph purports to summarize and/or quote from the Clean Streams Law, which speaks for itself, but otherwise deny the allegations in this paragraph.

41.     This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

42.     Defendants deny the allegations in this paragraph.

43.     Defendants deny the allegations in this paragraph, except that Defendants admit Cabot has produced natural gas from its operations in the Marcellus Shale and, like other energy companies, has used hydraulic fracturing technology.

44.     Defendants deny the allegations in this paragraph.

45.     Defendants deny the allegations in this paragraph, except that Defendants admit that Cabot entered into a Consent Order in November 2009 that speaks for itself.

46.     Defendants deny the allegations in this paragraph, except that Defendants admit that Cabot entered into a Consent Order in April 2010 that speaks for itself.

47.     Defendants deny the allegations in this paragraph, except that Defendants admit that Cabot entered into a Consent Order in December 2010 that speaks for itself.

48.     Defendants deny the allegations in this paragraph, except that Defendants admit that this paragraph purports to quote or summarize statements in an analyst report and public statements by Defendants that speak for themselves.

49.     Defendants deny the allegations in this paragraph.

50.     Defendants admit that the Pennsylvania Attorney General's office filed a charging document against Cabot, and that the grand jury issued a report. Those documents speak for themselves. Defendants deny that the charges and grand jury allegations have merit and deny the remaining allegations in this paragraph.

51.     Defendants admit that this paragraph purports to quote or summarize a public statement by the Pennsylvania Attorney General that speaks for itself. Defendants deny the allegations in the statement and deny the remaining allegations in this paragraph.

52.     Defendants deny the allegations in this paragraph.

53.     Defendants deny the allegations in this paragraph.

54.     Defendants deny the allegations in this paragraph, except that Defendants admit that Cabot had systems in place to facilitate compliance with applicable environmental laws, including an Environmental Health & Safety ("EHS") Department.

55.     Defendants deny the allegations in this paragraph, except that Defendants admit that Cabot had appropriate oversight mechanisms in place so that Cabot's Board and senior management could promote compliance with applicable environmental laws and regulations, and that Cabot from time to time received NOVs from PaDEP as disclosed in Cabot's public filings.

56.     Defendants deny the allegations in this paragraph.

57.     Defendants deny the allegations in this paragraph.

58.     Defendants deny the allegations in this paragraph.

59.     Defendants deny the allegations in this paragraph.

60.     Defendants admit the allegations in this paragraph.

61.     Defendants admit that this request purports to summarize or quote a Board committee charter that speaks for itself, and that Cabot from time to time received NOVs from PaDEP as disclosed in Cabot's public filings. Defendants otherwise deny the allegations in this paragraph.

62.     Defendants deny the allegations in this paragraph, except that Defendants admit the S&EA Committee met at least four times per year and discussed remediation measures.

63.     Defendants admit that the S&EA Committee made reports to the Board, and that Dinges, Schroeder, and Stalnaker periodically attended Board meetings. Defendants otherwise deny the allegations in this paragraph.

64.     This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

65. Defendants deny the allegations in this paragraph, except that Defendants admit that this paragraph purports to quote public filings or statements of Cabot that speak for themselves.

66. Defendants lack knowledge sufficient to admit or deny the allegation about "corroborating accounts of former Company employees" and denies that allegation for that reason. Defendants admit that Cabot maintained an EHS Department. Defendants otherwise deny the allegations in this paragraph.

67. Defendants deny the allegations in this paragraph.

68. Defendants deny the allegations in this paragraph.

69. Defendants deny the allegations in this paragraph, except that Defendants admit that reports were provided to the S&EA Committee or Board regarding environmental allegations and remediation efforts. The reports speak for themselves.

70. Defendants deny the allegations in this paragraph.

71. Defendants admit that Cabot's Board had an Audit Committee, that this paragraph purports to summarize or quote from Cabot public filings that speak for themselves, and that Cabot performed appropriate risk assessments. Defendants otherwise deny the allegations in this paragraph.

72. Defendants deny the allegations in this paragraph.

73. This paragraph simply references various Cabot SEC filings that speak for themselves. To the extent any further response is required, Defendants deny the remaining allegations in this paragraph.

74. The first sentence of this paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

75. Defendants admit that this paragraph purports to summarize or quote from public statements by Cabot, including a Code of Business Conduct, that speak for themselves. To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

76. Defendants admit that this paragraph purports to summarize or quote from public statements by Cabot, including a Code of Business Conduct, that speak for themselves. To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

77. The first sentence of this paragraph contains legal conclusions that do not require a response. Defendants admit that this paragraph purports to summarize or quote from public statements by Cabot, including a Code of Business Conduct, that speak for themselves. To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

78. This paragraph contains legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

79. This paragraph contains legal conclusions that do not require a response. Defendants admit that this paragraph purports to summarize or quote from public statements by Cabot, including a Code of Business Conduct, that speak for themselves. To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

80.     Defendants deny the allegations in this paragraph, except that Defendants admit that Cabot's directors and management exercised appropriate oversight with respect to environmental matters.

81.     Defendants deny the allegations in this paragraph, except that Defendants admit that Cabot intended to comply with applicable environmental regulations.

82.     Defendants deny the allegations in this paragraph.

83.     Defendants admit that this paragraph purports to summarize or quote from public Cabot SEC filings that speak for themselves. Defendants deny that the statements were misleading and otherwise deny the allegations in this paragraph.

84.     Defendants deny the allegations in this paragraph, except that Defendants admit that a grand jury issued a report that speaks for itself. Defendants deny the allegations in the grand jury report.

85.     Defendants deny the allegations in this paragraph, except that Defendants admit that a grand jury issued a report that speaks for itself. Defendants deny the allegations in the grand jury report.

86.     Defendants deny the allegations in this paragraph, except that Defendants admit that a grand jury issued a report that speaks for itself, and that the Pennsylvania Attorney General's office issued a charging document that speaks for itself. Defendants deny the allegations in the grand jury report and deny the allegations asserted by the Pennsylvania Attorney General.

87.     Defendants deny the allegations in this paragraph, except that Defendants admit that that the paragraph purports to summarize or quote from an affidavit that speaks for itself. Defendants deny the allegations in the grand jury report and deny the allegations asserted by the Pennsylvania Attorney General, including those in the affidavit.

88.     This paragraph asserts legal conclusions that do not require a response. This paragraph also purports to quote public statements by Pennsylvania officials that speak for themselves. Defendants admit that Cabot waived the preliminary hearing in the Pennsylvania Attorney General action, but otherwise deny the allegations in this paragraph.

89.     Defendants admit that the last three sentences of this paragraph provide a basic and generalized description of drilling and completions. Defendants otherwise deny the allegations in this paragraph.

90.     Defendants admit that the first two sentences of this paragraph provide a basic and generalized description of drilling and completions. Defendants deny the allegations in the last sentence of this paragraph and otherwise deny the allegations in this paragraph.

91.     Defendants deny the allegations in this paragraph.

92.     Defendants admit the allegations in the first two sentences of this paragraph. Defendants deny the allegations in the last sentence of this paragraph.

93.     Defendants deny the allegations in this paragraph, except that Defendants admit that Cabot appropriately denied that it was responsible for the purported explosion described in this paragraph.

94.     Defendants admit that PaDEP from time to time has issued NOVs to Cabot as described in Cabot's public filings, and that Cabot entered a Consent Order that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

95.     Defendants admit that the Grand Jury report includes recitations of purported witness testimony that speaks for itself. Defendants deny the allegations in the Grand Jury report and otherwise deny the allegations in this paragraph.

96.     Defendants deny the allegations in this paragraph.

97.     Defendants deny the allegations in this paragraph.

98.     Defendants deny the allegations in this paragraph.

99.     Defendants admit that this paragraph purports to quote testimony from Mr. Ely that speaks for itself. Defendants deny the allegations in the testimony and otherwise deny the allegations in this paragraph.

100.    Defendants deny the allegations in this paragraph, except that Defendants admit Mr. Roos signed a lease for the mineral rights on his property.

101.    Defendants deny the allegations in this paragraph.

102.    Defendants deny the allegations in this paragraph.

103.    Defendants deny the allegations in this paragraph.

104.    Defendants deny the allegations in this paragraph.

105.    Defendants deny the allegations in this paragraph.

106.    Defendants deny the allegations in this paragraph.

107.    Defendants deny the allegations in this paragraph.

108.    Defendants deny the allegations in this paragraph.

109.    Defendants deny the allegations in this paragraph.

110.    Defendants deny the allegations in this paragraph.

111.    Defendants deny the allegations in this paragraph.

112.    Defendants deny the allegations in this paragraph.

113.    Defendants deny the allegations in this paragraph.

114.    Defendants deny the allegations in this paragraph.

115.    Defendants deny the allegations in this paragraph, except that Defendants admit Cabot entered into a December 2010 Consent Order that speaks for itself.

116. Defendants deny the allegations in this paragraph.

117. Defendants lack specific personal knowledge regarding the details and circumstances of Mr. Kennedy's alleged testimony to the Grand Jury and deny the allegations in the first sentence of this paragraph on that basis. Defendants deny all other allegations in this paragraph.

118. Defendants deny the allegations in this paragraph.

119. Defendants admit that this paragraph purports to quote from a Grand Jury report that speaks for itself. Defendants deny the allegations in the Grand Jury report and otherwise deny the allegations in this paragraph.

120. Defendants admit the Pennsylvania Attorney General filed written charging documents against Cabot that speak for themselves. Defendants deny the allegations in the charging documents and otherwise deny the allegations in this paragraph.

121. Defendants deny the allegations in this paragraph.

122. Defendants admit the Pennsylvania Attorney General filed written charging documents against Cabot that speak for themselves. Defendants deny the allegations in the charging documents and otherwise deny the allegations in this paragraph.

123. Defendants admit the Pennsylvania Attorney General filed written charging documents against Cabot that speak for themselves. Defendants deny the allegations in the charging documents and otherwise deny the allegations in this paragraph.

124. Defendants deny the allegations in this paragraph.

125. Defendants deny the allegations in this paragraph.

126. Defendants admit that PaDEP issued written NOVs that speak for themselves. Defendants deny the allegations in the NOVs and otherwise deny the allegations in this paragraph.

127. Defendants deny the allegations in this paragraph.

128. Defendants admit that PaDEP issued written NOVs that speak for themselves. Defendants deny the allegations in the NOVs and otherwise deny the allegations in this paragraph.

129. Defendants deny the allegations in this paragraph.

130. Defendants deny the allegations in this paragraph.

131. Defendants deny the allegations in this paragraph.

132. Defendants deny the allegations in this paragraph.

133. Defendants deny the allegations in this paragraph, except that Defendants admit the first sentence of this paragraph purports to quote from and summarize a December 2010 Consent Order that speaks for itself.

134. Defendants deny the allegations in this paragraph.

135. Defendants deny the allegations in this paragraph, except that Defendants admit Cabot did take steps to prevent adverse impacts on the environment from its drilling activities.

136. Defendants deny the allegations in this paragraph.

137. Defendants deny the allegations in this paragraph, except that Defendants admit that PaDEP issued a letter to Cabot in June 2018 that speaks for itself. Defendants deny the allegations in the letter.

138. Defendants deny the allegations in this paragraph, except that Defendants admit that PaDEP issued a letter to Cabot in June 2018 that speaks for itself. Defendants deny the allegations in the letter.

139. Defendants admit that PaDEP issued various NOVs to Cabot that speak for themselves and which are public documents. Defendants otherwise deny the allegations in this paragraph and in all of its subparts. Defendants admit that PaDEP issued various NOVs to Cabot

that speak for themselves and which are public documents. Defendants otherwise deny the allegations in this paragraph and in all of its subparts.

140.    Defendants admit the allegations in the first sentence of this paragraph. Defendants also admit that PaDEP issued various NOVs to Cabot that speak for themselves and which are public documents. Defendants otherwise deny the allegations in this paragraph and in all of its subparts.

141.    Defendants deny the allegations in this paragraph, except that Defendants admit PaDEP issued various NOVs to Cabot during the stated time period that are publicly available and which speak for themselves.

142.    Defendants deny the allegations in this paragraph, except that Defendants admit PaDEP issued various NOVs to Cabot during the stated time period that are publicly available and which speak for themselves.

143.    Defendants deny the allegations in this paragraph.

144.    Defendants deny the allegations in this paragraph, except that Defendants admit PaDEP issued various NOVs to Cabot during the stated time period that are publicly available and which speak for themselves, and that PaDEP sent a letter to Cabot in June 2018 that speaks for itself. Defendants deny the allegations in the letter and in the NOVs.

145.    Defendants deny the allegations in this paragraph.

146.    The first sentence contains a legal conclusion that does not require a response. To the extent any further response is required to that sentence, Defendants deny the allegations in that sentence. Defendants deny the remaining  allegations in this paragraph, except that Defendants admit that PaDEP from time to time issued written NOVs to Cabot that speak for themselves.

147.    Defendants deny the allegations in this paragraph.

148. The first sentence contains a legal conclusion that does not require a response. To the extent any further response is required to that sentence, Defendants deny the allegations in that sentence. The second sentence purports to quote a December 2010 Consent Order that speaks for itself. Defendants also admit that PaDEP from time to time issued written NOVs to Cabot that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

149. Defendants admit that Cabot received an NOV in September 2011 that speaks for itself, and that Cabot made public disclosures regarding this NOV that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

150. Defendants deny the allegations in this paragraph.

151. Defendants deny the allegations in this paragraph.

152. Defendants deny the allegations in this paragraph.

153. Defendants deny the allegations in this paragraph.

154. Defendants admit that the second sentence of this paragraph purports to quote from an earnings call transcript that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

155. Defendants admit that this paragraph purports to quote from a written Grand Jury report that speaks for itself. Defendants deny the allegations in the report and otherwise deny the allegations in this paragraph.

156. Defendants deny the allegations in this paragraph.

157. Defendants deny the allegations in this paragraph.

158. Defendants deny the allegations in this paragraph.

159. Defendants deny the allegations in this paragraph.

160. Defendants deny the allegations in this paragraph.

161. Defendants deny the allegations in this paragraph.

162. Defendants deny the allegations in this paragraph, except that Defendants admit this paragraph purports to quote from a public website that speaks for itself.

163. Defendants deny the allegations in this paragraph, except that Defendants admit this paragraph purports to quote from a public website that speaks for itself.

164. Defendants deny the allegations in this paragraph.

165. Defendants deny the allegations in this paragraph, except that Defendants admit that slide decks and other materials were prepared for Board meetings and that the Board and S&EA Committee received appropriate updates regarding Cabot's operations and environmental compliance.

166. Defendants deny the allegations in this paragraph, except that Defendants admit that various meetings were held in connection with Cabot's SEC filings.

167. Defendants deny the allegations in this paragraph.

168. Defendants deny the allegations in this paragraph, except that Defendants admit Stalnaker exercised appropriate oversight regarding Cabot's environmental compliance and remediation efforts.

169. Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which pertain to meetings purportedly attended by an individual whom Plaintiffs have not named, and deny the allegations for that reason. To the extent any further response is required, Defendants deny the allegations in this paragraph.

170. Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which refer to unspecified weekly conference calls by an unnamed purported witness,

and deny the allegations for that reason. To the extent any further response is required, Defendants deny the allegations in this paragraph.

171. Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which refer to unspecified weekly conference calls by an unnamed purported witness, and deny the allegations for that reason. Defendants also lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason as well. To the extent any further response is required, Defendants deny the allegations in this paragraph.

172. Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which refer to unspecified weekly conference calls by an unnamed purported witness, and deny the allegations for that reason. Defendants also lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason as well. To the extent any further response is required, Defendants deny the allegations in this paragraph.

173. Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which refer to unspecified weekly conference calls by an unnamed purported witness, and deny the allegations for that reason. Defendants also lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason as well. To the extent any further response is required, Defendants deny the allegations in this paragraph.

174. Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which refer to unspecified weekly conference calls by an unnamed purported witness, and deny the allegations for that reason. Defendants also lack sufficient knowledge to admit or

deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason as well. To the extent any further response is required, Defendants deny the allegations in this paragraph.

175.    Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which refer to unspecified weekly conference calls by an unnamed purported witness, and deny the allegations for that reason. Defendants also lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason as well. To the extent any further response is required, Defendants deny the allegations in this paragraph.

176.    Defendants lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason. Defendants also lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason as well. To the extent any further response is required, Defendants deny the allegations in this paragraph.

177.    Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which refer to unspecified weekly conference calls by an unnamed purported witness, and deny the allegations for that reason. Defendants also lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason as well. To the extent any further response is required, Defendants deny the allegations in this paragraph.

178.    Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which refers to an unspecified "log" described by an unnamed purported witness, and deny the allegations for that reason. Defendants also lack sufficient knowledge to admit or deny

whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason as well. To the extent any further response is required, Defendants deny the allegations in this paragraph.

179.   Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph, which refers to an unspecified "log" described by an unnamed purported witness, and deny the allegations for that reason. To the extent any further response is required, Defendants deny the allegations in this paragraph.

180.   Defendants lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason. To the extent any further response is required, Defendants deny the allegations in this paragraph, except that Defendants admit there were periodic reports that were prepared in advance of Board meetings.

181.   Defendants lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason. To the extent any further response is required, Defendants deny the allegations in this paragraph, except that Defendants admit there were periodic reports that were prepared in advance of Board meetings.

182.   Defendants lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason. To the extent any further response is required, Defendants deny the allegations in this paragraph, except that Defendants admit there were periodic reports that were prepared in advance of Board meetings.

183. Defendants lack sufficient knowledge to admit or deny whether the unnamed individual made the statements alleged in this paragraph and deny the allegations for that reason. To the extent any further response is required, Defendants deny the allegations in this paragraph, except that Defendants admit there were periodic reports that were prepared in advance of Board meetings.

184. Defendants deny the allegations in this paragraph.

185. Defendants deny the allegations in this paragraph.

186. Defendants admit that this paragraph purports to quote from public Form 10-K filings and the federal Clean Water Act, which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

187. Defendants admit that this paragraph purports to quote from public Form 10-K or Form 10-Q filings, which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

188. Defendants admit that this paragraph purports to quote from public Form 10-K or Form 10-Q filings, which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

189. Defendants admit that this paragraph purports to quote from public Form 10-K or Form 10-Q filings, which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

190. Defendants deny the allegations in its paragraph and in all subparts thereof.

191. Defendants admit that this paragraph purports to quote from a public Form 10-Q filing that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

192.    Defendants admit that this paragraph purports to quote from public Form 10-K or Form 10-Q filings, which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

193.    Defendants admit that this paragraph purports to quote from a public Annual Report that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

194.    Defendants admit that this paragraph purports to quote from a public presentation that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

195.    Defendants admit that this paragraph purports to quote from a public Annual Report that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

196.    Defendants admit that this paragraph purports to quote from a public Annual Report that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

197.    Defendants admit that this paragraph purports to quote from public Form 10-K filings that speak for themselves. Defendants otherwise deny the allegations in this paragraph, including the allegations in the first sentence.

198.    Defendants admit that this paragraph purports to quote from public Form 10-K filings that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

199.    Defendants deny the allegations in this paragraph.

200.    Defendants admit that this paragraph purports to quote from a public Proxy Statement that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

201.    Defendants admit that this paragraph purports to summarize disclosures in public Proxy Statements that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

202.    Defendants deny the allegations in this paragraph.

203. Defendants admit that this paragraph purports to quote from a public Code of Business Conduct that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

204. Defendants deny the allegations in this paragraph.

205. Defendants admit that this paragraph purports to quote from a public Form 10-Q that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

206. Defendants deny the allegations in this paragraph.

207. Defendants admit that this paragraph purports to quote from a public Form 10-Q that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

208. Defendants admit that this paragraph purports to summarize public charging documents filed by the Pennsylvania Attorney General and from an AP article, which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

209. Defendants admit the allegations in this paragraph.

210. Defendants deny the allegations in this paragraph.

211. Defendants deny the allegations in this paragraph.

212. Defendants deny the allegations in this paragraph.

213. Defendants deny the allegations in this paragraph.

214. Defendants deny the allegations in this paragraph.

215. Defendants deny the allegations in this paragraph.

216. Defendants deny the allegations in this paragraph.

217. Defendants deny the allegations in this paragraph.

218. Defendants deny the allegations in this paragraph.

219. Defendants deny the allegations in this paragraph, except that Defendants admit that Cabot's management and Board exercised appropriate oversight over Cabot's environmental compliance and remediation practices.

220. Defendants admit that PaDEP from time to time issued NOVs to Cabot, which speak for themselves, and that the Pennsylvania Attorney General conducted an investigation. Defendants otherwise deny the allegations in this paragraph.

221. Defendants deny the allegations in this paragraph, except that Defendants admit Dinges received periodic update reports about environmental compliance matters and exercised appropriate oversight over Cabot's environmental compliance and remediation practices.

222. Defendants admit that this paragraph purports to quote from a public earnings call transcript that speaks for itself. Defendants otherwise deny the allegations in this paragraph, except that Defendants admit Dinges received periodic update reports about environmental compliance matters and exercised appropriate oversight over Cabot's environmental compliance and remediation practices.

223. Defendants deny the allegations in this paragraph, except that Defendants admit Dinges and Schroeder received periodic update reports about environmental compliance matters and exercised appropriate oversight over Cabot's environmental compliance and remediation practices.

224. Defendants deny the allegations in this paragraph, except that Defendants admit Cabot conducted meetings regarding environmental compliance and remediation matters and that Cabot management exercised appropriate oversight over environmental compliance.

225. Defendants deny the allegations in this paragraph.

226. Defendants admit that this paragraph purports to quote from a press release that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

227. Defendants admit that this paragraph purports to quote from an earnings call transcript and press release that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

228. Defendants admit that this paragraph purports to quote from a Consent Order and press release that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

229. Defendants admit that this paragraph purports to quote from analyst reports that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

230. Defendants admit that this paragraph purports to quote from an investor call transcript that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

231. Defendants admit that this paragraph purports to summarize and/or quote from a letter and press release that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

232. Defendants admit that this paragraph purports to summarize and/or quote from an earnings transcript and various litigation documents that speak for themselves. Defendants also admit that the court in the *Ely* litigation set aside the jury verdict and ordered a new trial due to the weakness of the evidence against Cabot. Defendants otherwise deny the allegations in this paragraph.

233. This paragraph makes allegations against a defendant who has been dismissed with prejudice from this litigation and thus does not require a response. To the extent any further response is required, Defendants admit that this paragraph purports to quote from various

conference call transcripts that speak for themselves. Defendants otherwise deny the allegations in this paragraph, except that Defendants admit Stalnaker exercised appropriate oversight over Cabot's Pennsylvania operations.

234. This paragraph makes allegations against a defendant who has been dismissed with prejudice from this litigation and thus does not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph, except that Defendants admit Stalnaker exercised appropriate oversight over Cabot's Pennsylvania operations and that certain materials prepared by Stalnaker were reviewed by Cabot executives in connection with the preparation of Cabot's SEC filings.

235. This paragraph makes allegations against a defendant who has been dismissed with prejudice from this litigation and thus does not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph, except that Defendants admit Stalnaker exercised appropriate oversight over Cabot's Pennsylvania operations.

236. This paragraph makes allegations against a defendant who has been dismissed with prejudice from this litigation and thus does not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph, except that Defendants admit that management exercised appropriate oversight over Cabot's Pennsylvania operations.

237. The first sentence in this paragraph states a legal conclusion that requires a response. To the extent any further response is required, Defendants deny the allegations in this sentence. Defendants deny the other allegations in this paragraph.

238. Defendants deny the allegations in this paragraph.

239. Defendants refer Plaintiffs to Cabot's SEC filings regarding the source of its revenues during the alleged class period. Defendants deny the allegations in this paragraph to the

extent they are inconsistent with Cabot's SEC filings and deny Plaintiff's allegations about "violations."

240. Defendants admit that the natural gas industry is a competitive industry. Defendants also admit that this paragraph appears to quote from unnamed public statements that speak for themselves. Defendants otherwise deny the allegations in this paragraph.

241. Defendants admit that this paragraph purports to quote from a press release that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

242. Defendants admit that this paragraph purports to quote from a press release that speaks for itself. Defendants otherwise deny the allegations in this paragraph.

243. Defendants admit that this paragraph purports to quote from Cabot's Code of Conduct, which speaks for itself. Defendants otherwise deny the allegations in this paragraph.

244. The first sentence in this paragraph states a legal conclusion that requires a response. To the extent any further response is required, Defendants admit Cabot was subject to laws and regulations from various jurisdiction regarding its drilling and production operations. Defendants deny the other allegations in this paragraph.

245. Defendants deny the allegations in this paragraph.

246. Defendants admit that Dinges and Schroeder signed Sarbanes-Oxley certifications during the alleged class period that speak for themselves, and that they conducted appropriate assessments of Cabot's internal controls. Defendants otherwise deny the allegations in this paragraph.

247. Defendants deny the allegations in this paragraph.

248. Defendants admit that Dinges was CEO and Chairman of the Board at Cabot. Defendants otherwise deny the allegations in this paragraph.

249. Defendants deny the allegations in this paragraph. Defendants refer Plaintiffs to Cabot's Form 4 filings for the details regarding Dinges' stock transactions.

250. Defendants refer Plaintiffs to Cabot's Form 4 filings for the stock transactions of the individuals listed in this paragraph. Defendants deny the allegations in this paragraph to the extent they are inconsistent with those filings.

251. Defendants refer Plaintiffs to Cabot's Form 4 filings for the stock transactions of the individual listed in this paragraph. Defendants deny the allegations in this paragraph to the extent they are inconsistent with those filings.

252. Defendants refer Plaintiffs to Cabot's Form 4 filings for the stock transactions of the individuals listed in this paragraph. Defendants deny the allegations in this paragraph to the extent they are inconsistent with those filings.

253. Defendants deny the allegations in this paragraph.

254. Defendants deny the allegations in this paragraph.

255. Defendants deny the allegations in this paragraph.

256. Defendants deny the allegations in this paragraph.

257. Defendants deny the allegations in this paragraph.

258. Defendants admit that this paragraph purports to summarize or quote from a public SEC filing on July 26, 2019 that speaks for itself. Defendants also admit that Cabot issued third quarter 2019 production guidance and 2019 net production growth guidance on July 26, 2019 that speaks for itself, and that the 2019 net production growth guidance was lower than Cabot's previously issued net production growth guidance for 2019. Defendants deny that Cabot had any "faulty oil wells" in Pennsylvania and deny that the July 26, 2019 disclosure was "corrective" of any prior alleged misstatements. Defendants otherwise deny the allegations in this paragraph.

259.    Defendants deny the allegations in this paragraph.

260.    Defendants deny the allegations in this paragraph.

261.    Defendants deny the allegations in this paragraph.

262.    Defendants admit that the Pennsylvania Attorney General made a public announcement on June 15, 2020 regarding its investigation of Cabot and the Grand Jury report, which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

263.    Defendants deny the allegations in this paragraph.

264.    The daily trading prices of Cabot stock are matters of public record and are subject to judicial notice. Defendants deny the allegations in this paragraph to the extent they are inconsistent with the publicly reported prices of Cabot stock during the time period purportedly covered by the chart.

265.    Defendants deny the allegations in this paragraph.

266.    This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in subparagraphs (a), (b), (d), (e), and the opening portion of the paragraph, but reserve the right to conduct expert analysis as to subparagraph (c), which is typically a matter requiring expert opinion. Without such analysis, Defendants lack knowledge sufficient to admit or deny the allegation in subparagraph (c). To the extent any further response is required, Defendants deny all other allegations in this paragraph.

267.    Defendants admit Cabot met the listing requirements for, and was traded on, the NYSE, that Cabot periodically filed SEC reports that speak for themselves, and that Cabot disseminated public statements through press releases, SEC filings, and other means. Defendants reserve the right to conduct expert analysis as to market efficiency, which is typically a matter

requiring expert opinion. Without such analysis, Defendants lack knowledge sufficient to admit or deny the allegation regarding the alleged efficiency of the market for Cabot stock.

268. Defendants deny the allegations in this paragraph.

269. Defendants deny the allegations in this paragraph.

270. Defendants deny the allegations in this paragraph.

271. This paragraph simply recites Plaintiffs' purported class definition and does not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

272. The first sentence of this paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in that sentence. Defendants admit the allegations in the second sentence of this paragraph. Defendants otherwise deny the allegations in this paragraph.

273. This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

274. This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

275. This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

276. This paragraph states legal conclusions that do not require a response. To the extent any further response is required, Defendants deny the allegations in this paragraph.

277. This paragraph simply purports to reincorporate Plaintiffs' prior allegations. Defendants incorporate by reference their responses to the prior paragraphs as if fully stated herein.

278. Defendants deny the allegations in this paragraph.

279.    Defendants deny the allegations in this paragraph, including all subparts.

280.    Defendants deny the allegations in this paragraph.

281.    Defendants deny the allegations in this paragraph.

282.    This paragraph simply purports to reincorporate Plaintiffs' prior allegations. Defendants incorporate by reference their responses to the prior paragraphs as if fully stated herein.

283.    Defendants deny the allegations in this paragraph.

## RESPONSES TO PRAYER FOR RELIEF

A.    Defendants deny and oppose the relief sought in this paragraph.

B.    Defendants deny and oppose the relief sought in this paragraph.

C.    Defendants deny and oppose the relief sought in this paragraph.

D.    Defendants deny and oppose the relief sought in this paragraph.

## RESPONSE TO JURY DEMAND

This Paragraph states legal conclusions and does not contain any material allegations concerning Defendants, and therefore no response is required.

## DEFENSES

As additional defenses, Defendants allege, assert, and aver the following defenses, which apply to each and every cause of action asserted in the Complaint against Defendants to which such defense is or may be applicable. By virtue of alleging these defenses, Defendants do not assume the burden of proof or persuasion where such burden is not otherwise legally assigned to them. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to this action. Defendants reserve the right to raise additional defenses and to amend, supplement, or otherwise modify those asserted herein upon further analysis and discovery of further information regarding Plaintiffs' claims.

**FIRST DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the Complaint fails to state a claim against Defendants upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the Complaint fails to satisfy the requirements of Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act ("PSLRA") by not pleading particularized facts showing that Defendants made material misstatements or omissions, by failing to identify all facts on which Plaintiffs' information and belief allegations are based, by failing to plead particularized facts supporting a strong inference of scienter, and by failing to allege sufficient facts showing loss causation.

**THIRD DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the liability of Defendants is asserted, contained sufficient cautionary language or risk disclosure as to be rendered non-actionable by the "bespeaks caution" doctrine and the PSLRA safe harbor.

## FOURTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because certain alleged misstatements were forward-looking statements accompanied by meaningful cautionary language and/or were made without actual knowledge that such statements were false or misleading, so as to be rendered non-actionable under the safe harbor provisions of the PSLRA.

## FIFTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have not sustained any cognizable injury.

## SIXTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements allegedly attributable to Defendants were not false or misleading.

## SEVENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements allegedly attributable to Defendants were not material.

## EIGHTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants neither owed nor breached any duty to Plaintiffs and putative class members to disclose information allegedly omitted from the statements at issue in this case.

**NINTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the supposedly omitted or misrepresented facts were publicly disclosed, either by Defendants or others, and/or would be facts obvious to or knowable by a reasonable investor.

**TENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent the supposedly omitted or misrepresented facts were actually known to Plaintiffs or other putative class members.

**ELEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Dinges and Schroeder acted at all times in good faith and without scienter, and neither knew nor were reckless in not knowing that any alleged misstatements at issue in this case were false or misleading.

**TWELFTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they purchased shares of Cabot stock with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of their shares would decline if those risks materialized.

**THIRTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they did not reasonably rely on any allegedly false or misleading statements of material fact when they purchased shares of Cabot stock, and the "fraud-on-the-market" presumption of reliance is unavailable.

## FOURTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent they did not rely on the market price of Cabot stock in making their investment decisions, and to the extent that the market price of Cabot stock was not impacted as a result of any alleged misrepresentation or omission made by Defendants, such that the "fraud-on-the-market" presumption of reliance is unavailable.

## FIFTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that they did not rely solely on public information or the integrity of the market when purchasing Cabot stock.

## SIXTEENTH DEFENSE

Plaintiffs and any members of the class that Plaintiffs purport to represent may not recover for the statements allegedly made by securities analysts and/or journalists, or to the extent interviews or statements by Defendants were shown or excerpted out of context.

## SEVENTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because there is no loss causation. Any damages or injuries allegedly suffered by Plaintiffs or putative class members were not legally caused by any act or omission by Defendants and, to the extent any stock losses occurred, were caused by disclosures of matters unrelated to the alleged misstatements and omissions at issue in this litigation or by factors other than the alleged misstatements or omissions at issue in this case.

## EIGHTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because of the lack of transaction causation.

### NINETEENTH DEFENSE

Plaintiffs' claims predicated on statements of opinion or belief fail because Plaintiffs cannot prove that those statements were objectively false when made and that each statement misrepresented the speaker's subjective opinion or belief or that material information was omitted that Defendants were required to disclose to make the statements not misleading.

### TWENTIETH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the liability of Defendants is asserted, contained sufficient cautionary language or risk disclosure as to be rendered non-actionable.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that they would have acquired Cabot stock, even if they had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Plaintiffs propose to assert liability.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements and omissions, including non-actionable expressions of opinion and puffery, were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, by the doctrines of waiver, and/or estoppel, and/or laches, and/or unclean hands.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' recovery is barred, in whole or in part, for lack of standing.

**TWENTY-FIFTH DEFENSE**

The Individual Defendants are not subject to control person liability under Section 20(a) of the Exchange Act because they acted in good faith and/or did not directly or indirectly induce, or culpably participate in, any of the alleged acts purportedly in violation of the Exchange Act.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants did not employ any devices, schemes, or artifices to defraud, or engage in any acts or practices which operated as a fraud or deceit upon Plaintiffs or any other persons.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged damages, if any, are nonexistent, speculative, and/or are impossible to ascertain.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs are not entitled to class certification under Federal Rule of Civil Procedure 23.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent (as well as any arguments that Plaintiffs are entitled to certify a class) are barred, in

whole or in part, based on the absence of price impact and the severance of the link between the alleged misstatements or omissions and the purported stock price inflation or decline.

## THIRTIETH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that the harm they allegedly suffered, if any, was caused by factors, persons, or entities other than Defendants, over which Defendants had no control or responsibility.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that the claims asserted in the Complaint are premised on allegations by purported anonymous witnesses who would not in fact testify to the statements attributed to them in the Complaint and/or who were not correctly described or quoted in the Complaint.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that the claims asserted in the Complaint are premised on allegations by purported anonymous witnesses for which Plaintiffs failed to provide fair notice of their identity.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

(1)     Enter judgment for Defendants dismissing the Complaint;

(2)     Award Defendants costs and expenses incurred in defending this action; and

(3)     Grant Defendants such other and further relief as the Court deems just and proper.,

- 39 -

Dated: September 14, 2022

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP
/s/ *Peter A. Stokes*
Gerard G. Pecht (Attorney-in-Charge)
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on September 14, 2022, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Peter A. Stokes*
Peter A. Stokes

- 40 -