United States District Court
Southern District of Texas

**ENTERED**

November 08, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:21-cv-02045 |
| Plaintiff, | § § § | CLASS ACTION |
| vs. | § § | |
| CABOT OIL & GAS CORPORATION, et al., | § § § | |
| Defendants. | § § § | |

**JOINT STIPULATION AND PROTECTIVE ORDER**

4857-4126-6492.v1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs and Defendants (collectively, the "Parties")[1] to the above-captioned action (the "Action") respectfully request that the Court issue a protective order to protect certain confidential, proprietary or private information that may be produced in the course of discovery in this Action.  The Parties by and through their respective undersigned counsel hereby stipulate to the following terms governing the pre-trial phase of this Action, subject to the Court's approval.

## I.    DEFINITIONS

1.    **Challenging Party**.  A Party or Non-Party that challenges the designation of Discovery Material as "Confidential" under this Stipulation and Order.

2.    **Confidential Discovery Material or Designated Discovery Material**.  Any Discovery Material designated as "Confidential" pursuant to the terms of this Stipulation and Order.

3.    **Designating Party**.  Any Party or Non-Party who designates information or items for protection pursuant to the terms of this Stipulation and Order.

4.    **Discovery Material**.  Any information provided in the course of discovery in this Action, including, but not limited to, information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, and tangible things.

5.    **Non-Party**.  Any person or entity that is not a Party to the Action.

6.    **Party**.  Any Party to the Action, including all of its officers, directors, employees, consultants, retained experts, and counsel (including their support staff).

---

[1]    "Plaintiffs" refers to Lead Plaintiff Delaware County Employees Retirement System and additional plaintiff Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan.  "Defendants" refers to Cabot Oil & Gas Corporation (now known as Coterra Energy Inc.), Dan O. Dinges and Scott C. Schroeder.

7.      **Producing Party**.  A Party or Non-Party that produces Discovery Material in the Action.

8.      **Receiving Party**.  A Party that receives Discovery Material from a Producing Party in the Action.

## II.    DESIGNATING DISCOVERY MATERIAL

1.      Any Producing Party may designate as "Confidential" Discovery Material that the Producing Party believes in good faith consists of:

(a)     financial information not otherwise disclosed to the public;

(b)     business plans, product development, formulation, or research information, marketing plans, commercial information or trade secrets not otherwise disclosed to the public;

(c)     any information entitled to confidential treatment under the Federal Rules of Civil Procedure or other applicable laws or regulations, including information that is subject to privacy, data protection or secrecy laws; or

(d)     any other category of information hereinafter given confidential status by the Court.

2.      Nothing in this Order, however, prejudices in any way any objection to, or position concerning, production of the foregoing.

3.      Each Designating Party will take care to limit any such designation to specific material that qualifies under the appropriate legal standards.  To the extent it is practical to do so, the Designating Party will designate for protection only those parts of material, documents, items, or oral or written communications that qualify for such protection.  Indiscriminate designations are improper.

4.      With respect to the "Confidential" portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such portion

as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5.      With respect to deposition transcripts and exhibits, a Designating Party or its counsel may indicate on the record at the deposition or within 30 days of receipt of the final deposition transcript that the transcript, or a portion thereof, contains "Confidential" information. Transcripts containing "Confidential" testimony shall have an obvious legend on the title page indicating that the transcript contains "Confidential Information," and the title page shall be followed by a list of all pages that have been designated as "Confidential" pursuant to the terms of this Stipulation and Order.

6.      If prior to the trial of this Action, a Designating Party realizes that some portion(s) of Discovery Material that was previously produced without limitation should be designated as "Confidential," that Designating Party may so designate the Discovery Material by apprising all Parties in writing, and such designated portion(s) of Discovery Material will thereafter be treated as "Confidential" pursuant to the terms of this Stipulation and Order.  Inadvertent failure to designate Discovery Material as "Confidential" will not operate as a waiver of the Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.

## III.   ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL

1.      Any person subject to this Order who receives from any Producing Party Discovery Material that is designated as "Confidential" shall not disclose such Designated Discovery Material except as expressly permitted herein.  Any violation of the terms of this Order shall be punishable by relief the Court deems appropriate.

2.      No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "Confidential" to any other person whomsoever, except to:

(a)     the Parties to this Action;

(b)     counsel retained specifically for this Action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(c)     its author, its addressee, or any other person indicated on the face of the document as having received a copy;

(d)     deponents, or witnesses in this Action, and their counsel;

(e)     any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, including consulting experts, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)     court reporters, and other professional vendors to whom disclosure is reasonably necessary for this Action;

(g)     the Court and its support personnel;

(h)     any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of this Action; and

(i)     any other person agreed upon in advance by all Parties to the Action in writing or on the record or any person as to whom the Court directs should have access.

3.      Prior to any disclosure of any Designated Discovery Material to any person referred to in subparagraphs 2(e) or 2(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A

- 4 -

hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

4.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosures; (ii) use best efforts to retrieve all copies of the Designated Discovery Material; (iii) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Order; and (iv) request that such person(s) either return or certify that all copies of the Designated Discovery Material inadvertently disclosed to them have been destroyed or, if appropriate under the terms of this Order, execute the undertaking in the form attached as Exhibit A hereto.

5.     This Order does not prohibit a Producing Party's use of its own Designated Discovery Material for any purpose.

6.     This Order does not apply to any information or material that: (i) was, is or becomes public knowledge other than through a breach of this Order; (ii) is acquired or learned by the Receiving Party independent of discovery in this Action; or (iii) is required by law to be made available to third parties.

## IV.     FILING CONFIDENTIAL DISCOVERY MATERIAL

1.     Because Discovery Materials may be submitted to the Court by a Party other than the Designating Party, and the filing Party may disagree or have no position with respect to whether sealing the document is necessary, the filing Party will initially file all Confidential Discovery Materials conditionally under seal and indicate to the Court that the under-seal filing is made pursuant to the Designating Party's determination that said Discovery Materials are "Confidential" pursuant to the terms of this Stipulation and Order.

2.      Within seven days of the conditional filing, the filing Party and the Designating Party shall meet and confer in a good faith effort to narrow or eliminate the materials or information subject to the conditional filing.  Within 14 days of the conditional filing, the Designating Party shall file a motion to seal not to exceed 10 pages of double-spaced 12 point font, identifying the specific materials that it believes should remain under seal and the basis for the request to seal the materials and whether the motion is opposed.  To the extent the filing Party and Designating Party disagree as to whether sealing of any material is necessary, the Party opposing the sealing may file a response within five days, also limited to 10 pages of double-spaced 12 point font.  The Discovery Material that is the subject of the motion to seal shall be treated as "Confidential" (as designated by the Designating Party) until the Court rules on said motion.  If no motion to seal is timely filed, the Court may direct that the filings be made publicly available.

3.      All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford "Confidential" treatment to any Designated Discovery Material introduced in evidence at trial, even if such material has previously been sealed by an order of the Court pre-trial or designated as "Confidential" by the Parties during discovery.  The Court has the discretion whether to afford confidential treatment to any document or information contained in any document submitted to the Court in connection with any motion, application or proceeding that may result in an order and/or decision by the Court.

## V.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.      A Party may object to the designation of Designated Discovery Material at any time.  Failure to do so at the time of the designation does not operate as a waiver of any Receiving Party's right to challenge the designation of any Designated Discovery Material by any Designating Party.

2.	In the event that a Receiving Party wishes to challenge the designation of any Designated Discovery Material, the Challenging Party shall give written notice to the Designating Party and all Parties to the Action stating with particularity the grounds of the objection. The Challenging Party and the Designating Party shall attempt in good faith to resolve all objections by agreement.

3.	If agreement cannot be reached after meeting and conferring, the Designating Party may submit a motion, not to exceed five pages of double-spaced 12 point font.  The Responding Party may file a response within five days, also limited to five pages of double-spaced 12 point font.

## VI.	FEDERAL RULE OF EVIDENCE 502(d) PROVISIONS

1.	Pursuant to Federal Rule of Evidence 502, the inadvertent production of any Discovery Material in this Action will be without prejudice to any claim that the material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material"), and no party waives any claims or arguments under the inadvertent-production doctrine.  In addition, the parties agree that the production of Privileged Material, without more, shall not be construed to mean that the production of the Privileged Material was not inadvertent or was intentional.

2.	If a Disclosing Party believes that Privileged Material was inadvertently produced, the Disclosing Party may notify any party (in writing or orally on the record during a deposition) that received the information of the claim and the basis for it (the "Recall Notice").  Upon receipt of a Recall Notice, the Receiving Party must cease use of the claimed Privileged Material until any dispute regarding the claim of privilege is resolved.  Within 14 days after receipt of this Recall Notice, the Receiving Party (i) must return, sequester, or destroy the claimed Privileged Material

and any copies it has and (ii) may notify the Disclosing Party in writing whether it objects to the designation of the material as privileged or protected.

3.　　　Within 10 days of the Recall Notice, the Disclosing Party shall produce a privilege log with respect to the Privileged Material.  In the event the Receiving Party asserts an objection to the Recall Notice, then within 10 days of the receipt of such an objection, the Receiving Party and the Disclosing Party must meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected.  If the parties cannot resolve their disagreement, the Disclosing Party may within 10 days following the failure of the parties' meet and confer efforts present the information to the Court under seal for a determination of the Disclosing Party's claim of privilege.  The Disclosing Party has the burden of showing that the Privileged Material at issue is privileged or protected.  If the Disclosing Party does not seek a determination by the Court regarding the Privileged Material within 10 days following the failure of the parties' meet and confer efforts, the Privileged Material in question will no longer be deemed privileged.

## VII.　IMMEDIATE AND CONTINUING EFFECT

1.　　　This Order shall become effective as a Stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

2.　　　This Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Action.  Within 60 days of the final disposition of the Action, including the time for appeal, upon request of the Producing Party, all Designated Discovery Material, and all copies thereof, shall be promptly returned to the Producing Party, or, destroyed at the Receiving Party's discretion.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Discovery Material under this Order.

3.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

DATED:  October 28, 2022          Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700, S.D. Texas Bar No. 30973, ATTORNEY IN CHARGE)


                                  /s/ Joe Kendall
                                  JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff

DATED:  October 28, 2022          NORTON ROSE FULBRIGHT US LLP
                                  PETER A. STOKES


                                  /s/ Peter A. Stokes
                                  PETER A. STOKES

PETER A. STOKES
State Bar No. 24028017
98 San Jacinto Boulevard, Suite 1100
Austin, Texas  78701-4255
Telephone: (512) 474-5201
(512) 536-4598 (fax)
peter.stokes@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
GERARD G. PECHT
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
(713) 651-5246 (fax)
gerard.pecht@nortonrosefullbright.com

Attorneys for Defendants

*      *      *

**O R D E R**

- 10 -

IT IS SO ORDERED.

DATED:    November 08, 2022

THE HONORABLE LEE H. ROSENTHAL
CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

1.    My address is _____.

2.    My present employer is _____ and the

address        of        my        present        employment        is

_____.

3.    My present occupation or job description is _____.

4.    I have carefully read and understood the provisions of the Protective Order in this

case signed by the Court, and I will comply with all provisions of the Protective Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the

Protective Order any Confidential Material or any words, summaries, abstracts, or indices of

Confidential Information disclosed to me.

6.    I will limit use of Confidential Material disclosed to me solely for purpose of this

action.

7.    No later than the final conclusion of this case, I will return all Confidential Material

and summaries, abstracts, and indices thereof which come into my possession, and documents or

things which I have prepared relating thereto, to counsel for the party for whom I was employed

or retained or destroy all such Confidential Material at the request of counsel for the party for

whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____    _____

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 28,2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Joe Kendall
Joe Kendall

KENDALL LAW GROUP, PLLC
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
E-mail: jkendall@kendalllawgroup.com

- 1 -

# Mailing Information for a Case 4:21-cv-02045 Delaware County Employees Retirement System v. Cabot Oil & Gas Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl James Alvarado**
  dalvarado@rgrdlaw.com

- **Joshua Edward D'Ancona**
  jdancona@ktmc.com,ssidibe@ktmc.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Kevin Lavelle**
  klavelle@rgrdlaw.com

- **Henry W. Longley**
  hlongley@ktmc.com

- **Francisco J Mejia**
  fmejia@rgrdlaw.com,E_File_SD@rgrdlaw.com,kjohnson@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Gerard G Pecht**
  gerard.pecht@nortonrosefulbright.com,sumera.khan@nortonrosefulbright.com,tanya.lowe@nortonrosefulbright.com

- **Kelly A Potter**
  kelly.potter@nortonrosefulbright.com

- **Peter Andrew Stokes**
  peter.stokes@nortonrosefulbright.com,julie.wright@nortonrosefulbright.com

- **Andrew L. Zivitz**
  azivitz@ktmc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Helen          J Bass
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Rd
Radnor, PA 19087

Alex           B Heller
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Rd
Radnor, PA 19087

Lawrence       F. Stengel
Saxton & Stump LLC
280 Granite Run Drive
Suite 300
Lancaster, PA 17601
```