UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*******************************************************************

DELAWARE COUNTY EMPLOYEES        4:21-CV-02045
RETIREMENT SYSTEM


VS.                              HOUSTON, TEXAS


CABOT OIL & GAS CORPORATION,
ET AL.                           AUGUST 26, 2022


*******************************************************************

TRANSCRIPT OF INITIAL CONFERENCE PROCEEDINGS
HEARD BEFORE THE HONORABLE LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE

*******************************************************************


APPEARANCES:

FOR THE PLAINTIFF               MR. DARRYL JAMES ALVARADO
DELAWARE COUNTY EMPLOYEES       MR. FRANCISCO J. MEJIA
RETIREMENT SYSTEM               MR. KEVIN LAVELLE
INDIVIDUALLY AND ON             Robbins Geller
BEHALF OF ALL OTHERS               Rudman & Dowd LLP
SIMILARLY SITUATED:             655 W. Broadway
                                Suite 1900
                                San Diego, California 92101


FOR THE PLAINTIFF               MR. ALEX B. HELLER
IRON WORKERS DISTRICT           MR. ANDREW L. ZIVITZ
COUNCIL (PHILADELPHIA           Kessler Topaz
AND VICINITY) RETIREMENT           Meltzer & Check LLP
AND PENSION PLAN:               280 King of Prussia Road
                                Radnor, Pennsylvania 19087



Proceedings recorded by mechanical stenography,
transcript produced via computer.

FOR THE DEFENDANTS:          MR. PETER ANDREW STOKES
                            Norton Rose Fulbright US LLP
                            98 San Jacinto Boulevard
                            Suite 1100
                            Austin, Texas 78701

                            MS. KELLY A. POTTER
                            Norton Rose Fulbright US LLP
                            1301 McKinney
                            Suite 5100
                            Houston, Texas 77010


Official Court Reporter:    Lanie M. Smith, CSR, RMR, CRR
                            Official Court Reporter
                            United States District Court
                            Southern District of Texas
                            515 Rusk
                            Room 8004
                            Houston, Texas 77002

**P R O C E E D I N G S**

THE COURT:  Are we ready to proceed in the Delaware County case?

MR. ALVARADO:  Good morning, Your Honor.  Plaintiffs are ready to proceed.

MR. STOKES:  Good morning, Your Honor.  Defendants are ready as well.

THE COURT:  All right.  Go ahead and state your appearances, please.

MR. ALVARADO:  Good morning, Your Honor. Darryl Alvarado from Robbins Geller Rudman & Dowd on behalf of the plaintiffs; and with me are Kevin Lavelle and Frankie Mejia.

MR. ZIVITZ:  Good morning, Your Honor.  Andrew Zivitz from Kessler Topaz Meltzer & Check also on behalf of the plaintiffs.  I'm joined by my colleague Alex Heller.

THE COURT:  Very good.  I think we need to get a scheduling order in place; is that correct?

MR. ALVARADO:  That's right, Your Honor.

THE COURT:  Well, let's do that.

Did the parties submit a proposed scheduling order?  I don't think I have a copy.

MR. ALVARADO:  We did, Your Honor.  It didn't come through until yesterday evening.  I can send over an e-mail if that's easier.

THE COURT: Can you shoot an e-mail to me directly? lee_rosenthal@txs.uscourts.gov?

MR. ALVARADO: I'm sorry. T-S-X?

THE COURT: T-X-S -- Texas with no vowels.

MR. ALVARADO: Okay.

THE COURT: .uscourts.gov.

MR. ALVARADO: It will be over there in one minute.

THE COURT: I think we just have another person who has joined.

Who is this, please?

MR. STOKES: Good morning, Your Honor. This is Peter Stokes at Norton Rose Fulbright for the defendants; and with me is Kelly Potter, also from our firm.

THE COURT: Very good. Thank you.

MR. STOKES: Thank you, Your Honor.

(Brief pause in the proceedings.)

THE COURT: Well, in the meantime, let me get a sense of what kind of discovery you envision.

MR. ALVARADO: Sure, Your Honor. The parties proposed -- I guess, you know, we proposed exchanging initial disclosures on September 14th.

THE COURT: I understand that. Let's scoot to depositions. Who do you need to depose?

MR. ALVARADO: Oh, sure. You know, certainly the named defendants, the CEO and the CFO. You know, without knowing

exactly who, I think there's going to be a number of folks in the Susquehanna County area who were responsible for the area who were the ones on the ground addressing violations communicating with corporate.

I think that's going to be certainly Mr. Stalnaker who is no longer a defendant, certain of the folks who we named in the complaint as being involved in that process.

In terms of a number, you know, it's hard to say just without having looked at documents, but probably somewhere in the neighborhood of 20.

THE COURT:  All right.  And on the defense side, what do you think?

MR. STOKES:  Your Honor, we certainly want to depose the plaintiff in this case.  And with respect to the number of defense depositions, in fairness, we haven't provided our initial disclosures yet.  So I think we'll provide Mr. Alvarado more information when those are furnished.  But we think 20 is on the high side.  We think this is a narrow case involving --

THE COURT:  I agree with that.

MR. STOKES:  -- involving a limited number of wells and that it's a case that involves ultimately the scienter of the two individual defendants and a small number of additional people potentially involved in the chain of communications.

So we will happily provide our initial

disclosures, and we can have some further discussions on that.

THE COURT:  All right.  Is it going to take you until January to do your document production?  That really seems unnecessarily long.

MR. STOKES:  We do believe we can complete it earlier, Your Honor.  I think it's, again, a targeted set of issues and a targeted number of wells.  We already started looking, as you can presume, Your Honor, at some of the documents.  And so we don't believe we'll need all that time, but we're not opposed to whatever the Court wants to do on that front.

THE COURT:  Okay.  Well, the Court wants to set a November 28th deadline for documents, which would mean I would like your class certification motion on -- I think you can get that done earlier.  I think you can get that done by December 5th.

So December 5th for class certification, which would mean your deadline for the opposition would be due -- well, there's Christmas in there, but right before Christmas.  I'm going to give you until January 6th to get by the Christmas holidays.

MR. STOKES:  Thank you, Your Honor.

THE COURT:  And then the plaintiffs' reply, I'll give you until January 20th.  We'll have a hearing on class certification on January 30th.  We can do that by Zoom, let's say, at 10:00.

Completion of fact discovery -- you don't need until July I don't think.  I think that's really overly leisurely.  I think you ought to be finished with fact discovery by April 14th.

So expert designations.  Who's got to be an expert here?

MR. ALVARADO:  Your Honor, for the plaintiffs, we'll certainly have a damages and loss causation expert.  I'm fairly certain we'll have an industry expert who's an expert in -- probably both on the drilling and fracking side and also on the legal compliance side.

Those are sort of three that come to mind.

MR. STOKES:  Your Honor, we'll also have a damages expert and a price -- it will be the same person -- a price impact rebuttal expert whose report we would serve with our class opposition.

And then we would have a rebuttal expert to the industry experts that Mr. Alvarado has proposed.

THE COURT:  All right.  So if April 14th is the deadline for fact discovery, then the deadline to amend pleadings is April 28th; deadline for expert designations is May 12th.

How long will it take you to designate, to depose experts?

MR. ALVARADO:  I think, you know, after the submission

of the rebuttals and the responses, probably three or four weeks, I think, is reasonable, Your Honor.

THE COURT:  All right.  So if -- what did I say?  If I said May 12th, the responsive expert designations will be due June 12th.  You should be able to then complete your discovery by July 10.  You'll have to plan well in advance to do that.

And you should be able then to have your dispositive motions on file July 24, responses due on August 14, reply August 21st, argument August 28th, joint pretrial order will be due November 3rd if I find triable issues after you file the summary judgment motion and we'll have a final pretrial conference November 10 and we'll plan on trying the case the latter part of next year.

Does that work?

MR. ALVARADO:  That works for plaintiff, Your Honor.

MR. STOKES:  Works for defendants, Your Honor.

THE COURT:  All right.  You'll get a copy.

Is there any likely avenue towards mediation or a resolution short of -- before you start launching this very expensive proposed discovery and time-consuming?

MR. ALVARADO:  Your Honor, the parties have not had any discussions about that since the order came down.  We're happy to confer with the defendants to get their position.  We're always willing to discuss settlement.  So if we have a willing partner, we're happy to do it.

MR. STOKES:  And we'll confer with our clients as well and happy to have a conversation.

THE COURT:  All right.  I think that would be a very good thing if you can do that.  And if you need -- I think you should be able to agree on a good mediator and there are a number of them; but it seems to me to make a lot of sense to try that before you launch into the most expensive part of this discovery, which will be your time taking all the depositions and then getting the expert work accomplished, not to mention another round of briefing.

So good luck on your efforts to try to resolve the case.

MR. STOKES:  Thank you, Your Honor.

THE COURT:  Is there anything further that we can do today?

MR. ALVARADO:  Not from plaintiffs, Your Honor.

MR. STOKES:  Your Honor, we had discussed internally potentially filing a very limited motion for reconsideration. We're obviously realistic on the prospects historically on those types of motions; but we do intend to proceed with our answer, with our disclosures, with getting the documents out and we're, you know, happy to have conversations with respect to settlement as well.

But I just wanted to mention that before if it does come in, it doesn't come in unsurprisingly.

10

THE COURT:  I appreciate the heads-up.

MR. STOKES:  Thank you, Your Honor.

THE COURT:  Thank you.  And of course the uncertainty of the outcome either before me or a jury or the Fifth Circuit would seem to me to provide added impetus to both sides to try to get this resolved in some way.

But they're very interesting issues, so thank you for briefing them well.

MR. STOKES:  Thank you, Your Honor.

MR. ALVARADO:  Thank you, Your Honor.

THE COURT:  If there's nothing further, you're all excused.  I hope you-all stay well.

MR. ALVARADO:  Thank you.

MR. STOKES:  Thank you, Your Honor.

(The proceedings were adjourned.)

* * * *

REPORTER'S CERTIFICATE

I, Lanie M. Smith, CSR, RMR, CRR, Official Court Reporter, United States District Court, Southern District of Texas, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

_____/s/ Lanie M. Smith_____
Official Court Reporter