# Exhibit 4



**pennsylvania**
DEPARTMENT OF ENVIRONMENTAL
PROTECTION



June 20, 2017

**CERTIFIED MAIL NO.  7016 3010 0000 2307 9111**

Cabot Oil and Gas Corp.
Attention:  Mr. John Smelko
2000 Park Lane, Suite 300
Pittsburgh, PA  15275

Re:  Notice of Violations of Oil and Gas Act & Clean Streams Law
     Gas Migration Investigation-Howell Well Pad ("Facility")
     Auburn Township, Susquehanna County

Dear Mr. Smelko:

This is a Notice of Violations regarding your oil and gas activities associated with the above-referenced Facility.

On March 2, 2017, Cabot Oil & Gas Corporation (Cabot) notified the Department of the receipt of a complaint regarding the conditions of a private water supply located in Auburn Township, Susquehanna County ("Water Supply A") (see Exhibit A).  Cabot operates a number of gas wells in the area of the Water Supply, including the Howell, G Pad 1, which has these four (4) gas wells: the Howell, G. 2H (115-22172), Howell, G. 4H (115-22173), Howell, G. 6H (115-22174) and the Howell, G. 8H (115-22175).  The Department issued a notice of legal presumption letter to Cabot dated March 7, 2017, regarding Water Supply A.  Recently, two additional water supplies were identified with elevated dissolved methane and/or combustible gas in the headspace of the water wells (Water Supplies B and C, also identified in Exhibit A).  A notice of legal presumption letter was issued to Cabot regarding those water supplies on June 14, 2017. Observations made during an inspection conducted by the Department on March 16, 2017, at the Howell, G. Pad 1 revealed the presence of combustible gas in annular spaces at each of the above-referenced gas wells.  Additionally, the Department detected gas outside of the surface casing in the Howell, G. 6H gas well.  Since that time, Cabot has been conducting various diagnostic and remedial work at the gas wells.

Based on the above, the Department has identified the following violations of the Pennsylvania Oil and Gas Act, Act of February 14, 2012, P.L. 87, No. 13, 58 Pa. C.S. §§ 3201-3274 ("2012 Oil and Gas Act"); and The Pennsylvania Clean Streams Law, Act of June 22, 1937, P.L. 1987, as amended, 35 P.S. §§ 691.1-691.1001 ("Clean Streams Law"), and the rules and regulations promulgated thereunder:

    1.    <u>Failure to prevent the migration of gas or other fluids into sources of fresh groundwater</u>

Mr. John Smelko                                    - 2 -                                    June 20, 2017

The Department's investigation revealed that Cabot has caused or allowed combustible gas from lower formations to enter fresh groundwater in Auburn Township, Susquehanna County. This is a violation of 25 Pa. Code § 78a.81(a)(2) and (3), which states, in part:

"The operator shall conduct casing and cementing activities under this section and §§ 78a.82, 78a.83, 78a.83a, 78a.83b, 78a.83c, and 78a.84-78a.87 or an approved alternative method under § 78a.75 (relating to alternative methods). The operator shall case and cement a well to accomplish the following:

(2) Prevent the migration of gas or other fluids into sources of fresh groundwater.

(3) Prevent pollution or diminution of fresh groundwater."

2.     Unpermitted discharge of polluting substances

Our investigation revealed that Cabot has caused or allowed the unpermitted discharge of combustible gas from lower formations to waters of the Commonwealth in Auburn Township, Susquehanna County. This is a violation of Section 401 of the Clean Streams Law, 35 P.S. § 691.401, which provides:

"It shall be unlawful for any person or municipality to put or place into any of the waters of the Commonwealth, or allow or permit to be discharged from property owned or occupied by such person into any waters of the Commonwealth, any substance of any kind or character resulting in pollution as herein defined."

3.     General provision for well construction and operation

Our investigation revealed that Cabot's Howell, G. 6H gas well has or had combustible gas outside of the surface casing. This is a violation of 25 Pa. Code § 78a.73(b), which states:

"The operator shall prevent gas, oil, brine, completion and servicing fluids, and any other fluids or materials from below the casing seat from entering fresh groundwater, and shall otherwise prevent pollution or diminution of fresh groundwater."

4.     Cement Standards

Our investigation revealed that Cabot's Howell, G. 6H gas well has or had combustible gas outside of the surface casing. This is a violation of 25 Pa. Code § 78a.85(a)(5), which states:

Mr. John Smelko                          - 3 -                          June 20, 2017

> "When cementing surface casing or coal protective casing, the operator shall use cement that meets or exceeds the ASTM International C 150, Type I, II, or III Standard or API Specification 10.  The cement must also:
>
> (5)  Prevent gas flow in the annulus.  In areas of known shallow gas producing zones, gas block additives and low fluid loss slurries shall be used."

Please note that because Cabot and the Department became simultaneously aware of defective cement in the process of evaluating the Howell, G. 2H, Howell, G. 4H, Howell, G. 6H, and the Howell, G. 8H, no violations for failure to notify have been cited per 25 Pa. Code §78a.86 related to defective cement.  However, for all annuli where combustible gas was observed, Cabot is required to comply with 25 Pa. Code §78a.86, which provides in part:

> "In a well that has defective, insufficient or improperly cemented casing, the operator shall report the defect to the Department within 24 hours of discovery by the operator and shall correct the defect.  The operator shall correct the defect or submit a plan to correct the defect for approval by the Department within 30 days.  If the defect cannot be corrected or an alternative method is not approved by the Department, the well shall be plugged under §§78a.91 – 78a.98 (related to plugging)."

A violation of the Clean Streams Law or the rules or regulations promulgated thereunder is contrary to Section 602 and 611 of that Act, for which the Department could institute administrative, civil, and/or criminal proceedings.  The Act provides for up to $10,000 per day in civil penalties, up to $10,000 in summary criminal penalties, and up to $25,000 in misdemeanor criminal penalties for each violation.  Each day of continued violation constitutes a separate offense.

A violation of the Oil and Gas Act or the rules or regulations promulgated thereunder is contrary to Sections 3255 and 3256 of that Act, for which the Department could institute administrative, civil, and/or criminal proceedings.  The Act provides for up to $75,000 in civil penalties plus $5,000 for each day of continued violation, up to $1,000 in summary criminal penalties, and up to $5,000 in misdemeanor criminal penalties for each violation.  Each day of continued violation constitutes a separate offense.

**CORRECTIVE ACTION PLAN**

The Department requests that Cabot continue to work proactively to address the Water Supplies currently under presumption and any others that may be affected.  Further, Cabot should continue the various necessary diagnostic and remedial efforts already underway to identify and eliminate any suspected sources of stray gas.  The Department requests that you provide a written response within thirty (30) days of receipt of this letter describing: 1) your investigation of this gas migration incident; 2) when the above listed violations were or will be corrected; and 3) the steps that you are taking to prevent their recurrence.  This should include Cabot's plan to

Mr. John Smelko                              - 4 -                              June 20, 2017

correct the defective cement identified in the Howell, G. gas wells, as described above, and to eliminate the migration of gas away from the wellbore at its subsurface, geologic source.

## RELATED WATER SUPPLY COMPLAINTS

On March 7, 2017, you received a Notice regarding the first Water Supply presumed to have been polluted as a result of your activities. On April 7, 2017, Cabot submitted a response to that Notice to the Department, including a plan for permanent restoration/replacement of the Water Supply. The Department acknowledged that plan on April 20, 2017, and it is our understanding that Cabot is proceeding with that plan. On June 14, 2017, you received a Notice regarding two additional water supplies presumed to have been polluted as a result of your activities. However, as communicated via email on June 15, 2017, the Department is delaying our request for temporary water and a restoration/replacement plan for Water Supply C pending further investigation. This Notice of Violation addresses the violations that must be corrected at the above referenced oil and gas facility, and it does not change or supersede your obligation to restore or replace the Water Supplies.

This Notice of Violation is neither an order nor any other final action of the Department of Environmental Protection. It neither imposes nor waives any enforcement action available to the Department under any of its statutes. If the Department determines that additional enforcement is appropriate, you will be notified of the action.

Should you have any questions, please feel free to contact me at 570.346.5536 or by electronic mail at miodonnell@pa.gov.

Sincerely,

Michael O'Donnell
Environmental Group Manager
Eastern Oil and Gas District


Enclosures:
        Exhibit A


cc:
Jennifer Means
Eric Rooney, P.G.
Ken Kennedy
Trudy Graby

Mr. John Smelko           - 5 -           June 20, 2017

**CONFIDENTIAL**

**Exhibit A**

**Water Supply A**
David & Jeri Wells
848 Elk Lake Road
Meshoppen, PA  18630

**Water Supply B**
Andrew & Carrie Hornung
895 Elk Lake Road
Montrose, PA 18801

**Water Supply C**
Noel & Mary Sutter
715 Elk Lake Road
Meshoppen, PA  18630