# Exhibit 6

# COMMONWEALTH OF PENNSYLVANIA
# DEPARTMENT OF ENVIRONMENTAL PROTECTION

**IN THE MATTER OF:**

| | | |
|---|---|---|
| Cabot Oil & Gas Corporation | : | Violations of the 2012 Oil and Gas |
| Howell Well Pad Gas Migration | : | Act, the Clean Streams Law and § 78a |
| Auburn Township, Susquehanna | : | of the Department's Regulations |
| County | | |

## ORDER

Now this 28th day of December 2020, the Commonwealth of Pennsylvania, Department of Environmental Protection ("Department"), has made and determined the following Findings and issues this Order to Cabot Oil & Gas Corporation (hereinafter "Cabot").

### Findings

A.     The Department is the agency with the duty and authority to administer and enforce the Oil and Gas Act, Act of February 14, 2012, P.L. 87, No. 13, 58 Pa.C.S. §§ 3201-3274 (hereinafter "2012 Oil and Gas Act"); the Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §§ 691.1-691.1001 ("Clean Streams Law"); Section 1917-A of the Administrative Code, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 510-17 (hereinafter "Administrative Code"); and the rules and regulations promulgated thereunder ("Regulations").

B.     Cabot is a Delaware Corporation, which engages in oil and gas exploration and production activities in Pennsylvania and maintains a business address of 2000 Park Lane, Suite 300, Pittsburgh, Pennsylvania 15275-1121.

C.     Cabot constitutes a "person" as that term is defined by Section 3203 of the 2012 Oil and Gas Act, 58 Pa.C.S. § 3203, and Section 1 of the Clean Streams Law, 35 P.S. § 691.1.

D.     Cabot is the "owner" and "operator," as those terms are defined in Section 3203 of the 2012 Oil and Gas Act, 58 Pa.C.S. § 3203, of the Howell, G. 2H, 4H, 6H, and 8H gas wells, authorized by permit numbers 115-22172, 115-22173, 115-22174, and 115-22175 respectively (hereinafter "Gas Wells"), located on the Howell, G. Well Pad (hereinafter "Well Pad") in Auburn Township, Susquehanna County, Pennsylvania.

E.     Cabot started spudding the Gas Wells on October 10, 2016 and completed drilling the Gas Wells to total permitted depth in December 2016.  The Gas Wells were stimulated between March 3, 2017 and March 26, 2017.

F.     On March 2, 2017, Cabot notified the Department of a complaint regarding the conditions of a water supply in Auburn Township, Susquehanna County, identified as "Water

Supply #1" on the list attached hereto identified as Exhibit A – (hereinafter collectively "Water Supplies.") Specifically, the complaint noted effervescence in Water Supply #1.

G. Both Cabot and the Department initiated a water supply complaint investigation. Water Supply #1 is located within 2,500 feet of the vertical bore of one or more of the Gas Wells.

H. On March 7, 2017, the Department issued to Cabot a Notice of Legal Presumption for the pollution and degradation of Water Supply #1 by Cabot's oil and gas activities. The Department requested that Cabot provide temporary water to the owner(s) of Water Supply #1 within 24 hours and submit either a plan to restore or replace Water Supply #1 or a rebuttal to the presumption of responsibility for pollution of Water Supply #1 within 30 calendar days. Cabot had previously offered bulk water and bottled water on March 3, 2017; bulk water was refused by the owners of Water Supply #1. Cabot did not rebut the presumption.

I. On March 8, 2017, Cabot notified the Department that during an evaluation of water supplies within 2,500 feet of the Well Pad as part of the water supply complaint and gas migration investigations for Water Supply #1, Cabot identified a second water supply with elevated methane concentrations detected in the headspace of the water well compared to predrill conditions.

J. Both Cabot and the Department initiated a water supply complaint investigation for the water supply, identified as "Water Supply #2" in Exhibit A.

K. On March 16, 2017 the Department inspected the Gas Wells as part of its water supply complaint and gas migration investigations due to the proximity of the Well Pad to the Water Supplies. Combustible gas was present in the 13⅜" x 9⅝" cemented annular spaces of all the Gas Wells and in the 9⅝" x 5½" cemented annular spaces of the Howell, G. 2H, 4H, and 8H gas wells. Combustible gas was present outside of the surface casing (in the 20" x 13⅜" cemented annular space) in the Howell, G. 6H gas well.

L. On April 3, 2017, the Department sent the owner(s) of Water Supply #1 a 58 Pa. C.S. § 3218 Determination Letter, which stated that gas well drilling activities were presumed to be the cause of the pollution of Water Supply #1. Specifically, the Department's investigation found an increase in the concentrations of methane, ethane, and propane in Water Supply #1 in comparison to predrill conditions.

M. On April 7, 2017, Cabot submitted to the Department a response to the March 7, 2017 Notice of Legal Presumption that included the following:

1) Cabot was providing bottled water to the owner(s) of Water Supply #1 (bulk water supply was declined).
2) Although methane was the primary constituent of concern in Water Supply #1, intermittent episodes of turbidity that correlated with elevated levels of aluminum, iron, and manganese were observed in subsequent samples from Water Supply #1.
3) Cabot was actively engaged in discussions/negotiations with the owner(s) of Water Supply #1 regarding treatment system installation; components and logistics; and also, a settlement agreement to provide for increased costs

associated with the permanent operation and maintenance of the water treatment system.

4) Cabot's proposed conceptual treatment system to permanently restore Water Supply #1.

5) Cabot's proposed plan for confirmatory sampling of the restored water supply after treatment system installation.

N.       On June 6, 2017, the Department collected water and gas samples from Water Supply #2 which showed that, in addition to the continued presence of free methane gas in the headspace of the Water Supply, dissolved methane gas was now present at elevated levels when compared to predrill conditions.

O.       On June 9, 2017, Cabot notified the Department that during a second evaluation of water supplies near the Well Pad as part of the water supply complaint and gas migration investigations for the Water Supplies, Cabot identified a third water supply with methane detected in the headspace (hereinafter "Additional Water Supply").  Neither Cabot's predrill screenings nor the previous evaluation of water supplies near the Well Pad in March 2017 (in response to the complaint for Water Supply #1) had found free methane gas in the headspace of the Additional Water Supply.

P.       Both Cabot and the Department initiated a water supply complaint investigation of the Additional Water Supply.

Q.       On June 14, 2017, the Department issued to Cabot a Notice of Legal Presumption for the presumed pollution and degradation of Water Supply #2 and the Additional Water Supply by Cabot's oil and gas activities.  The Department requested that Cabot provide temporary water to the owner(s) of Water Supply #2 and the Additional Water Supply within 24 hours and submit either a plan to restore or replace Water Supply #2 and the Additional Water Supply, or a rebuttal to the presumption of responsibility for pollution of Water Supply #2 and the Additional Water Supply within 30 calendar days.  Cabot did not rebut the presumptive pollution of Water Supply #2.

R.       On June 20, 2017, the Department issued to Cabot a Notice of Violation ("NOV") for the following:

1) Causing or allowing the unpermitted discharge of combustible gas from the lower formations to waters of the Commonwealth, in violation of Section 401 of the Clean Streams Law, 35 P.S. § 691.401.

2) Failure to case and cement a gas well to prevent the migration of gas or other fluids into sources of fresh groundwater and prevent pollution or diminution of fresh groundwater, in violation of Sections 78a.81(a)(2) and (3) of the Department's Rules and Regulations, 25 Pa. Code § 78a.81(a)(2) and (3).

3) Failure to prevent gas and any other fluids or materials from below the casing seat from entering fresh groundwater and otherwise prevent pollution or diminution of fresh groundwater, in violation of Section 78a.73(b) of the Department Rules and Regulations, 25 Pa. Code § 78a.73(b).

4) Failure to cement the surface casing of the Howell, G. 6H gas well to prevent gas flow in the annulus, as observed during the Department's March 16,

2017 inspection, in violation of Section 78a.85(a)(5) of the Department's Rules and Regulations, 25 Pa. Code § 78a.85(a)(5).

The NOV requested the following from Cabot: continue any necessary diagnostic and remedial efforts already underway to identify and eliminate any suspected sources of stray gas from the Gas Wells; continue implementation of the restoration/replacement plan for Water Supply #1; and submit a restoration/replacement plan for Water Supply #2. The Department deferred its request for temporary water and a restoration/replacement plan for the Additional Water Supply pending further investigation.

S.     On July 14, 2017 Cabot submitted to the Department a response to the June 14, 2017 Notice of Legal Presumption that included the following:

1) Cabot was providing bottled water to the owner(s) of Water Supply #2 (bulk water supply had been declined).
2) Methane was the primary constituent of concern in Water Supply #2, and no other parameters were observed above their respective primary or secondary maximum contaminant levels in any samples collected to date.
3) Cabot's plan to engage in discussions/negotiations with the owner(s) of Water Supply #2 regarding treatment system installation, components and logistics and also a settlement agreement to provide for increased costs associated with the permanent operation and maintenance of the water treatment system.
4) Cabot's proposed conceptual treatment system to permanently restore Water Supply #2, which was declined by Landowner #2.
5) Cabot's proposed plan for confirmatory sampling of the restored water supply after treatment system installation.

T.     On July 31, 2017, Cabot submitted a response as requested in the Department's June 20, 2017 NOV that included the following:

1) A summary of Cabot's ongoing 25 Pa. Code § 78a.89 Gas Migration Investigation of the Water Supplies, including providing temporary bottled water to the owners of the Water Supplies, installing a treatment system on Water Supply #1, and negotiating permanent restoration (treatment) of Water Supply #2 with the landowner.
2) A summary of Cabot's response to the Additional Water Supply.
3) A detailed summary of the mechanical integrity assessments and corrective actions on the Gas Wells, including running cement bond logs, collecting isotopic samples, performing remedial cement perforation and squeeze jobs, and utilizing pulse testing to evaluate remedial activities.
4) A plan for further remedial actions for the Gas Wells based on the success of Cabot's ongoing remedial/corrective actions and in consultation with the Department.

U.     On September 29, 2017, the Department sent the owner(s) of Water Supply #2 a 58 Pa. C.S. § 3218 Determination Letter, which stated that gas well drilling activities were presumed to have been the cause of the pollution of Water Supply #2. Specifically, the

concentrations of dissolved methane and ethane increased in Water Supply #2 in comparison to predrill conditions.

V. Cabot concluded remedial actions on the Gas Wells in November 2017. Evaluation of pressure in the annuli of the Gas Wells since the remedial work indicated that the work was effective in eliminating the flow of gas in the cemented annuli.

W. On April 25, 2019, the Department inspected the Gas Wells and documented that combustible gas was not detected in the 20"x13⅜" annulus of the Howell, G 6H and that combustible gas had been reduced or eliminated from the 13⅜"x9⅝" cemented annular spaces of all the Gas Wells.

X. Three additional pressure build-up tests (PBUTs) were conducted on the Gas Wells in June, August, and September of 2020. At conclusion of those PBUTs, no pressure build up or flows were detected; however, gas was detected in various cemented annuli of all four of the Gas Wells. Cabot collected annular gas samples for isotopic analysis. The Department has requested that Cabot provide an assessment of these isotopic results to confirm the mechanical integrity of the Gas Wells.

Y. Additional testing of Water Supplies #1 and #2 shows that they have returned to background conditions and no further action is required. Additional testing of the Additional Water Supply has shown no impact and no further action is required.

**Violations.**

Z.      Section 78a.73(b) of the Department's Rules and Regulations, 25 Pa. Code § 78a.73(b), states that "[t]he operator shall prevent gas, oil, brine, completion and servicing fluids, and any other fluids or materials from below the casing seat from entering fresh groundwater, and shall otherwise prevent pollution or diminution of fresh groundwater."

AA.      Cabot's failure to prevent gas from below the casing seat from entering fresh groundwater, as described in Paragraphs F., I., K., L., N., and U above, constitutes a violation of Section 78a.73(b) of the Department's Rules and Regulations, 25 Pa. Code § 78a.73(b).

BB.      Section 78a.81(a)(2) of the Department's Rules and Regulations, 25 Pa. Code § 78a.81(a)(2), states, in relevant part, "[t]he operator shall case and cement a well to accomplish the following: … [p]revent the migration of gas or other fluids into sources of fresh groundwater."

CC.      Section 78a.81(a)(3) of the Department's Rules and Regulations, 25 Pa. Code § 78a.81(a)(3), states, in relevant part, "[t]he operator shall case and cement a well to accomplish the following: … [p]revent pollution or diminution of fresh groundwater."

DD.      Cabot's failure to properly case and cement its gas wells to prevent the migration of gas or other fluids into sources of fresh groundwater, and Cabot's failure to prevent the pollution or diminution of fresh groundwater, as described in Paragraphs F., I., K., L., N., and U. above, constitute violations of Sections 78a.81(a)(2) and (a)(3) of the Department's Rules and Regulations, 25 Pa. Code §§ 78a.81(a)(2) and (3).

EE.     Section 78a.85(a)(5) of the Department's Rules and Regulations, 25 Pa. Code § 78a.85(a)(5), states in relevant part, "[w]hen cementing surface casing or coal protective casing, the operator shall use cement that meets or exceeds the ASTM International C 150, Type I, II or III Standard or API Specification 10. The cement must also… (5) Prevent gas flow in the annulus…"

FF.     Cabot's failure to cement the surface casing in the Howell, G. 6H gas well to prevent gas flow in the annulus, as described in Paragraph K. above, constitutes a violation of Section 78a.85(a)(5) of the Department's Rules and Regulations, 25 Pa. Code § 78a.85(a)(5).

GG.     Section 401 of the Clean Streams Law, 35 P.S. § 691.401, states in relevant part, "[i]t shall be unlawful for any person or municipality to put or place into any of the waters of the Commonwealth… any substance of any kind or character resulting in pollution as herein defined …."

HH.     Cabot's failure to prevent gas or other fluids generated from the operation of the Gas Wells from polluting groundwater, a water of the Commonwealth, as described in Paragraphs F., I., K., L., N., and U. above, constitutes a violation of Section 401 of the Clean Streams Law, 35 P.S. § 691.401.

II.   The violations described in Paragraphs Z. through HH. above, constitute unlawful conduct under Section 3259 of the 2012 Oil and Gas Act, 58 Pa.C.S. § 3259, and Section 611 of the Clean Streams Law, 35 P.S. § 691.611; and subject Cabot to civil penalty liability under Section 3256 of the 2012 Oil and Gas Act, 58 Pa.C.S. § 3256, and Section 605 of the Clean Streams Law, 35 P.S. § 691.605.

## ORDER

NOW, THEREFORE, pursuant to Section 3253 of the 2012 Oil and Gas Act, 58 Pa.C.S. § 3253; Section 610 of the Clean Streams Law, 35 P.S. § 691.610; and Section 1917-A of the Administrative Code, 71 P.S. § 510-17, the Department ORDERS the following:

1. **Investigation of Gas Migration.**

   a) Within sixty days of the date of this Order, Cabot shall submit to the Department for review and approval, a plan for continued periodic sampling of the affected Water Supplies, as identified in Exhibit A, to evaluate the continued effectiveness of prior remedial measures at the Gas Wells.

   b) Within one hundred eighty (180) days of the date of this Order, or by a date certain otherwise approved by the Department in writing, Cabot shall submit to the Department for review and approval, a "Gas Migration Final Report" which complies with the Department's Rules and Regulations at 25 Pa. Code § 78a.89(h). The Gas Migration Final Report shall identify in detail: 1) all of Cabot's findings and conclusions from its gas migration investigation, including an analysis of the results of the most recent PBUTs conducted on the Gas Wells and an evaluation of the source of the gas in the various annuli of the Gas Wells; and 2) all corrective actions taken by Cabot

at the Gas Wells, in accordance with all of the requirements under the Department's Rules and Regulations at 25 Pa. Code §78a.89, and this Order.

**2. Document Review and Approval by the Department.**

a) Regarding any document that Cabot submits to the Department pursuant to Paragraphs 1 and 2, above, the Department will review such document and will approve or comment on and disapprove the document or portion thereof, in writing.

b) If the document, or any portion thereof, is disapproved by the Department, Cabot shall, within 14 days after the date of the Department's written disapproval, submit to the Department a revised document, or portion thereof, that addresses the Department's basis for disapproval.

c) Upon the Department's approval of a document, or any portion thereof, such approved document, including any identified corrective action and schedule contained therein, shall become an obligation of this Order and shall be enforceable as such.

3. **Correspondence with Department**. All correspondence with the Department concerning this Order shall be addressed to:

Jennifer W. Means
Environmental Program Manager
Eastern District Oil and Gas Operations
Department of Environmental Protection
208 West Third Street, Suite 101
Williamsport, PA 17701-6448
Phone: (570) 321-6557
e-Mail: jenmeans@pa.gov

Any person aggrieved by this action may appeal the action to the Environmental Hearing Board (Board) pursuant to Section 4 of the Environmental Hearing Board Act, 35 P.S. § 7514, and the Administrative Agency Law, 2 Pa. C.S. Chapter 5A. The Board's address is:

Environmental Hearing Board
Rachel Carson State Office Building, Second Floor
400 Market Street
P.O. Box 8457
Harrisburg, PA 17105-8457

TDD users may contact the Environmental Hearing Board through the Pennsylvania Relay Service, 800-654-5984.

Appeals must be filed with the Board within 30 days of receipt of notice of this action unless the appropriate statute provides a different time.  This paragraph does not, in and of itself, create any right of appeal beyond that permitted by applicable statutes and decisional law.

A Notice of Appeal form and the Board's rules of practice and procedure may be obtained online at http://ehb.courtapps.com or by contacting the Secretary to the Board at 717-787-3483. The Notice of Appeal form and the Board's rules are also available in braille and on audiotape from the Secretary to the Board.

IMPORTANT LEGAL RIGHTS ARE AT STAKE.  YOU SHOULD SHOW THIS DOCUMENT TO A LAWYER AT ONCE.  IF YOU CANNOT AFFORD A LAWYER, YOU MAY QUALIFY FOR FREE PRO BONO REPRESENTATION. CALL THE SECRETARY TO THE BOARD AT 717-787-3483 FOR MORE INFORMATION.  YOU DO NOT NEED A LAWYER TO FILE A NOTICE OF APPEAL WITH THE BOARD.

**IF YOU WANT TO CHALLENGE THIS ACTION, YOUR APPEAL MUST BE FILED WITH AND RECEIVED BY THE BOARD WITHIN 30 DAYS OF RECEIPT OF NOTICE OF THIS ACTION**.

FOR THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION:

_Jennifer W. Means_

Jennifer W. Means
Environmental Program Manager
Eastern Oil and Gas District Office

## <u>EXHIBIT A</u>

## <u>CONTAINS CONFIDENTIAL COMPLAINANT INFORMATION</u>

## Water Supplies

1. David & Jeri Wells
   848 Elk Lake Road
   Meshoppen, PA18630

2. Andrew & Carrie Hornung
   895 Elk Lake Road
   Montrose, PA 18801