# Exhibit 7

 **pennsylvania**
DEPARTMENT OF ENVIRONMENTAL
PROTECTION


RECEIVED
NOV 2 0 2017
ON THIS DATE

November 16, 2017

**CERTIFIED MAIL NO. 7013 0600 0001 3322 4561**

Cabot Oil & Gas Corporation
Attn: John Smelko
2000 Park Lane, Suite 300
Pittsburgh, PA 15276

Re:    Notice of Violations of Oil and Gas Act & Clean Streams Law
       Gas Migration Investigation-Jeffers Farms 2 Well Pad ("Facility")
       Harford Township, Susquehanna County

Dear Mr. Smelko:

This is a Notice of Violations regarding the pollution of the water supply listed in Exhibit A ("Water Supply") associated with your oil and gas activities.

On June 29, 2017, Cabot Oil & Gas Corporation (Cabot) notified the Department of the receipt of a complaint regarding the conditions of the Water Supply located in Harford Township, Susquehanna County.  Cabot operates a number of gas wells in the area of the Water Supply, including the Jeffers Farms Pad 2, upon which the following twelve gas wells have been drilled: the Jeffers Farms 7H (115-22250), Jeffers Farms 8H (115-22251), Jeffers Farms 9H (115-22252), Jeffers Farms 10H (115-22253), Jeffers Farms 11H (115-22254), Jeffers Farms 12H (115-22255), Jeffers Farms 13H (115-22256), Jeffers Farms 14H (115-22257), Jeffers Farms 15H (115-22258), Jeffers Farms 16H (115-22259), Jeffers Farms 17H (115-22260), and Jeffers Farms 18H (115-22261).  Observations made during an inspection conducted by the Department on August 17, 2017, at the Jeffers Farms Pad 2 revealed the presence of combustible gas in the annular spaces of the Jeffers Farms 7H, Jeffers Farms 8H, Jeffers Farms 9H, Jeffers Farms 10H, Jeffers Farms 11H, Jeffers Farms 12H, and Jeffers Farms 14H gas wells.  Additionally, the Department detected gas outside of the surface casing in the Jeffers Farms 9H gas well.  An isotopic gas sample was collected from the surface casing by conductor annulus on the Jeffers Farms 9H gas well and compared to isotopic samples collected from the Water Supply.  The Department's analysis of the gas determined that the gas collected from the surface by conductor annulus of the Jeffers Farms 9H gas well was similar in its isotopic composition to that of the gas found in the Water Supply.  The Water Supply was also found to have an elevated concentration of methane compared to the levels reported prior to the drilling of the Jeffers Farms Pad 2 wells. As a result, the Department has determined that the Water Supply has been impacted by oil and gas activities.

Mr. John Smelko                         - 2 -                    November 16, 2017

Based on the above, the Department has identified the following violations of the Pennsylvania Oil and Gas Act, Act of February 14, 2012, P.L. 87, No. 13, 58 Pa. C.S. §§ 3201-3274 ("2012 Oil and Gas Act"); and The Pennsylvania Clean Streams Law, Act of June 22, 1937, P.L. 1987, as amended, 35 P.S. §§ 691.1-691.1001 ("Clean Streams Law"), and the rules and regulations promulgated thereunder:

1.     Failure to prevent the migration of gas or other fluids into sources of fresh groundwater

The Department's investigation revealed that Cabot has caused or allowed combustible gas from lower formations to enter fresh groundwater in Harford Township, Susquehanna County. This is a violation of 25 Pa. Code § 78a.81(a)(2) and (3), which states, in part:

"The operator shall conduct casing and cementing activities under this section and §§ 78a.82, 78a.83, 78a.83a, 78a.83b, 78a.83c, and 78a.84-78a.87 or an approved alternative method under § 78a.75 (relating to alternative methods). The operator shall case and cement a well to accomplish the following:

.     .     .

(2) Prevent the migration of gas or other fluids into sources of fresh groundwater.

(3) Prevent pollution or diminution of fresh groundwater."

2.     Unpermitted discharge of polluting substances

Our investigation revealed that Cabot has caused or allowed the unpermitted discharge of combustible gas from lower formations to waters of the Commonwealth in Harford Township, Susquehanna County. This is a violation of Section 401 of the Clean Streams Law, 35 P.S. § 691.401, which provides:

"It shall be unlawful for any person or municipality to put or place into any of the waters of the Commonwealth, or allow or permit to be discharged from property owned or occupied by such person into any waters of the Commonwealth, any substance of any kind or character resulting in pollution as herein defined. Any such discharge is hereby declared to be a nuisance."

Mr. John Smelko                           - 3 -                      November 16, 2017

3.    General provision for well construction and operation

> Our investigation revealed that Cabot's Jeffers Farms 9H gas well has or had combustible gas outside of the surface casing. This is a violation of 25 Pa. Code § 78a.73(b), which states:
>
> "The operator shall prevent gas, oil, brine, completion and servicing fluids, and any other fluids or materials from below the casing seat from entering fresh groundwater, and shall otherwise prevent pollution or diminution of fresh groundwater."

4.    Cement Standards

> Our investigation revealed that Cabot's Jeffers Farms 9H gas well has or had combustible gas outside of the surface casing. This is a violation of 25 Pa. Code § 78a.85(a)(5), which states, in part:
>
> "When cementing surface casing or coal protective casing, the operator shall use cement that meets or exceeds the ASTM International C 150, Type I, II, or III Standard or API Specification 10. The cement must also:
>
> (5) Prevent gas flow in the annulus. In areas of known shallow gas producing zones, gas block additives and low fluid loss slurries shall be used."

Please note that because Cabot and the Department became simultaneously aware of defective cement in the process of evaluating the Jeffers Farms 7H, Jeffers Farms 8H, Jeffers Farms 9H, Jeffers Farms 10H, Jeffers Farms 11H, Jeffers Farms 12H, and Jeffers Farms 14H, no violations for failure to notify have been cited per 25 Pa. Code §78a.86 related to defective cement. However, for all annuli in which combustible gas was observed, Cabot is required to comply with 25 Pa. Code § 78a.86, which provides in part:

> "In a well that has defective, insufficient or improperly cemented casing, the operator shall report the defect to the Department within 24 hours of discovery by the operator and shall correct the defect. The operator shall correct the defect or submit a plan to correct the defect for approval by the Department within 30 days. If the defect cannot be corrected or an alternative method is not approved by the Department, the well shall be plugged under §§78a.91 – 78a.98 (related to plugging)."

A violation of the Clean Streams Law or the rules or regulations promulgated thereunder constitutes unlawful conduct pursuant to Section 611 of that Act, for which the Department could institute administrative, civil, and/or criminal proceedings. Sections 602 and 605 of the Act provides for up to $10,000 per day in civil penalties, up to $10,000 in summary criminal

Mr. John Smelko                           - 4 -                    November 16, 2017

penalties, and up to $25,000 in misdemeanor criminal penalties for each violation. Each day of continued violation constitutes a separate offense.

A violation of the Oil and Gas Act or the rules or regulations promulgated thereunder constitutes unlawful conduct pursuant to Section 3259 of that Act, for which the Department could institute administrative, civil, and/or criminal proceedings. Sections 3255 and 3256 of the Act provides for up to $75,000 in civil penalties plus $5,000 for each day of continued violation, up to $1,000 in summary criminal penalties, and up to $5,000 in misdemeanor criminal penalties for each violation. Each day of continued violation constitutes a separate offense.


**CORRECTIVE ACTION PLAN**

The Department requests that Cabot continue to work proactively to address the Water Supply currently determined to have been impacted and any others that may be affected. Further, Cabot should continue the various necessary diagnostic and remedial efforts already underway to identify and eliminate any suspected sources of stray gas.

The Department requests that you provide a written response within thirty (30) days of receipt of this letter describing: 1) the actions taken and information gathered in your investigation of this gas migration incident; 2) when the above listed violations were or will be corrected; and 3) the steps that you are taking to prevent their recurrence. This written response should include Cabot's plan to correct the defective cement identified in the Jeffers Farms Pad 2 gas wells, as described above, and to eliminate the migration of gas away from the wellbore at its subsurface geologic source.


**RELATED WATER SUPPLY COMPLAINT**

On October 26, 2017, you were notified of the Department's determination that the Water Supply had been polluted as a result of your activities. The Department requests that Cabot prepare and submit a plan for permanent restoration/replacement of the Water Supply ("Restoration or Replacement Plan") within thirty (30) calendar days of your receipt of this letter. The Restoration or Replacement Plan should include the following, at a minimum:

- the proposed corrective actions (*e.g.* treatment, drill new water supply well, connect to public water supply, and/or other corrective actions) to permanently restore or replace the Water Supply in compliance with Section 3218(a) of the 2012 Oil and Gas Act, 58 Pa. C.S. § 3218(a), and 25 Pa. Code § 78a.51(d);

- a proposed schedule to implement the corrective actions so that the Water Supply is restored or replaced within forty-five (45) days of receipt of the Department's written approval of the Restoration or Replacement Plan or of the modified Restoration or Replacement Plan;

Mr. John Smelko                          - 5 -                          November 16, 2017

- the independent accredited laboratory that you will use to analyze samples from the restored or replaced Water Supply;

- a plan for confirmatory samples of the restored or replaced Water Supply after you assert that you have permanently restored or replaced the Water Supply, or after you assert that the Water Supply is no longer affected. Such samples will be used to determine whether the Water Supply meets the standards set forth in Section 3218(a) of the 2012 Oil and Gas Act, 58 Pa. C.S. § 3218(a), and 25 Pa. Code § 78a.51(d). The confirmatory sampling plan should: provide for split samples with the Department; provide that sampling would only take place Monday through Thursday during Department working hours; and should specify that the Department will be notified at least three (3) working days before any scheduled sampling of the Water Supply.

- the proposed arrangements between you and the users, landowner(s) and/or water purveyor(s) of the Water Supply to provide for all plumbing, conveyance, pumping, or auxiliary facilities necessary for the use of the permanently restored or replaced Water Supply.

- the proposed arrangements between you and the users, landowner(s) and/or water purveyor(s) of the Water Supply documenting how you will compensate on a permanent basis for any increased operating and maintenance costs for the replaced or restored Water Supply.

While it is the Department's understanding that some or all of these restoration or replacement activities have already been conducted, we ask that you please provide the results of those activities, along with the supporting documentation, with your Restoration or Replacement Plan.

The Department acknowledges and appreciates that Cabot has been proactively addressing the Water Supply since the date the owner provided notification. The Department is aware and acknowledges that Cabot provided temporary water within 24 hours, vented the water well and installed a methane detector on July 1, 2017, and had a mobile whole-house treatment system installed at the residence on July 20, 2017.

This Notice of Violation is neither an order nor any other final action of the Department of Environmental Protection. It neither imposes nor waives any enforcement action available to the Department under any of its statutes. If the Department determines that additional enforcement is appropriate, you will be notified of the action.

Mr. John Smelko             - 6 -                  November 16, 2017

Should you have any questions, please feel free to contact me at 570.346.5536 or by electronic mail at miodonnell@pa.gov.

Sincerely,

Michael O'Donnell
Environmental Group Manager
Eastern Oil and Gas District

Enclosures:
    Exhibit A

    cc:
    Jennifer Means
    Andrea Mullen, P.G.
    Briana Cunningham
    Gene Rickard
    David Schoonover
    Trudy Graby

Mr. John Smelko                           - 7 -                    November 16, 2017

**CONFIDENTIAL**

**Exhibit A**

**Water Supply**
Boyd and Diana Smith
306 Stephens Road
Kingsley, PA  18826