# Exhibit 12

## COURT OF COMMON PLEAS OF SUSQUEHANNA COUNTY
## COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

vs.

NO. CP-58-CR-0015-2022

COTERRA ENERGY INC.

## NOLO CONTENDERE PLEA AGREEMENT AND COLLOQUY OF DEFENDANT

1.  I ASSERT THAT I, Cole DeLancey, Assistant General Counsel, HAVE AUTHORITY TO ENTER THIS PLEA ON BEHALF OF THE DEFENDANT, Coterra Energy Inc. (hereinafter "Defendant") Attached to this Plea Agreement and Colloquy is a certificate authorizing me to enter a nolo contendere plea on behalf of Coterra Energy Inc. (Exhibit A).

2.  This plea agreement and colloquy references Coterra Energy Inc., which is the successor in interest to Cabot Oil & Gas Corporation and Cimarex Energy Co, following a merger effective October 1, 2021. Defendant INTENDS TO PLEAD NOLO CONTENDERE to the following criminal offense(s):

| Ct | Offense | Gr | OGS | Mit | Stand | Agg |
|----|---------|----|-----|-----|-------|-----|
| 1 | Prohibition Against Discharge of Industrial Wastes 35 PS §691.301 | M2 | 1 | RS | RS | 3 |

*Sentence range based on PRS of 0

3.  THE MAXIMUM PENALTIES FOR THE ASSOCIATED ENVIRONMENTAL CRIMES ARE AS FOLLOWS:

| Offense | Gr | Max. Jail | Max. Fine |
|---------|----|-----------|-----------|
| Clean Streams Law violations | M2 | TWO (2) YRS | $25,000.00 |

4.  FACTUAL BASIS FOR NOLO CONTENDERE PLEA. Defendant understands all of the elements of each offense listed above and does not contest that the Commonwealth can prove the following at trial:

*COM v. Coterra Energy Inc.*
*Page 1 of 6*

On one or more occasions between March 2008 and June 2018, the Defendant did negligently discharge methane into groundwater from various gas wells within Susquehanna County, Pennsylvania.

5.   TERMS OF THIS NOLO CONTENDERE PLEA AGREEMENT. The Commonwealth and the Defendant agree that all the terms and conditions in consideration of this nolo contendere plea are set forth below:

The Defendant will pay a fine of $2,500.00 to the Clean Water Fund at the Pennsylvania Department of Environmental Protection.

The Defendant will pay $16.29 million to an interest bearing account established by the Office of Attorney General. This money shall be utilized for the construction of a community water well system and water distribution system constructed and operated by Pennsylvania American Water Company. A portion of the Defendant's one-time payment shall be utilized to connect certain landowners' residences to the waterline and to create a $50,000.00 credit for each landowner to serve as payment for their water for approximately 75 years. Any remaining funds shall be used to connect other homeowners in the vicinity of the water line and to support water quality improvement projects in the affected area.

During the construction of the waterline, the Defendant shall offer certain landowners treatment systems to treat their water and bottled water. The Defendant shall install and maintain those systems on the residences that accept the treatment system. The cost of said treatment systems, their maintenance and operation, and the bottled water deliveries will be reimbursed from the $16.29 million. Should the amount spent for interim treatment deplete the escrow account to a level that will not cover the cost of construction of the line, the Defendant will add back to the escrow account an amount up to that which was spent on interim treatment.

If the community water well system is unable to be completed for any reason, the Defendant shall submit to the Pennsylvania DEP a plan for the operation and maintenance of the interim treatment systems for a period of 30 years. This plan will not require the delivery of bottled water. Should a landowner elect not to accept the installation or utilize a treatment system under this scenario, the Defendant's obligation related to that landowner shall be deemed satisfied. The funding for this alternative shall be paid from the $16.29 million escrow account referenced above.

6.   THE MAXIMUM POSSIBLE SENTENCE.

The maximum sentence for a corporate entity would be a fine of $25,000.00.

7. THE MANDATORY MINIMUM SENTENCE. Defendant realizes that the following mandatory minimum sentence applies in this case:

> A fine of not less than $2,500.00.

8. THINGS THAT COULD AUTOMATICALLY INCREASE DEFENDANT'S SENTENCE. Defendant realizes that there may be increases to Defendant's sentence because a weapon was possessed or used, or because of the age of the victim, or the location of Defendant's crime as follows:

> Not applicable.

9. THE SENTENCING COURT IS NOT BOUND BY ANY TERM AS TO SENTENCE CONTAINED IN THIS AGREEMENT. Defendant acknowledges that any terms related to a sentence set forth in paragraph 4 above are not binding on the Court and Defendant has not been guaranteed a specific sentence in exchange for this plea. The Court retains the power to decide Defendant's sentence.

10. THE RIGHTS DEFENDANT GIVES UP BY ENTERING A PLEA OF NOLO CONTENDERE. Defendant understands that the law presumes it innocent and requires proof beyond a reasonable doubt to convict it of any crime. Defendant understands that by entering a nolo contendere plea, the company will be convicted of the charges and will be presumed guilty of those charges beyond a reasonable doubt. Furthermore, Defendant acknowledges the additional rights it possesses which are listed below, and give them up as part of Defendant's plea.

   - To have a trial by jury of 12 people from the community, or by a judge alone.
   - To participate in the selection of a jury, and to challenge any juror for cause, and exercise any peremptory challenges that Defendant is entitled to.
   - To require the Commonwealth to prove Defendant's guilt beyond a reasonable doubt as to each and every element of the offenses charged. To cross-examine Commonwealth witnesses, to compel any witness to testify on Defendant's behalf, to justify itself or choose to remain silent at trial. If Defendant remains silent, the judge would tell the jury they cannot infer guilt because of it.
   - To have Defendant's attorney file and litigate pre-trial motions as necessary, including those challenging illegal evidence, or seeking dismissal of the case on legal grounds, or to challenge anything that may have been improper in the investigation and prosecution of Defendant's case by the Commonwealth.

11. OTHER IMPORTANT CONSEQUENCES OF DEFENDANT'S NOLO CONTENDERE PLEA. Defendant understands that by pleading nolo contendere Defendant will be convicted of crime(s) and there may be some collateral consequences of this criminal conviction. Collateral consequences include the ability of the prosecution to hold this conviction against Defendant in the future if Defendant is charged with other crimes. The consequences also include but are not

limited to the loss or restriction of a professional license and ineligibility for public funds. Lawmakers may in the future add further collateral consequences to criminal conviction that we have no way to predict now.

12. DEFENDANT KNOWS WHAT IT IS DOING AND IT IS VOLUNTARY. Defendant is not mentally disabled or under the influence of any drugs or alcohol. Defendant is not suffering from any disability which affects its own free will, and is free of duress. Defendant is giving up its rights knowingly, voluntarily and intelligently.

13. DEFENDANT'S APPEAL RIGHTS ARE LIMITED AFTER A PLEA. Defendant retains the right to contest only the following things on appeal after Defendant is sentenced:

   a. Jurisdiction of the Court;
   b. Legality of the sentence; and/or
   c. Validity of this plea, including claims involving my constitutional right to effective counsel.

14. DEFENDANT HAS CONFERRED WITH ITS ATTORNEY BEFORE THIS PLEA. Defendant has had an opportunity to discuss this plea agreement with its attorney, with whom it is satisfied.

15. THE COURT CAN REFUSE TO ACCEPT THE PROPOSED PLEA. Defendant understands that the Court is not required to accept this plea agreement. If it does not, then the proposed plea does not become final and Defendant retains its rights to a trial.

## NOLO CONTENDERE PLEA

DEFENDANT SWEARS AND AFFIRMS THAT IT HAS READ THIS DOCUMENT IN ITS ENTIRETY OR HAD IT EXPLAINED TO DEFENDANT, UNDERSTANDS IT COMPLETELY, AND BELIEVES THIS PLEA IS IN DEFENDANT'S BEST INTEREST.

BY SIGNATURE BELOW DEFENDANT ENTERS A NOLO CONTENDERE PLEA TO THE OFFENSE(S) SPECIFIED IN PARAGRAPH 1 OF THIS PLEA COLLOQUY FORM, WHICH IS FINAL WHEN ACCEPTED BY THE COURT.

Defendant's Signature _____    Date 11/29/2022

_Assistant General Counsel_

DEFENSE ATTORNEY CERTIFICATION. I certify with this Defendant that: (1) I have explained this plea agreement and the Defendant's rights to the Defendant; (2) he/she wishes to plead nolo contendere; (3) I have discussed the facts and the law of this case with the Defendant; and (4) I believe the Defendant understands the consequences of pleading nolo contendere.

_COM v. Coterra Energy Inc._
_Page 4 of 6_

Attorney for Defendant: _____   Date 11-29-2022
                            Allison Borgatti
                            Buchanan Ingersoll & Rooney, PC

Approved by: JENNIFER SELBER
                Executive Deputy Attorney General
                Criminal Division
                Commonwealth of Pennsylvania

BY: _____   Date 11.29.2022
        REBECCA S. FRANZ
        Chief Deputy Attorney General

# EXHIBIT A

# COTERRA ENERGY INC.

## Secretary's Certificate

### November 27, 2022

The undersigned hereby certifies that he is the duly qualified and acting Corporate Secretary of Coterra Energy Inc., a Delaware corporation (the "Company"), and as Corporate Secretary of the Company he is familiar with the facts certified herein and is authorized to execute this secretary's certificate on behalf of the Company. The undersigned further certifies, in his capacity as Corporate Secretary, as follows:

1.      The Company is duly formed, validly existing and in good standing under the laws of the State of Delaware.

2.      Cole DeLancey is the duly qualified and acting Assistant General Counsel of the Company, he continues to occupy such office as of the date hereof, and the signature set forth below is the true and genuine signature of Mr. DeLancey.

Cole DeLancey     Assistant General Counsel

3.      Scott C. Schroeder is the duly qualified and acting Executive Vice President and Chief Financial Officer of the Company and, by authority granted to him by the Board of Directors of the Company, is duly authorized and empowered on behalf of the Company to execute, deliver and bind the Company with respect to legal settlements and expenses in amounts of up to $25 million. Such authority has not been repealed or rescinded and is in full force and effect as of the date hereof.

4.      Mr. Schroeder, as Executive Vice President and Chief Financial Officer of the Company, has delegated such authority to execute, deliver and bind the Company with respect to that certain legal settlement in the matter of the Commonwealth of Pennsylvania v. Coterra Energy Inc. (NO. CP-58-CR-0015-2022) in an amount of $16,292,500.00 to Cole DeLancey, Assistant General Counsel. Such delegation of authority has not been repealed or rescinded and is in full force and effect as of the date hereof.

In witness whereof, I have executed and delivered this secretary's certificate on behalf of the Company as of the day and year first above written.

Marcus G. Bolinder
Corporate Secretary