United States District Court
Southern District of Texas
**ENTERED**
September 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, § § § § § | |
| Plaintiffs, § | CIVIL ACTION NO. H-21-2045 |
| v. § § | |
| CABOT OIL & GAS CORPORATION, et al., § § § § | |
| Defendants. | |

## ORDER

Delaware County Employees Retirement System and Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan ("the Plans") move to file under seal their (1) response to the defendants' supplement to class certification opposition, (Docket Entry No. 159); (2) response to the defendants' notice of supplemental authority, (Docket Entry No. 167); and (3) sur-reply to the defendants' reply to the Plans' response to notice of supplemental authority, (Docket Entry No. 170). The Plans seek leave to file these briefs with redactions and with several exhibits sealed, including transcripts of depositions taken in this case and internal Cabot Oil & Gas Corporation documents. The parties make no argument for why these filings should be sealed. Instead, they rely on Cabot's designation of these filings as "Confidential" under the Stipulated Protective Order. (Docket Entry No. 131).[1]

---

[1] The Stipulated Protective Order allows any "Producing Party" to designate as "Confidential" anything that the party believes in good faith consists of:

    (a) financial information not otherwise disclosed to the public;

    (b) business plans, product development, formulation, or research information, marketing plans, commercial information or trade secrets not otherwise disclosed to the public;

In this Circuit, sealing information placed in the judicial record is "heavily disfavor[ed]." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). The public's right to access judicial records is "a fundamental element of the rule of law." *Id.* at 519 (quoting reference omitted). The public's interest in "transparent court proceedings" is independent of the parties' interests in sealing. *Id.* (quoting reference omitted). The public's right of access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* (quoting reference omitted). The rationale for public access is greatest in matters of public interest. *Id.* at 520.

District courts considering motions to seal must engage in a strict balancing test. *Id.* at 521. In balancing the public's right of access with the parties' interest in sealing, "the working presumption is that judicial records should not be sealed." *Id.* (quoting reference omitted). District courts should be "ungenerous with their discretion to seal judicial records." *Id.* (quoting reference omitted). "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*." *Id.*

The parties have not identified specific or sufficient reasons why the materials that are the subject of the pending motions to seal should be sealed. This case involves a matter of public interest: whether Cabot misrepresented to the public its compliance with environmental laws in its fracking operations in Susquehanna County, Pennsylvania. The events at issue occurred years

---

(c) any information entitled to confidential treatment under the Federal Rules of Civil Procedure or other applicable laws or regulations, including information that is subject to privacy, data protection or secrecy laws; or

(d) any other category of information hereinafter given confidential status by the Court.

(Docket Entry No. 131 at 3).

2

ago. The motions to seal, (Docket Entry Nos. 159, 167, 170), are denied. The Plans must file their briefs and exhibits, unredacted, on the public record.

SIGNED on September 27, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge