UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 4:21-cv-02045 |
| | § | <u>CLASS ACTION</u> |
| Plaintiff, | § § § | |
| vs. | § § | |
| CABOT OIL & GAS CORPORATION, et al., | § § § | |
| Defendants. | § § § | |
| | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENT TO CLASS CERTIFICATION OPPOSITION**

4871-5482-2766.v1

Defendants' "supplement" – filed near midnight on the eve of a national holiday just two business days before the class certification hearing – is litigation by ambush, yet it underscores the inappropriate fact-bound merits arguments Defendants ask the Court to resolve on an incomplete record because they have no legitimate price impact arguments.[1]  The supplement selectively highlights the deposition transcript of Plaintiffs' expert, Dr. Steven Feinstein, and sandbags the Court and Plaintiffs with yet another self-serving, untested declaration from a current employee telling Defendants' version of events while ignoring facts cutting the other way.  And it submits a months-old, out-of-circuit decision purportedly informative of Defendants' "mismatch" argument that actually supports why class certification should be granted here.  If the Court is inclined to consider Defendants' eleventh-hour submission, Plaintiffs respectfully submit this response.

*First*, Plaintiffs attach hereto as Exhibit 1 a counter-highlighted deposition transcript of Dr. Steven Feinstein.  Exhibit 1 contains Defendants' highlights (in yellow) and includes additional highlighting applied by Plaintiffs (in green), which identifies key testimony conspicuously omitted by Defendants.

*Second*, recognizing that they cannot prove an absence of price impact, Defendants double down on fact-intensive loss causation arguments through the submission of the Declaration of Matthew P. Kerin (ECF 157-2) ("Kerin Declaration") and the exhibits attached thereto.  Mr. Kerin is a current employee and percipient witness in this litigation, and his 70-page, argumentative submission should not be considered at this late stage.  But even if the Court indulges the tardy Kerin Declaration, it underscores Defendants' inability to prove that the information Plaintiffs allege corrected the fraud had no price impact.  For example, the Kerin Declaration suggests that Cabot did not know about the POWERS M contamination issues until July 16, 2019 (which, even if true, was

---

[1]    All capitalized terms used herein have the same meaning set forth in the Memorandum of Law in Support of Plaintiffs' Motion for Class Certification (ECF 134-1) unless otherwise indicated.

- 1 -

10 days **before** the July 26, 2019 disclosure).  In fact, Cabot learned of gas migration issues at POWERS M as early as June 6, 2019 – **seven weeks before** the July 26 disclosure – when gas was detected during drilling operations in numerous wells between June 6 and 13, 2019.  *See* Exhibit 2. Moreover, the Kerin Declaration addresses only the 2019 guidance Cabot provided on July 26, conspicuously ignoring the disappointing 2020 guidance Cabot announced that same day.  As Defendants' class certification expert concedes, the announcement of disappointing 2020 guidance was a cause of the stock price decline on July 26, 2019.  *See* ECF 142-1, ¶¶32-36.  The Kerin Declaration ignores that fact because it is inconvenient – gas migration issues and resulting remediation at POWERS M known as of July 26 negatively impacted Cabot's 2020 guidance discussions and increased Cabot's 2019 costs.  *See* Exhibit 3; Exhibit 4  at slides 12, 15-16; *see also* ECF 151 at 9 n.7 (explaining that the "main reason" for the drop in "2020 production growth" was the "Powers pad getting delayed due to the remedial work required due to the gas migration issue"). Additionally, the Kerin Declaration does not address the required remedial work on longstanding non-compliant wells and Cabot's inability to restart drilling in Dimock, both of which were factors in Cabot's disappointing production disclosed on July 26, 2019.  *See* ECF 151 at 9-10.  Finally, the Kerin Declaration's factual arguments as to only one of the two alleged corrective disclosures, even if accepted, still do not satisfy Defendants' heavy burden of establishing a complete lack of price impact.  *See id.* at 5-6 (challenging some but not all disclosures "'dooms [Defendants'] attempt to rebut the presumption of reliance because the inquiry is whether Defendants have proven *a complete lack of price impact* during the Class Period, not whether the stock price decline following individual corrective disclosures was caused by the alleged misrepresentations, *which is a loss causation analysis not appropriate at this stage*'").

  ***Third***, *Qualcomm Inc. Sec. Litig.*, 2023 WL 2583306, at *12-*13 (S.D. Cal. Mar. 20, 2023) did not deny class certification on any "mismatch" theory.  After citing *Goldman's* "mismatch"

language, the *Qualcomm* court found limited instances of no price impact based on the ***combined*** effect of two sets of facts not present here.  First, the court found certain corrective disclosures merely "***repeated already public information***."  *Id.* at *13.  Here, however, Defendants do not contend – nor could they – that the July 26, 2019 disclosure of disappointing financial information and Notices of Violation or the June 15, 2020 announcement of criminal charges merely repeated already known public information.  Second, the court found that certain misstatements were generic in nature, thereby implicating *Goldman*.  *Id.* at 12.  But here, the operative misrepresentations are selective disclosures regarding Cabot's purported successful efforts to prevent and remediate gas migration at its wells in Susquehanna County, creating the misleading perception that gas migration issues were not a problem for the Company.

DATED:  July 5, 2023

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700,
Attorney in Charge)


_s/ Joe Kendall_
JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff

- 3 -

4871-5482-2766.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARRYL J. ALVARADO
KEVIN A. LAVELLE
FRANCISCO J. MEJIA
JACK ABBEY GEPHART
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com
klavelle@rgrdlaw.com
fmejia@rgrdlaw.com
jgephart@rgrdlaw.com

Lead Counsel for Lead Plaintiff

KESSLER TOPAZ MELTZER
  & CHECK, LLP
ANDREW L. ZIVITZ
JAMIE M. MCCALL
JOSHUA E. D'ANCONA
ALEX B. HELLER
MAX JOHNSON
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)
azivitz@ktmc.com
jmccall!ktmc.com
jdancona@ktmc.com
aheller@ktmc.com
mjohnson@ktmc.com

Additional Counsel for the Class

- 4 -

4871-5482-2766.v1

- 1 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 29, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Joe Kendall*
JOE KENDALL

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700, S.D.
Texas Bar No. 30973, Attorney in Charge)
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

Email:  jkendall@kendalllawgroup.com

- 1 -

4871-5482-2766.v1

## Mailing Information for a Case 4:21-cv-02045 Delaware County Employees Retirement System v. Cabot Oil & Gas Corporation et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Darryl James Alvarado**
  dalvarado@rgrdlaw.com

- **Helen J Bass**
  hbass@ktmc.com,3956293420@filings.docketbird.com

- **Joshua Edward D'Ancona**
  jdancona@ktmc.com

- **Jack Abbey Gephart**
  jgephart@rgrdlaw.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Kevin Lavelle**
  klavelle@rgrdlaw.com

- **Henry W. Longley**
  hlongley@ktmc.com

- **Jamie M McCall**
  jmcc@ktmc.com

- **Francisco J Mejia**
  fmejia@rgrdlaw.com,E_File_SD@rgrdlaw.com,kjohnson@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Gerard G Pecht**
  gerard.pecht@nortonrosefulbright.com,sumera.khan@nortonrosefulbright.com,tanya.lowe@nortonrosefulbright.com

- **Kelly A Potter**
  kelly.potter@nortonrosefulbright.com

- **Peter Andrew Stokes**
  peter.stokes@nortonrosefulbright.com,julie.wright@nortonrosefulbright.com

- **Andrew L. Zivitz**
  azivitz@ktmc.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Stuart          L. Berman
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Rd.
Radnor, PA 19087

Alex            B Heller
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Rd
Radnor, PA 19087

Lawrence        F. Stengel
Saxton & Stump LLC
280 Granite Run Drive
Suite 300
Lancaster, PA 17601
```