UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DELAWARE COUNTY EMPLOYEES     *    Civil No. H-21-2045
RETIREMENT SYSTEM             *
                             *
VERSUS                        *    Houston, Texas
                             *    July 22, 2021
CABOT OIL & GAS CORPORATION  *    10:00 a.m.


SCHEDULING CONFERENCE BY ZOOM
BEFORE THE HONORABLE LEE H. ROSENTHAL
CHIEF UNITED STATES DISTRICT JUDGE

10:06:18AM

For the Plaintiffs:

          Mr. Darryl James Alvarado
          Mr. Kevin Lavelle
          Robbins Geller Rudman & Dowd LLP
          655 W. Broadway, Suite 1900
          San Diego, California 92101

          Mr. Joe Kendall
          Kendall Law Group, PLLC
          3811 Turtle Creek Blvd.
          Suite 1450
          Dallas, Texas 75219

          Mr. Joshua E. D'Ancona
          Kessler Topaz Meltzer & Check, LLP
          280 King of Prussia Road
          Radnor, Pennsylvania 19087


For the Defendants:

          Mr. Peter Andrew Stokes
          Norton Rose Fulbright US LLP
          98 San Jacinto Blvd.
          Suite 1100
          Austin, Texas 78701


Proceedings recorded by mechanical stenography, produced by computer aided transcription.

Appearances - Con't:

Court Reporter:

       Fred Warner
       Official Court Reporter
       515 Rusk Ave.
       Houston, Texas 77002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JODY EZELL                        *    Civil No. H-21-2046
                                  *
VERSUS                            *    Houston, Texas
                                  *    July 22, 2021
DAN O. DINGES, et al              *    10:00 a.m.

SCHEDULING CONFERENCE BY ZOOM
BEFORE THE HONORABLE LEE H. ROSENTHAL
CHIEF UNITED STATES DISTRICT JUDGE

10:06:18AM

For the Plaintiffs:

        Mr. Benjamin Isaac Sachs-Michaels
        Glancy Prongay & Murray LLP
        712 Fifth Avenue
        Suite 31st Floor
        New York, New York 10019

        Mr. Braden Wayne
        Steckler Wayne Cochran Cherry, PLLC
        12720 Hillcrest Road.
        Suite 1045
        Dallas, Texas 75230


For the Defendants:

        Mr. Peter Andrew Stokes
        Norton Rose Fulbright US LLP
        98 San Jacinto Blvd.
        Suite 1100
        Austin, Texas 78701

Court Reporter:

        Fred Warner
        Official Court Reporter
        515 Rusk Ave.
        Houston, Texas 77002


Proceedings recorded by mechanical stenography, produced by
computer aided transcription.

THE COURT: Good morning. We ready on the 10:00 o'clock hearing on the two cases, Delaware County and Ezell? I think we can do the scheduling conferences together.

On behalf of plaintiffs, please.

MR. KENDALL: Your Honor, Joe Kendall on behalf of plaintiffs, Delaware.

THE COURT: Very good. Thank you.

Others on behalf of Delaware, please.

MR. ALVARADO: Darryl Alvarado and Kevin Lavelle for Robbins Geller on behalf of Delaware County.

THE COURT: Anybody else on behalf of Delaware County?

MR. D'ANCONA: Yes, Your Honor. Good morning. Joshua E. D'Ancona from Kessler Topaz on behalf of plaintiffs in the Delaware County case.

THE COURT: Thank you.

And in the derivative case on behalf of Jody Ezell.

MR. SACHS-MICHAELS: Benjamin Sachs-Michaels on behalf of derivative plaintiffs.

THE COURT: All right Thank you.

MR. WAYNE: Morning, Your Honor. This is Braden Wayne with Steckler Wayne Cochran Cherry on behalf of derivative plaintiffs as well.

THE COURT: Very good. Certainly have no shortage

of lawyers in this case.

Is that it for the plaintiff's side in both cases?

MR. KENDALL:  I believe so, Your Honor.

THE COURT:  Very good.

And for the corporation in both cases, first Delaware County?

MR. STOKES:  Morning, Your Honor.  This is Peter Stokes at Norton Rose Fulbright actually for all defendants in both cases.

THE COURT:  Very good.  Thank you.

MR. STOKES:  And that is it, Your Honor.

THE COURT:  All right.  Are you ready?

MR. STOKES:  Yes, Your Honor.

THE COURT:  There is a motion to dismiss that is not yet ripe filed in one but not both of the cases.  I don't know if the arguments will be significantly different on the substance of the keepings in the derivative case as opposed to the Delaware case, Delaware County case.  And I was glad to see that I have written on some similar issues, although not for a couple of years, in the case that parties have, the Plains All American pipeline case, which seemed to raise some similar issues which the Fifth Circuit has also weighed in on.

So my first question is, has the law that was

relied on in the rulings in that case significantly changed, and if so, what are the new best guiding cases?

MR. KENDALL:  Joe Kendall.  I was in that case and so was Robbins Geller.  Darryl Alvarado will speak, I believe, as well as speak for us generally.

THE COURT:  All right.  Thank you.  Mr. Alvarado, happy to hear you.

MR. ALVARADO:  Good morning, Your Honor.  Nice to see you again.

As Mr. Kendall mentioned, we were involved in the Plains All American case.  I am not sure that the governing rule of 12(b)(6) law for securities cases has changed significantly since the Fifth Circuit weighed in on the Plains All American case.

THE COURT:  You are about to argue the facts are different.

MR. ALVARADO:  Exactly.

What I would say is the cases are very different.  Chief among the differences is --

THE COURT:  What differences?  Go ahead.  Chief among the differences is...  That's really what I want to hear most.

MR. ALVARADO:  Sure.  Chief among the differences is that in the Plains All American case Your Honor focused on the fact that although there was an oil spill in a small

pipeline in California, Plains All American had something like 20,000 miles of pipes that stand all throughout the United States.

And this case is very, very different.  This case concerns Cabot Oil's activities in one small area of Pennsylvania.  And that's substantially the only place they conduct business.  And so the basis for falsity and scienter that was not found in the Plains All American case, the facts in this case are very different, the fact, which is, as I said, there is really nothing else the company does but conduct activities in the areas where the problems took place.

THE COURT:  So what you're saying is that because the impact would be much more significant here because it is more focused geographically that the diffuse nature of the impacts in the All American case makes it different?

MR. ALVARADO:  That's exactly right.

THE COURT:  The difference, okay.

Let me hear from the defense.

MR. STOKES:  Your Honor, first of all, we do not believe that the law has changed at all from both of those cases.  And the Fifth Circuit emphatically affirmed both decisions.  So we think the law remains the same in the Fifth Circuit.

No. 2, the only differences we see in this case

are that the facts are significantly weaker.  No. 1, the plaintiff in this case has cited a single confidential witness who said that during a seven-or-eight-year period they at some unspecified time saw a stack of papers on somebody's desk, defendant Stellmaker's desk.  That just doesn't cut it, Your Honor, under Fifth Circuit law.  I don't think that's a close question.

And No. 2, the disclosures in this case that Cabot made if anything were more robust in making cautionary statements.  Cabot disclosed from stem to stern in each one of its SEC filings during the class period that it receives notices of violation.  It was very upfront about that fact.  So we don't think there's a misstatement, certainly not a concrete misstatement, in our view, in the filings.  The pleadings are weaker.

And with respect to the core operations argument that I think I am not hearing from the plaintiffs, Your Honor also decided the Uranium Energy case a few years ago.  That was a much, much smaller company than what we have here.  And Your Honor rejected the application of the Core Operations Doctrine.

It wouldn't help the plaintiffs in any event because in this circuit, as elsewhere they have to show that the disclosures on their face are materially misleading and so blatantly misleading that they support a strong inference

of scienter.  And we just don't think there's anything close to that in this case, Your Honor.

THE COURT:  So can you give me, because my memory is not what it should be or was, the citation to the case involving the disclosures that you have just cited?

MR. STOKES:  The Uranium Energy case, Your Honor?

THE COURT:  Yes, sir.

MR. STOKES:  Give me one second.  I apologize.  Here it is.  Your Honor, it is 2016, 2016 Westlaw, 3855860.

THE COURT:  All right.  Thank you.

Was that appealed?

MR. STOKES:  It was not, Your Honor.  Actually a correction.  As I recall, we were involved in that case.  I recall that there may have been a notice of appeal filed, but the appeal was not pursued.

THE COURT:  Okay.  Very good.

So how long will it take the plaintiffs to file a response to the motion to dismiss and for the defendants to move in the related case?

MR. ALVARADO:  In the securities case, Your Honor, our opposition is due under the current schedule on August 10th and the reply is due on September 24th from the defendants.

THE COURT:  Do we need to alter that schedule in any way?

MR. ALVARADO:  Not from our perspective, Your Honor.

MR. STOKES:  And not from ours, Your Honor.

THE COURT:  So let's set a date for the -- how quickly can you file a motion so that both cases are covered? I think this is a question to you, Mr. Stokes.

MR. STOKES:  Your Honor, we received the amended complaint in the derivative case two week ago; and while I think the existing scheduling order gives us 60 days apiece, we are happy to file our papers sooner than that.

I believe we're aiming to try to file ours by the first week of August. We have some travel schedules at issue, but we believe we can get ours filed significantly in advance of 60 days.

THE COURT:  So if you file it by the first week of August, end of August for the response, beginning of September, middle of September for reply, so what if we then shot for the last week of September, early October to have argument; and we can do it by Zoom given the fact that you guys are all over the place.

MR. STOKES:  No objection from the defendants, Your Honor.

MR. ALVARADO:  None from plaintiffs in the Delaware cases either.

MR. SACHS-MICHAELS:  No objection from the derivative plaintiffs either, Your Honor.

But I would just like to clarity what period of time that Your Honor is willing to give us.

THE COURT: Three weeks.

MR. SACHS-MICHAELS: Three weeks, okay.

THE COURT: Three weeks is the usual time. Is that enough time?

MR. SACHS-MICHAELS: I would like to ask for four weeks, if possible, Your Honor.

THE COURT: That's fine. That's fine.

So if we look at -- you got your calendars?

MR. SACHS-MICHAELS: Yes.

THE COURT: You guys probably won't like this, but I can guarantee you that it will be open. If we did it, if we had argument October 11th, because that's, I think it's now Indigenous Peoples Day; and it is a federal holiday, which means there won't be a jury trial as a potential conflict, and all I would have to do is talk a court reporter into Zooming as well.

MR. SACH-MICHAELS: That would be fine for derivative plaintiffs, Your Honor.

THE COURT: Is everyone okay with that? 10:00 o'clock on October 11th by Zoom for argument.

MR. ALVARADO: That's fine for plaintiffs at Robbins Geller. I just would like to check with Josh as well. Josh, does that work for you?

MR. D'ANCONA:  Yes, it does.  Thanks.

MR. STOKES:  That works for defendants as well, Your Honor.

THE COURT:  And just to be clear, that would be Central Time.

MR. ALVARADO:  Yes, Your Honor.

THE COURT:  Because I think we span all three time zones on this Zoom call.

All right.  Is there anything helpful that we can do today?  And I really do think the focus ought to be on the factual distinctions you believe, both sides believe are or are not present from the Plains case, which I think is one of the last Fifth Circuit cases right on this area that deals with environmental issues and their impact on stock price in the securities context.  I could be wrong on that.  And I don't know what the leading cases are in other circuits that might be helpful but not binding, even though the Fifth Circuit case I think was not published because it was so really short.

MR. STOKES:  That's correct, Your Honor.

THE COURT:  All right.  If there is nothing further we can do today, you are all excused with thanks.  You will get a minute entry or order laying this all out.  And I appreciate your help.

(Conclusion of proceedings)

CERTIFICATION


I, Fred Warner, Official Court Reporter for the United States District Court for the Southern District of Texas, Houston Division, do hereby certify that the foregoing pages 1 through 12 are a true and correct transcript of the proceedings had in the above-styled and numbered cause before the Honorable Lee H. Rosenthal, Chief United States District Judge, on the 22nd day of July, 2021.

WITNESS MY OFFICIAL HAND at my office in Houston, Harris County, Texas on this the 16th day of February, A.D., 2024.


                         /s/ Fred Warner ____
                         Fred Warner, CSR
                         Official Court Reporter