# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIV  ISION

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:21-cv-02045 |
| | § | CLASS ACTION |
| Plaintiff, | § § | |
| vs. | § § | |
| CABOT OIL & GAS CORPORATION, et al., | § § § | |
| Defendants. | § § § | |
| | § | |

**DECLARATION OF JONATHAN LICHTENSTEIN**

I, JONATHAN LICHTENSTEIN, declare as follows:

1.      I am the County Solicitor for lead plaintiff Delaware County Employee Retirement System ("Delaware County ERS").[1]  As County Solicitor, I advise Delaware County ERS on all legal matters, including litigation on behalf of Delaware County ERS such as this case.  I have served as a primary point of contact for Robbins Geller Rudman & Dowd LLP ("Robbins Geller") in connection with this litigation.  I have also kept the County Controller and the Delaware County Retirement Board informed about all material aspects of this litigation.  On behalf of Delaware County ERS, I respectfully submit this declaration in support of final approval of the Settlement of $40,000,000 in cash (the "Settlement"), the Plan of Allocation, Class Counsel's fee and expense requests, and Delaware County ERS's request for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      The Delaware County Retirement Board administers Delaware County ERS, which provides retirement benefits to County employees.  Delaware County ERS oversees approximately $600,000,000 of investments on behalf of its beneficiaries.

3.      The Delaware County Retirement Board understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors to oversee securities class actions.  As lead plaintiff, Delaware County ERS has monitored the progress of this litigation along with Iron Workers District Counsel (Philadelphia and Vicinity) Retirement and Pension Plan ("Iron Workers") in consultation with Robbins Geller and Kessler Topaz Meltzer & Check ("Kessler Topaz").  In fulfillment of its responsibilities on behalf of all member so the Settlement Class, Delaware County ERS: (i) engaged in numerous phone conferences with counsel; (ii) provided input

---

[1]      Unless otherwise stated or defined, all capitalized terms used herein have the same meanings provided in the Stipulation of Settlement (ECF No. 207-2) (the "Stipulation"), dated June 3, 2024.

- 1 -

into the prosecution of the case; (iii) searched for and provided documents and information responsive to Defendants' discovery requests; (iv) prepared for and provided deposition testimony; (v) kept informed regarding the status of the case; (vi) reviewed documents filed in this Action and opinions of the Court; (vii) consulted with counsel and provided input regarding litigation and settlement strategy; (viii) participated in and was kept informed about mediation and settlement negotiations; and (ix) considered and ultimately approved the proposed Settlement in light of all circumstances concerning the litigation.

4.       On behalf of Delaware County ERS, I authorized Lead Counsel to settle this Action for $40,000,000 in cash.  My colleagues and I considered the merits of this case, including the law governing the allegations and facts developed in discovery.  In making the determination that the Settlement is fair and reasonable, my colleagues and I weighed the Settlement's substantial benefits to the Settlement Class against the significant risks and uncertainties of continued litigation.  After doing so, we concluded that the Settlement represents an excellent recovery for the Settlement Class and a recovery that would not have been possible without the diligent efforts of Lead Counsel, who aggressively and responsibly litigated this case.  We believe the Settlement is fair and represents a more than adequate recovery on behalf of the Settlement Class, and that its approval is in the best interest of the Settlement Class.  Based on expert analysis and input by Lead Counsel Robbins Geller, we also concluded that the Plan of Allocation presents a fair method of distributing the Settlement proceeds on a *pro rata* basis among Settlement Class Members.

5.       As Solicitor acting on behalf of Delaware ERS, I believe that the fee application for 30% of the Settlement Amount and plus interest is fair, reasonable, and appropriate given the facts and circumstances of this case, Lead Counsel's high quality representation and diligence in prosecuting this litigation, the stage of the litigation at the time the Settlement was achieved, and fees awarded in similar cases.  Moreover, the proposed fee is consistent with the retainer agreement

- 3 -

that Delaware County ERS and Robbins Geller entered into at the outset of Delaware County ERS's involvement in this matter, which capped a fee award at 30% of the gross recovery. In that retainer agreement, Delaware County ERS opted to negotiate a specific contingency fee percentage at the time of resolution. I have negotiated with Lead Counsel and agree that Robbins Geller can apply for 30% of the Settlement Amount plus their Litigation Expenses. Delaware County ERS negotiated the retainer agreement in order to properly align the incentives of Lead Counsel and the Settlement Class.

6.      I, along with Delaware County Controller Joanne Phillips (and members of her staff) spent significant time on behalf of Delaware County ERS in connection with the prosecution of this case. This time includes: (i) monitoring and participating in the litigation; (ii) providing information, documents, and (iii) deposition testimony in response to Defendants' discovery requests; and (iv) participating in discussions about litigation settlement and strategy. Based on our compensation, backgrounds, and experience, we believe that a fair estimate of the unreimbursed amounts associated with the time and effort of Delaware County employees in connection with this litigation is $6,500 for the approximately 48.8 hours that we spent working the case. Our professional time and efforts were reasonably and necessarily undertaken in connection with Delaware County ERS's services to the Class.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of September, 2024.

_____
JONATHAN LICHTENSTEIN