# EXHIBIT 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:21-cv-02045 CLASS ACTION |
| Plaintiff, | § § § | |
| vs. | § § | |
| CABOT OIL & GAS CORPORATION, et al., | § § § | |
| Defendants. | § § § | |

**DECLARATION OF WILLIAM ANDREW KOLFENBACH, JR. ON BEHALF OF IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) RETIREMENT AND PENSION PLAN IN SUPPORT OF (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION, AND (2) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, William Andrew Kolfenbach, Jr., declare as follows:

1. I am the Administrator for Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan ("Iron Workers") and have served in this position since April 2021. Iron Workers serves as one of the Court-appointed Class Representatives in this securities class action ("Litigation").[1] I have served as Iron Workers' primary point of contact with Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"). I respectfully submit this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set forth in the Stipulation of Settlement dated June 3, 2024. ECF 207-2. By Memorandum and Opinion dated September 27, 2023, the Court appointed Delaware County Employee Retirement System ("Delaware County") and Iron Workers as Class Representatives. ECF 173.

1

of Allocation, and (2) Class Counsel's Motion for an Award of Attorneys' Fees and Expenses, including an award to Iron Workers commensurate with the time it dedicated to this Litigation pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge of the matters set forth in this Declaration and, if called upon, I could and would testify competently thereto.

2.     Iron Workers, based in Philadelphia, Pennsylvania, is an employee retirement plan that provides retirement benefits for current and former employees. Iron Workers currently has approximately $400,462,000 in assets under management for its beneficiaries.

3.     Iron Workers purchased Cabot Oil & Gas Corporation common stock during the Class Period and suffered losses as a result. As a benefit fund, Iron Workers is accustomed to serving as a fiduciary, and believes that its active participation in appropriate litigation, such as this Litigation, is necessary to protect the interest of its participants.

## I.     Iron Workers' Oversight of the Litigation on Behalf of the Class

4.     Iron Workers has been committed to actively prosecuting the Litigation since it became involved in this case and to maximizing the Class's recovery. Further, Iron Workers understands that, as a Court-appointed representative for the Class, it owes a fiduciary duty to all members of the Class to provide fair and adequate representation. Iron Workers, in consultation with its counsel Kessler Topaz and along with Court-appointed Lead Plaintiff and Class Representative Delaware County and its counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller" and together with Kessler Topaz, "Class Counsel"), prosecuted this case vigorously for more than three years, consistent with good faith and meritorious advocacy.

5.     On behalf of Iron Workers, I have closely supervised and carefully monitored the progress of this Litigation and the prosecution of the Litigation by Class Counsel. I have received, reviewed, and responded to periodic updates and other correspondence from Kessler Topaz

2

regarding the case. I have reviewed and commented on court filings and other material documents throughout the case. I also participated in discussions with attorneys from Kessler Topaz regarding litigation strategy and significant developments in the Litigation. In addition, I worked with Class Counsel to respond to discovery requests, including responding to interrogatory responses, and searching for and producing potentially relevant documents. Also, in connection with Plaintiffs' class certification motion, I prepared for and provided testimony at the deposition of Iron Workers under Fed. R. Civ. P. 30(b)(6), which was conducted virtually on September 27, 2023.

6.      I authorized and closely followed all settlement negotiations, including the two formal mediation sessions with David M. Murphy, Esq. of Phillips ADR in May 2023 and April 2024 and the negotiations following the second mediation that eventually resulted in the Settlement. Further, Iron Workers has reviewed the briefs and other documents related to the Settlement, including those that are presently being submitted in support of (i) final approval of the Settlement and approval of the Plan of Allocation; and (ii) Class Counsel's request for attorneys' fees and expenses.

## II.      Iron Workers Endorses Approval of the Settlement

7.      Based on its involvement throughout the prosecution and resolution of the Litigation, Iron Workers believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Class. Iron Workers believes that the Settlement represents an excellent recovery for the Class, particularly given the substantial risks of continuing to prosecute the claims in this case through the completion of expert discovery, summary judgment, and trial and obtaining a recovery or judgment larger than the proposed Settlement. Therefore, Iron Workers strongly endorses approval of the Settlement by the Court.

8.    In addition, based on expert analysis and input from Class Counsel, Iron Workers also finds that the proposed Plan of Allocation presents a fair method of distributing the Settlement proceeds on a *pro rata* basis among Class Members.

### III.    Iron Workers Supports Class Counsel's Motion for Attorneys' Fees and Litigation Expenses

9.    While it is understood that the ultimate determination of Class Counsel's attorneys' fees and expenses rests with the Court, Iron Workers supports Class Counsel's request for attorneys' fees in the amount of 30% of the Settlement Fund. Moreover, Iron Workers takes seriously its role as a Class Representative to ensure that the attorneys' fees are fair in light of the result achieved for the Class, the work performed by Class Counsel, the stage of the litigation at the time of settlement, and the substantial risks involved in the Litigation. Here, Iron Workers believes that the requested fee is fair and reasonable in light of the $40 million recovery obtained for the Class, the excellent work performed by Class Counsel over the course of more than three years, and the risks and challenges undertaken by Class Counsel in prosecuting the Class's claims in this Litigation.

10.    Iron Workers further believes that the litigation expenses requested by Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary for the successful prosecution and resolution of this case.

11.    Based on the foregoing, and consistent with its obligation to the Class to obtain the best result at the most efficient cost, Iron Workers fully supports Class Counsel's request for attorneys' fees and Plaintiffs' Counsel's Litigation Expenses.

4

IV.   **Iron Workers' Request for Reimbursement of Costs**

12.   Iron Workers understands that reimbursement of a representative party's reasonable costs and expenses is authorized under the PSLRA. For this reason, Iron Workers seeks reimbursement for the time and expenses it dedicated to representing the Class in this Litigation.

13.   In my role as Administrator, my primary responsibility at Iron Workers is to administer the day-to-day activities of the plan.

14.   The time that I devoted to the representation of the Class in this Litigation was time that I otherwise would have expected to spend on other work for Iron Workers and, thus, represented a cost to Iron Workers. The below chart sets forth the hours I spent in connection with the Litigation:

| Personnel | Hours | Rate[2] | Total |
|---|---|---|---|
| William Andrew Kolfenbach, Jr. | 37.50 | $141.00 | $5,287.50 |

15.   In addition to the time I expended, Iron Workers also incurred $666.82 in expenses which breaks down as follows: (i) $100.00 paid to Global Relay Communications Inc. for email retrieval in connection with responding to Defendants' discovery requests; and (ii) $566.82 in charges related to travel to Kessler Topaz's offices in Radnor, Pennsylvania for my September 27, 2023 deposition.

16.   Accordingly, Iron Workers seeks reimbursement in the amount of $5,954.32 for the time and expenses incurred by Iron Workers in connection with its efforts on behalf of the Class in this Litigation.

---

[2]   The hourly rates used for purposes of this request are based on the annual compensation of the respective personnel who worked on this Litigation.

5

## V.    Conclusion

17.    In conclusion, Iron Workers was closely involved throughout the prosecution and settlement of the claims in the Litigation and strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents an excellent recovery for the Class. Iron Workers further supports Class Counsel's request for attorneys' fee and Litigation Expenses, in light of the work performed, the excellent recovery obtained for the Class, and the attendant litigation risks. And finally, Iron Workers requests reimbursement for its costs under the PSLRA as set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, this 18th day of September 2024.

William Andrew Kolfenbach, Jr.
*Administrator*
*Iron Workers District Council (Philadelphia and Vicinity)*
*Retirement and Pension Plan*

6