**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 4:21-cv-02045 |
| | District Judge Lee H. Rosenthal |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | |
| CABOT OIL & GAS CORPORATION, et al., | |
| Defendants. | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION, AND (2) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS <u>PURSUANT TO 15 U.S.C. §78u-4(a)(4)</u>**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ....................................................................................1

II.   THE CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT FOR
      APPROVAL OF THE MOTIONS .............................................................................3

      A.    The Class's Reaction to the Settlement Has Been Overwhelmingly
            Favorable...........................................................................................................3

      B.    The Class's Favorable Reaction Also Strongly Supports Approval of Class
            Counsel's Request for Attorneys' Fees and Expenses...............................................4

III.  CONCLUSION.........................................................................................................6

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AT&T Corp. Sec. Litig.*,
2005 WL 6716404 (D.N.J. Apr. 25, 2005) ...............................................................................4

*Burnett v. CallCore Media, Inc.*,
2024 WL 3166453 (S.D. Tex. June 25, 2024) ..........................................................................3

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
2017 WL 2481782 (N.D. Cal. June 8, 2017) ............................................................................4

*Celeste v. Intrusion Inc.*,
2022 WL 17736350 (E.D. Tex. Dec. 16, 2022) ........................................................................5

*Erica P. John Fund, Inc. v. Halliburton Co.*,
2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) ......................................................................3, 5

*Marcus v. J.C. Penney Co., Inc.*,
2017 WL 6590976 (E.D. Tex. Dec. 18, 2017), *R. & R. adopted*,
2018 WL 307024 (E.D. Tex. Jan. 4, 2018) ..............................................................................4

*Melby v. Am.'s MHT, Inc.*,
2018 WL 10399004 (N.D. Tex. June 22, 2018) .......................................................................3

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005) ....................................................................................................5

*Schwartz v. TXU Corp.*,
2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) ..........................................................................4

*Spegele v. USAA Life Ins. Co.*,
2021 WL 4935978 (W.D. Tex. Aug. 26, 2021) .....................................................................4, 5

Plaintiffs and Court-appointed Class Representatives Delaware County Employees Retirement System and Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan (together, "Plaintiffs"),[1] on behalf of themselves and the Court-certified Class, and Class Counsel respectfully submit this reply memorandum in further support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF 212); and (ii) Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 213) (together, the "Motions").

## I.    PRELIMINARY STATEMENT

As detailed in Plaintiffs' and Class Counsel's opening papers in support of the Motions filed on September 19, 2024 (ECFs 212-214) ("Opening Papers"), the proposed Settlement—providing for a $40,000,000 cash payment in exchange for the resolution of all claims asserted in the Litigation against Defendants—is fair, reasonable, and adequate under Rule 23(e)(2) and an excellent result for the Class. The Settlement accounts for the risks of continued prosecution of the Class's claims through the completion of expert discovery, summary judgment, trial, and the inevitable post-trial appeals. The Settlement is also the result of protracted arm's-length negotiations, including two mediation sessions (eleven months apart) before a highly experienced and respected mediator, and ultimately, the issuance of a mediator's proposal that the Litigation be resolved for the Settlement Amount. The Settlement Amount (after deduction of Court-approved fees and expenses) will be distributed fairly to Class Members pursuant to the Plan of Allocation developed in consultation with Plaintiffs' damages expert. Likewise, Class Counsel's

---

[1]    Capitalized terms not defined in this reply memorandum have the meanings set forth in the Stipulation of Settlement dated June 3, 2024 (ECF 207-2), or in the Joint Declaration of Darryl J. Alvarado and Andrew L. Zivitz dated September 19, 2024 (ECF 214).

request for a 30% fee[2] and payment of expenses is fair and reasonable considering the excellent result achieved for the Class, the magnitude and caliber of the work performed by Class Counsel, and the significant risks presented in the Litigation.

In accordance with the Court's June 27, 2024 Order Preliminarily Approving Settlement and Providing for Notice (ECF 211), the Court-appointed Claims Administrator, JND Legal Administration ("JND"), conducted an extensive notice campaign, including dissemination of over 200,000 notices to potential Class Members and Nominees, publishing a summary notice in *The Wall Street Journal* and transmitting the same over *PR Newswire*, and posting relevant information and documents related to the Settlement—including the Opening Papers—on the dedicated Settlement website: www.CabotOilSecuritiesLitigation.com.[3] Defendants also issued notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq*. *See* ECF 210. This comprehensive notice program has informed Class Members of the Settlement, the Plan of Allocation, and the requested fees and expenses, as well as their options in connection with the Settlement. *See, e.g.*, Initial Segura Decl., Exs. A-D.

Following this robust notice campaign, there have been __no__ objections to any aspect of the Settlement, including the Settlement Amount and terms, the Plan of Allocation, or Class Counsel's

---

[2]   If approved, a 30% fee will result in a fractional (or *negative*) multiplier of approximately 0.64 on Plaintiffs' Counsel's lodestar, meaning that Plaintiffs' Counsel will receive **less** than the value of their time spent working on the case. As set forth in the previously-filed Fee and Expense Memorandum, through September 10, 2024, Plaintiffs' Counsel devoted a total of 31,806 hours to the Litigation, resulting in a lodestar of $18,607,588.00. ECF 213 at 9. Since that date, Class Counsel have continued to expend time on the Litigation and, if the Settlement is approved, they will expend further time on the Litigation through the completion of the administration of the Settlement and distribution of the Net Settlement Fund.

[3]   *See* Supplemental Declaration of Luiggy Segura Regarding: (A) Continued Dissemination of Notice; (B) Update on Call Center Services and Website; and (C) Requests for Exclusion Received ("Supp. Segura Decl.") attached as Exhibit 1 hereto, ¶¶ 3, 5, as well as the previously-filed Declaration of Luiggy Segura dated September 19, 2024 (ECF 214-3) ("Initial Segura Decl.").

request for attorneys' fees and expenses. In addition, out of the tens of thousands of potential Class Members that received notice of the Settlement, **_just two_** potential Class Members—individuals with minimal, if any, financial interest in the Settlement proceeds—have requested exclusion, further underscoring the positive reaction of the Class. *See* Supp. Segura Decl., ¶ 7.[4]

## II.    THE CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT FOR APPROVAL OF THE MOTIONS

In their Opening Papers, Plaintiffs and Class Counsel demonstrated that the Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses are fair and reasonable and warrant the Court's approval. Now that the time for objecting or requesting exclusion has passed (on October 3, 2024), the Class's reaction also strongly supports approval of the Motions.

### A.    The Class's Reaction to the Settlement Has Been Overwhelmingly Favorable

The absence of any objections along with the small number of requests for exclusion from the Class clearly supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Burnett v. CallCore Media, Inc.*, 2024 WL 3166453, at *5 (S.D. Tex. June 25, 2024) ("A lack of objection from the class members supports the adequacy of the settlement.");[5] *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement."); *Melby v. Am.'s MHT, Inc.*, 2018 WL 10399004, at *11 (N.D. Tex. June 22, 2018) ("[O]ne indication of the fairness of a settlement is the lack of or small number of objections."). Indeed, courts regularly approve class action settlements despite receipt of numerous objections and requests for exclusion. *See,*

---

[4]    It is worth noting that neither request for exclusion provided enough information to determine whether the individuals are actually Class Members.

[5]    Unless otherwise noted, all internal quotation marks, citations, and other punctuation are omitted, and all emphasis is added.

3

*e.g.*, *Spegele v. USAA Life Ins. Co.*, 2021 WL 4935978, at *9 (W.D. Tex. Aug. 26, 2021) (finding, where four objections and 26 requests for exclusion were received, that these "very small number[s] … indicates the Settlement is well-received by absent class members, which supports approval"); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *22-23 (N.D. Tex. Nov. 8, 2005) (finding, where eight objections were received, that "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement").

Moreover, Plaintiffs are sophisticated institutional investors with a large financial stake in the claims, as are many other Class Members. The absence of any objections or requests for exclusion by these institutional investors provides particularly strong evidence of the Settlement's fairness. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of objections from institutions means "the inference that the class approves of the settlement is even stronger"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The overwhelmingly positive reaction of the Class also supports approval of the Plan of Allocation. *See, e.g.*, *Marcus v. J.C. Penney Co., Inc.*, 2017 WL 6590976, at *5 (E.D. Tex. Dec. 18, 2017) (approving plan of allocation where "[n]o objections have been filed by any class members to the plan of allocation"), *R. & R. adopted*, 2018 WL 307024, at *1 (E.D. Tex. Jan. 4, 2018); *Schwartz*, 2005 WL 3148350, at *24 (finding plan of allocation fair, reasonable, and adequate where, "there has only been one objection to the Plan of Allocation").

**B.    The Class's Favorable Reaction Also Strongly Supports Approval of Class Counsel's Request for Attorneys' Fees and Expenses**

The positive reaction of the Class should also be considered with respect to Class Counsel's motion for attorneys' fees and expenses. The absence of any objection to the requested attorneys'

4

fees and expenses strongly supports a finding that the requests are fair and reasonable. *See, e.g.*, *Halliburton*, 2018 WL 1942227, at \*12 (finding "lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award" and granting requested fee of 33-1/3% of the settlement fund); *Celeste v. Intrusion Inc.*, 2022 WL 17736350, at \*11 (E.D. Tex. Dec. 16, 2022) (finding that "the reasonableness of the fee award is supported further by the lack of any objection to the request" and granting requested fee of 33-1/3% of the settlement fund as "squarely in the accepted range" in the Fifth Circuit); *Spegele*, 2021 WL 4935978, at \*6 (finding that "only one object[ion] to the requested fee and expense award" out of over 110,000 potential class members "supports a finding that the Settlement is fair, reasonable, and adequate" and granting requested 30% fee).

And, as with the Settlement, the absence of any objections by institutional investors further confirms the reasonableness of Class Counsel's fee and expense request. Institutional investors are sophisticated and often have their own in-house legal departments and access to experienced outside lawyers. They know how to object to fee requests when appropriate. It is telling that none did so here. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request).

Accordingly, the favorable reaction of the Class provides strong support for the Settlement, the Plan of Allocation, and Class Counsel's request for attorneys' fees and expenses (including Plaintiffs' requests for reimbursement of their reasonable costs incurred in representing the Class in the Litigation), and this support warrants the Court's approval of the Motions.

## III.     CONCLUSION

For these reasons, and those set forth in their Opening Papers, Plaintiffs and Class Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses, including Plaintiffs' request for costs pursuant to 15 U.S.C. §78u-4(a)(4). Copies of: (i) the [Proposed] Final Judgment and Order of Dismissal With Prejudice; (ii) the [Proposed] Order Approving Plan of Allocation of Net Settlement Fund; and (iii) the [Proposed] Order Awarding Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) are submitted herewith.

Dated: October 17, 2024                    Respectfully submitted,

s/ Darryl J. Alvarado
ROBBINS GELLER RUDMAN
   & DOWD LLP
DARRYL J. ALVARADO
ELLEN GUSIKOFF STEWART
KEVIN A. LAVELLE
FRANCISCO J. MEJIA
JACK ABBEY GEPHART
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dalvarado@rgrdlaw.com
elleng@rgrdlaw.com
klavelle@rgrdlaw.com
fmejia@rgrdlaw.com
jgephart@rgrdlaw.com

Class Counsel

KESSLER TOPAZ MELTZER
   & CHECK, LLP
ANDREW L. ZIVITZ
JAMIE M. MCCALL
JOSHUA E. D'ANCONA
MAX JOHNSON
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706

6

610/667-7056 (fax)
azivitz@ktmc.com
jmccall@ktmc.com
jdancona@ktmc.com
mjohnson@ktmc.com

*Class Counsel*

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700, S.D. Texas Bar No. 30973, Attorney in Charge)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

*Local Counsel*

## CERTIFICATE OF SERVICE

I certify that on October 17, 2024, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

*s/ Darryl J. Alvarado*
Darryl J. Alvarado