## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CABOT OIL & GAS CORPORATION, et al., <br><br> Defendants. | Civil Action 4:21-cv-02045 <br><br> District Judge Lee H. Rosenthal <br><br> <u>CLASS ACTION</u> |

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

WHEREAS, by its Final Judgment and Order of Dismissal with Prejudice dated October 29, 2024 (ECF 219), and its Order Approving Plan of Allocation of Net Settlement Fund dated October 29, 2024 (ECF 218), this Court approved the terms of the settlement set forth in the Stipulation of Settlement dated June 3, 2024 (ECF 207-2) ("Stipulation" or "Settlement") and the proposed plan for allocating the net settlement proceeds to eligible Class Members (ECF 214-3, Ex. B, pp. 27-32) ("Plan of Allocation");

WHEREAS, this Court directed the Settling Parties to consummate the terms of the Settlement and Plan of Allocation;

WHEREAS, the Settlement provided for consideration of $40,000,000 in cash ("Settlement Amount") and, pursuant to the terms of the Stipulation, the Settlement Amount was deposited into an escrow account established by Class Counsel for the benefit of the Class;

WHEREAS, as set forth in the mailed Postcard Notice (ECF 214-3, Ex. A), the posted Notice of Pendency and Proposed Settlement of Class Action (ECF 214-3, Ex. B) ("Notice") and the published Summary Notice of Pendency and Proposed Settlement of Class Action (ECF 214-3, Exs. C & D), the deadline for Class Members to submit Claims to the Court-appointed claims administrator for the Settlement, JND Legal Administration ("JND"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed;

WHEREAS, in satisfaction of due process requirements, all Class Members who submitted Claims that were in any way ineligible or deficient were: (i) informed that their Claims were ineligible or deficient; and (ii) given opportunities to correct any curable deficiencies prior to their Claims being finally rejected, or to contest the determination as to such deficiencies, by requesting judicial review;

WHEREAS, the process of reviewing Claims has been completed; and

1

WHEREAS, Plaintiffs, through Class Counsel, now seek authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any Taxes, fees, and expenses previously approved by the Court or approved by this Order ("Net Settlement Fund").

NOW, THEREFORE, upon careful consideration of: (i) the Declaration of Luiggy Segura in Support of Plaintiffs' Motion for Approval of Distribution Plan submitted on behalf of JND ("Segura Declaration"); (ii) the Memorandum of Law in Support of Plaintiffs' Motion for Approval of Distribution Plan; and (iii) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and in the Segura Declaration; and it is further

ORDERED, that the administrative determinations of JND accepting the Claims described in the Segura Declaration and listed on Exhibits E and F thereto, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said Claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of JND rejecting the Claims described in the Segura Declaration and listed on Exhibit G thereto, including the Disputed Claims discussed in paragraphs 34-35 of the Segura Declaration and Exhibit D to the Segura Declaration, are hereby approved, and said Claims are hereby rejected; and it is further

ORDERED, that JND be paid from the Settlement Fund the sum of $118,079.13 for the balance of its fees and expenses incurred in connection with administering the Settlement (including broker/nominee charges) and its estimated fees and expenses to be incurred for work in connection with the Initial Distribution of the Net Settlement Fund, plus any monthly charges incurred from the filing of Plaintiffs' Motion for Approval of Distribution Plan through the entry of this Order; and it is further

2

ORDERED, that JND conduct the Initial Distribution of the Net Settlement Fund as set forth in the Segura Declaration; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits E and F to the Segura Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim Amount as compared to the total Recognized Claim Amounts of all Authorized Claimants as shown on such Exhibits; and it is further

ORDERED, that all checks to Authorized Claimants issued in the Initial Distribution shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY DATE 90 DAYS AFTER ISSUE DATE." Class Counsel and JND are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her, its, or their check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Settlement; and it is further

ORDERED, that, after making reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but not earlier than six (6) months after the Initial Distribution, JND will, if Class Counsel, in consultation with JND, determine that it is cost-effective to do so, conduct a second distribution of the funds remaining in the Net Settlement Fund ("Second Distribution"), including from Tax returns, uncashed checks, or otherwise, to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 in the Second Distribution based on their *pro rata* share of the remaining funds, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the costs for conducting the Second Distribution), and after deducting

3

any estimated Taxes, the costs of preparing appropriate Tax returns, and any escrow fees; and it is further

ORDERED, that JND may make additional distributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions if Class Counsel, in consultation with JND, determine additional distributions, after deducting any additional fees and expenses as described above, to be cost-effective; and it is further

ORDERED, that, at such time as Class Counsel, in consultation with JND, determine that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, any otherwise valid Claims received after August 5, 2025, or Claims adjusted after August 5, 2025, may be paid in accordance with ¶ 56(f) of the Segura Declaration; and it is further

ORDERED, that any balance that remains in the Net Settlement Fund after further distributions or payment of any otherwise valid Claims received after August 5, 2025, or Claims adjusted after August 5, 2025, in accordance with ¶ 56(f) of the Segura Declaration, which is not cost-effective to reallocate, will be contributed, after deducting any fees and expenses as described above, to the National Consumer Law Center; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Litigation, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are

4

barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that JND is hereby authorized to destroy paper copies of Claims and all supporting documentation one (1) year after the Second Distribution of the Net Settlement Fund, if that occurs, or, if there is no Second Distribution, two (2) years after the Initial Distribution and all electronic copies of the same one (1) year after all funds have been distributed; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Litigation.

IT IS SO ORDERED.

DATED: _____, 2025

_____
THE HONORABLE LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE

5