United States District Court
Southern District of Texas

**ENTERED**

October 16, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, | § § § | |
| | § | CIVIL ACTION NO. H-21-2045 |
| Plaintiff, | § | |
| v. | § § | |
| CABOT OIL & GAS CORPORATION, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

**ORDER APPROVING PROPOSED DISTRIBUTION PLAN**

In its Final Judgment and Order of Dismissal with Prejudice dated October 29, 2024, (Docket Entry No. 219), and its Order Approving of Plan Allocation of Net Settlement Fund dated October 29, 2024, (Docket Entry No. 218), this court approved the settlement terms set out in the Stipulation of Settlement dated June 3, 2024, (Docket Entry No. 207-2), and the proposed plan for allocating the net settlement proceeds to eligible Class Members (Docket Entry No. 214-3, Ex. B, at 27–32). The court directed the Settling Parties to implement the terms of the Settlement and Plan of Allocation.

The settlement provided for $40,000,000 in cash as the "Settlement Amount." Under the stipulation, the Settlement Amount was deposited into an escrow account established by Class Counsel for the benefit of the Class. As set forth in the mailed Postcard Notice, (Docket Entry No. 214-3, Ex. A), the posted Notice of Pendency and Proposed Settlement of Class Action, (*Id.*, Ex. B), and the published Summary Notice of Pendency and Proposed Settlement of Class (*Id.*, Exs. C & D), the deadline for Class Members to submit claims to the court-appointed claims

administrator for the Settlement, JND Legal Administration, in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed.

In satisfaction of due process requirements, all Class Members who submitted Claims that were ineligible or deficient were: (i) informed that their Claims were ineligible or deficient; and (ii) given opportunities to correct any curable deficiencies before their Claims were finally rejected, or to contest the determination as to such deficiencies, by requesting judicial review. The process of reviewing Claims has now been completed.

The Plaintiffs, through Class Counsel, seek authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deducting of any taxes, fees, and expenses previously approved by the court or approved by this Order, resulting in the "Net Settlement Fund." After careful consideration of: (i) the Declaration of Luiggy Segura in Support of the Plaintiffs' Motion for Approval of Distribution Plan submitted on behalf of JND (Segura Declaration); (ii) the Memorandum of Law in Support of the Plaintiffs' Motion for Approval of Distribution Plan; and (iii) the pleadings, motions, briefs, and other papers on file, the following orders are enforced.

The administrative determinations of JND accepting the Claims described in the Segura Declaration and listed on Exhibits E and F to that Declaration, calculated according to the court-approved Plan of Allocation set forth in the Notice, are approved, and the Claims are accepted.

The administrative determinations of JND rejecting the Claims described in the Segura Declaration and listed on Exhibit G, including the Disputed Claims discussed in paragraphs 34–35 of the Segura Declaration and Exhibit D to that Declaration, are approved, and these Claims are rejected.

2

JND will be paid from the Settlement Fund the sum of $118,079.13, which is the balance of its fees and expenses incurred in connection with administering the Settlement (including broker/nominee charges) and its estimated fees and expenses to be incurred for work in connection with the Initial Distribution of the Net Settlement Fund, plus any monthly charges incurred from the filing of the Plaintiffs' Motion for Approval of Distribution Plan through the entry of this Order.

JND will conduct the Initial Distribution of the Net Settlement Fund as set forth in the Segura Declaration. The Net Settlement Fund must be distributed to the Authorized Claimants listed on Exhibits E and F of the Segura Declaration, under the court-approved Plan of Allocation, in proportion to each Authorized Claimant's Recognized Claim Amount as compared to the total Recognized Claim Amounts of all Authorized Claimants as shown on these Exhibits.

The checks to Authorized Claimants issued in the Initial Distribution will bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY DATE 90 DAYS AFTER ISSUE DATE." Class Counsel and JND are authorized to take appropriate actions to locate or contact any Authorized Claimant who has not cashed his, her, its, or their check within that time. Authorized Claimants who do not cash their checks within this time will irrevocably forfeit all recovery from the Settlement.

After making reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but not earlier than six (6) months after the Initial Distribution, JND will, if Class Counsel, in consultation with JND, determine that it is cost-effective to do so, conduct a second distribution of the funds remaining the Net Settlement Fund ("Second Distribution"), including from tax returns, uncashed checks, or otherwise, to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 in the Second

3

Distribution based on their *pro rata* share of the remaining funds, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the costs for conducting the Second Distribution), and after deducting any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees.

JND may make additional distributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions if Class Counsel, in consultation with JND, determine additional distributions, after deducting any additional fees and expenses as described above, to be cost-effective.

If Class Counsel, in consultation with JND, determine that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, any otherwise valid Claims received after August 5, 2025, or Claims adjusted after August 5, 2025, may be paid in accordance with ¶ 56(f) of the Segura Declaration.

Any balance that remains in the Net Settlement Fund after further distributions or payment of any otherwise valid Claims received after August 5, 2025, or claims adjusted after August 5, 2025, in accordance with ¶ 56(f) of the Segura Declaration, which is not cost-effective to reallocate, will be contributed, after deducting any fees and expenses as described above, to the National Consumer Law Center.

The court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. The persons and entities involved in the review, verification, calculation, tabulation, or other aspects of the processing of the Claims submitted in connection with the Settlement of this Litigation, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net

Settlement Fund, are released and discharged from any and all claims arising out of this involvement. Under the release terms of the Settlement, all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released under the Settlement, beyond the amount allocated to them under this Order.

JND is authorized to destroy paper copies of Claims and supporting documentation one (1) year after the Second Distribution of the Net Settlement Fund, if that occurs, or, if there is no Second Distribution, two (2) years after the Initial Distribution, and authorized to destroy all electronic copies of the same one (1) year after all funds have been distributed. This court retains jurisdiction over any further matters that may arise in connection with this litigation.

SIGNED on October 16, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge